# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE** **2. PLEASE TYPE OR PRINT** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, Plaintiffs-Appellants<br>v.<br>Harvey Stenger, President of SUNY-Binghamton; Brian Rose, Vice President for Student Affairs of SUNY-Binghamton; John Pelletier, Chief of SUNY-Binghamton UPD, Defendants-Appellees | Northern District of New Yor | Elizabeth C. Coombe |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 07/16/2026 | District Court Docket No.: 3:20-cv-00822 |
| | Date the Notice of Appeal was Filed: 08/13/2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| **Attorney(s) for Appellant(s):** ☑ Plaintiff ☐ Defendant | See attached | | | | |
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☑ Defendant | See attached | | | | |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| Yes | 686 | None | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party ☐ Diversity | ☑ Final Decision ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) ☐ Other (specify): ________ | ☐ Interlocutory Decision Appealable As of Right ☐ Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [x] Pre-trial
- [x] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [x] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [x] Other (specify): Jury instruction

**3. Relief**

- [x] Damages:
  - [x] Sought: $ 37960.89
  - [ ] Granted: $ ______
  - [x] Denied: $ 37960.89
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [x] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): ____________
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): ________________
- [ ] Other (specify): ________________

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [x] Yes
- [ ] No

Will appeal raise a matter of first impression?

- [x] Yes
- [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: ______________________________ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [x] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [x] No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio

Date: 08/27/2026

Signature of Counsel of Record: s/ Chloe K. Jones

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**Counsel for Appellants**

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@adflegal.org

Tyson C. Langhofer
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
tlanghofer@adflegal.org

Chloe K. Jones
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE, Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
cjones@adflegal.org

Andrew C. Hruska
ahruska@kslaw.com
(212) 556-2278
Kyle P. Sheahen
ksheahen@kslaw.com
(212) 556-2234
John R. Leahey
jleahey@kslaw.com
(212) 827-4381
KING & SPALDING LLP
1290 Avenue of the Americas, 14th Floor
New York, NY 10104

Hamilton R. Craig
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
(202) 626-8976
hcraig@kslaw.com

**Counsel for Appellees**

Meghan M. Brown
Goldberg, Segalla Law Firm
665 Main St.
Buffalo, NY 14203
(716) 566-5400
mbrown@goldbergsegalla.com

Molly M. Ryan
Goldberg, Segalla Law Firm
5786 Widewaters Parkway
Syracuse, NY 13214
(315) 413-5401
mryan@goldbergsegalla.com

James M. Specyal
jspecyal@goldbergsegalla.com
(716) 844-3435
Meghan Brown
mbrown@goldbergsegalla.com
(716) 566-5400
Goldberg Segalla LLP
665 Main Street
Buffalo, NY 14203

*Counsel for John Pelletier*

Louis P. DiLorenzo
ldilorenzo@bsk.com
(646) 253-2300
Mallory A. Campbell
mcampbell@bsk.com
(646) 253-2339
Bond Schoeneck & King, PLLC - NYC
600 Third Ave. 22nd Floor
New York, NY 10016

*Counsel for Brian Rose*

Matthew J. Larkin
Barclay Damon LLP Syracuse Office
125 East Jefferson St.
Syracuse, NY 13202
(315) 425-2805
mlarkin@barclaydamon.com

David M. Fulvio
Barclay Damon LLP Rochester Office
100 Chestnut St.
Rochester, NY 14604
(585) 295-4432
dfulvio@barclaydamon.com

*Counsel for Harvey Stenger*

## Addendum A

### (1) Description of the nature of the action

This appeal is about university students silenced by the very officials sworn to protect their speech. Plaintiffs-Appellants Young America's Foundation, the Binghamton University College Republicans, and the College Republicans' president (collectively, "YAF") invited renowned economist Dr. Arthur Laffer to speak on campus. They never got to hear him.

The pattern was set days earlier. When three students tabled on campus to promote the lecture, others organized online to "f**k em up." Soon, roughly two hundred people swarmed the students—destroying their materials, threatening them, and even assaulting one female member. University Police were on the scene. They did not disperse the mob—instead, they told the College Republicans to leave and let the disruptors stay. Vice President Rose, who had come to the scene, then issued a University-wide statement blaming the victims: he told the campus that YAF "intended to be provocative." And while the University weighed discipline against the College Republicans for tabling without a reservation, it refused to touch the students who destroyed their property and assaulted a member—because charging the mobbers "would have escalated an already volatile situation."

That message told every would-be disruptor how the University would handle the lecture itself. After student groups began organizing online to execute a mass disruption, YAF asked Defendants to enforce their own free-speech policy and warn the disruption organizers off. Officials refused. Instead, Rose and other administrators provided the disruptors with an adjacent room to gather and organize; Chief of University Police Pelletier met Dr. Laffer at the airport and urged him to get back on the plane; and, when the disruption began on cue, officers stood by. Minutes in, the Chief ordered Dr. Laffer removed from the hall and let disruptors occupy the venue for another hour. Although the police identified ten participants for arrest, President Stenger ordered that no one be charged. The next day, the Student Association stripped the College Republicans of their recognized-organization status. And although Stenger and Rose had authority to override that retaliatory sanction, they chose not to.

YAF sued Stenger, Rose, and Pelletier under 42 U.S.C. § 1983 for violating its First and Fourteenth Amendment rights to free speech and equal protection, contending that a university may not surrender campus speech to the heckler's veto.

**(2) The result below**

At summary judgment, United States District Judge Lawrence Kahn granted President Stenger and Vice President Rose judgment on YAF's First Amendment claims, concluding that neither was sufficiently personally involved under *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020). The Free Speech and Equal Protection claims against Chief Pelletier proceeded to trial, with Judge Elizabeth Coombe presiding. At the charge conference, Judge Coombe refused YAF's requested instruction on Chief Pelletier's duty to take reasonable measures to stop a known, planned disruption he had the power to prevent. The jury returned a verdict for Chief Pelletier on both claims.

**(3) Copies of the Notice of Appeal and Current Lower Court Docket Sheet**

Attached are copies of the notice of appeal and current lower court docket sheet.

**(4) Copies of all Relevant Opinions/Orders Forming the Basis for this Appeal**

A copy of the district court's decisions and orders are attached.

## Addendum B

### List of Issues to be Raised on Appeal

This case involves at least two distinct legal questions:

1. As required under *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020) for § 1983 liability, were President Stenger and Vice President Rose "personally involved," through their own individual actions, in suppressing and retaliating against YAF's exercise of free speech?
2. Do University officials have a duty to take reasonable measures to prevent the disruption of protected speech when the officials (1) have prior notice of the intended disruption, (2) control the venue in which the speech is to occur, and (3) have both sufficient time and necessary resources to prevent the disruption?

### Applicable Standards of Review

This Court reviews de novo a district court's grant of summary judgment, "resolving all ambiguities and drawing all permissible inferences" in YAF's favor as the non-moving party. *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020). And this Court affirms a grant of summary judgment only when there are no genuine disputes concerning any material facts and when the moving party is entitled to judgment as a matter of law. *Id.*

Likewise, this Court reviews a challenged jury instruction de novo to determine whether it misstated the law or failed to convey the governing legal standard. *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 390 (2d Cir. 2006).

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **YOUNG AMERICA'S FOUNDATION; BINGHAMTON UNIVERSITY COLLEGE REPUBLICANS**; and **NICHOLAS APARICIO**, in his official capacity as President of the College Republicans of Binghamton University,<br><br>Plaintiffs,<br><br>v.<br><br>**HARVEY STENGER**, President of SUNY-Binghamton, in his official and individual capacities; **BRIAN ROSE**, Vice President for Student Affairs of SUNY-Binghamton, in his official and individual capacities; **JOHN PELLETIER**, Chief of SUNY-Binghamton UPD, in his official and individual capacities,<br><br>Defendants. | Case No. 3:20-cv-822 (ECC/CBF)<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Plaintiffs Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, hereby appeal to the United States Court of Appeals for the Second Circuit from the Memorandum-Decision and Order (ECF No. 352) entered in this matter on the 20th day of March, 2025, and from the Jury Instructions (ECF No. 468) entered in this matter on the 16th day of July, 2026, including the oral decision from the bench during the charge conference on the 16th day of July, 2026, that excluded Plaintiffs' proposed jury instructions (ECF No. 452) regarding Defendant John Pelletier's failure to take reasonable measures to prevent a disruption that burdened Plaintiffs' exercise of protected speech. No written order or docket entry was issued memorializing that ruling; accordingly, Plaintiffs identify it by the date on which it was made and the subject matter decided. A transcript of the ruling will be designated as part of the record on appeal pursuant to Federal Rule of Appellate Procedure 10(b).

Respectfully Submitted,

/s/ *Andrew Hruska*
Andrew C. Hruska
King & Spalding LLP
1290 Sixth Ave.
14th Floor
New York, NY 10104
Tel: +1 212 556 2100
ahruska@kslaw.com

*Attorney for Plaintiffs*

APPEAL,CLOSED

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.5)] (Binghamton)
# CIVIL DOCKET FOR CASE #: 3:20-cv-00822-ECC-CBF

Young America's Foundation et al v. Stenger et al
Assigned to: U.S. District Judge Elizabeth C. Coombe
Referred to: Magistrate Judge Carla B. Freedman
Cause: 42:1983 Civil Rights Act

Date Filed: 07/22/2020
Date Terminated: 07/16/2026
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Young America's Foundation** represented by

**Andrew Hruska**
King & Spalding
1290 Avenue of the Americas Fl 14
New York, NY 10104
212-556-2278
Email: ahruska@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Leahey**
King & Spalding
1290 Sixth Ave. 14th Floor
New York, NY 10104
212-827-4381
Email: jleahey@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Zales**
King & Spalding LLP
1290 Avenue of the Americas Fl 14
New York, NY 10104
212-827-4087
Email: jzales@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hamilton Reid Craig**
King & Spalding LLP
1700 Pennsylvania Ave NW
Ste 200
Washington, DC 20006
202-626-8976
Fax: 202-626-3737
Email: hcraig@kslaw.com

*ATTORNEY TO BE NOTICED*

**Jonathan A. Scruggs**
Alliance Defending Freedom - AZ Office
15100 N. 90th Street
Scottsdale, AZ 85260
480-444-0020
Email: JScruggs@adflegal.org
*ATTORNEY TO BE NOTICED*

**Kimberly Wade**
King, Spalding Law Firm - NY Office
1185 Avenue of the Americas
New York, NY 10036-4003
954-336-8012
Email: kwade@kslaw.com
*ATTORNEY TO BE NOTICED*

**Kyle J. Maury**
King & Spalding LLP
500 W 2nd Street - Suite 1800
Austin, TX 78701
512-457-2012
Fax: 512-457-2100
Email: kmaury@kslaw.com
*ATTORNEY TO BE NOTICED*

**Kyle P. Sheahen**
King & Spalding
1290 Avenue of the Americas - 13th Floor
New York, NY 10104
212-556-2234
Fax: 212-556-2222
Email: ksheahen@kslaw.com
*ATTORNEY TO BE NOTICED*

**Michael Ross**
Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, VA 20176
571-707-4655
Email: mross@adflegal.org
*TERMINATED: 08/19/2022*
*ATTORNEY TO BE NOTICED*

**Philip A. Sechler**
Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, VA 20176
571-707-4655
Email: psechler@adflegal.org
*ATTORNEY TO BE NOTICED*

**Steve Miller**

King, Spalding Law Firm - NY Office
1185 Avenue of the Americas
New York, NY 10036-4003
212-790-5363
Email: smiller@kslaw.com
*TERMINATED: 04/28/2026*

**Thomas J Scrivo**
King & Spalding
1290 Avenue of the Americas - 13th Floor
New York, NY 10104
212-556-2179
Fax: 212-556-2222
Email: tscrivo@kslaw.com
*ATTORNEY TO BE NOTICED*

**Tyson Charles Langhofer**
Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, VA 20176
571-707-4655
Fax: 202-347-3622
Email: tlanghofer@adflegal.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Binghamton University College Republicans** represented by

**Andrew Hruska**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Leahey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Zales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hamilton Reid Craig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan A. Scruggs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Wade**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle J. Maury**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle P. Sheahen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Ross**
(See above for address)
*TERMINATED: 08/19/2022*
*ATTORNEY TO BE NOTICED*

**Philip A. Sechler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas J Scrivo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyson Charles Langhofer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jon Lizak**
*President of the College Republicans of Binghamton University*
*TERMINATED: 03/23/2023*

represented by

**Andrew Hruska**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Zales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hamilton Reid Craig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan A. Scruggs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Ross**
(See above for address)
*TERMINATED: 08/19/2022*
*ATTORNEY TO BE NOTICED*

**Philip A. Sechler**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Steve Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyson Charles Langhofer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rein Bey**
*in her official capacity as President of the College Republicans of Binghamton University*
*TERMINATED: 03/20/2025*

represented by

**Andrew Hruska**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hamilton Reid Craig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph Zales**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Wade**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle J. Maury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip A. Sechler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas J Scrivo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyson Charles Langhofer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shane Rossi**
*in his official capacity as President of the College Republicans of Binghamton University*
*TERMINATED: 02/17/2026*

represented by

**John R. Leahey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Hruska**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle P. Sheahen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Victor Ostling**
*in his official capacity as President of the College Republicans of Binghamton University*
*TERMINATED: 05/21/2026*

represented by **Andrew Hruska**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Leahey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle P. Sheahen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicholas Aparicio**
*in his official capacity as President of the College Republicans of Binghamton University*

represented by **Andrew Hruska**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Leahey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle P. Sheahen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Mediator (Mandatory Program)**

**Stephen Helmer**
*TERMINATED: 08/25/2022*

represented by **Stephen T. Helmer**
Mackenzie Hughes LLP
Mackenzie Hughes Tower
440 South Warren Street, Suite 400
Syracuse, NY 13202-2601
315-233-8286
Email: shelmer@mackenziehughes.com
*TERMINATED: 08/25/2022*

V.

**Defendant**

| | | |
|---|---|---|
| **Harvey Stenger**<br>*President of SUNY-Binghamton, in his official and individual capacities*<br>*TERMINATED: 03/20/2025* | represented by | **Matthew J. Larkin**<br>Barclay Damon LLP - Syracuse Office<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, NY 13202<br>315-425-2805<br>Fax: 315-703-6247<br>Email: mlarkin@barclaydamon.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Amanda K. Kuryluk**<br>New York State Attorney General - Albany<br>The Capitol<br>Albany, NY 12224<br>518-776-2621<br>Email: Amanda.Kuryluk@ag.ny.gov<br>*TERMINATED: 01/25/2024*<br><br>**David M. Fulvio**<br>Barclay Damon LLP - Rochester Office<br>2000 Five Star Bank Plaza<br>100 Chestnut Street<br>Rochester, NY 14604-2072<br>585-295-4432<br>Email: dfulvio@barclaydamon.com<br>*ATTORNEY TO BE NOTICED*<br><br>**John F. Moore**<br>Office of Attorney General - Albany<br>State of New York<br>The Capitol<br>Albany, NY 12224<br>518-776-2293<br>Email: john.moore@ag.ny.gov<br>*TERMINATED: 01/25/2024*<br><br>**Nicholas Constantino**<br>Barclay Damon LLP - Syracuse Office<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, NY 13202<br>607-597-9526<br>Email: nconstantino@barclaydamon.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Brian Rose**<br>*Vice President for Student Affairs of SUNY-Binghamton, in his official and individual* | represented by | **Louis P. DiLorenzo**<br>Bond Schoeneck & King, PLLC - NYC Office |

*capacities*
*TERMINATED: 03/20/2025*

600 Third Avenue, 22nd Floor
New York, NY 10016
646-253-2300
Fax: 646-253-2301
Email: Dilorel@bsk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda K. Kuryluk**
(See above for address)
*TERMINATED: 01/29/2024*

**John F. Moore**
(See above for address)
*TERMINATED: 01/29/2024*

**Mallory A. Campbell**
Bond Schoeneck & King, PLLC - NYC Office
600 Third Avenue, 22nd Floor
New York, NY 10016
646-253-2339
Email: mcampbell@bsk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Pelletier**
*Chief of SUNY-Binghamton UPD, in his official and individual capacities*

represented by **Molly M. Ryan**
Goldberg, Segalla Law Firm - Syracuse Office
5786 Widewaters Parkway
Syracuse, NY 13214
315-413-5400
Fax: 315-413-5401
Email: mryan@goldbergsegalla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda K. Kuryluk**
(See above for address)
*TERMINATED: 01/24/2024*

**James M. Specyal**
Goldberg Segalla LLP
665 Main Street
Buffalo, NY 14203
716-844-3435
Fax: 716-566-5401
Email: jspecyal@goldbergsegalla.com
*ATTORNEY TO BE NOTICED*

**John F. Moore**
(See above for address)
*TERMINATED: 01/24/2024*

**Meghan Brown**
Goldberg Segalla, LLP
665 Main Street
Buffalo, NY 14203-1425
716-566-5400
Email: mbrown@goldbergsegalla.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **College Progressives**<br>*a student organization at SUNY-Binghamton*<br>*TERMINATED: 05/19/2023* | represented by | **Peter A. Orville**<br>Orville & McDonald Law, P.C.<br>30 Riverside Drive<br>Binghamton, NY 13905<br>607-770-1007<br>Email: peteropc@gmail.com<br>*TERMINATED: 05/19/2023*<br>*LEAD ATTORNEY* |

**Defendant**

**Progressive Leaders of Tomorrow ("PLOT")**
*TERMINATED: 03/23/2023*

**Defendant**

| | | |
|---|---|---|
| **Student Association of Binghamton University**<br>*TERMINATED: 01/21/2026* | represented by | **James S. Gleason**<br>Hinman Howard & Kattell, LLP - Binghamton Office<br>P.O. Box 5250<br>80 Exchange Street<br>700 Security Mutual Building<br>Binghamton, NY 13902-5250<br>607-723-5341<br>Fax: 607-723-6605<br>Email: jgleason@hhk.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Thomas A. Saitta**<br>Aswad, Ingraham Law Firm<br>46 Front Street<br>Binghamton, NY 13905<br>607-722-3495<br>Fax: 607-722-2566<br>Email: tom.saitta@ailaw.com<br>*TERMINATED: 05/20/2025*<br>*LEAD ATTORNEY*<br><br>**Jeffrey A. Jaketic**<br>Hinman Howard & Kattell, LLP - Binghamton Office<br>P.O. Box 5250<br>80 Exchange Street<br>700 Security Mutual Building<br>Binghamton, NY 13902-5250 |

607-723-5341
Fax: 607-723-6605
Email: jjaketic@hhk.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Aviva Friedman**
*TERMINATED: 05/03/2021*

represented by **Melissa Wischerath**
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue - Suite 120
Buffalo, NY 14202
716-849-1333
Email: mwischerath@lglaw.com
*TERMINATED: 01/29/2024*
*LEAD ATTORNEY*

**Rebecca Chapman**
The Civil Liberties Defense Center
1430 Willamette Street
#359
Eugene, OR 97401
917-848-6617
Email: Rchapman@cldc.org
*TERMINATED: 05/03/2021*
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2020 | 1 | VERIFIED COMPLAINT for Injunctive and Declaratory Relief, Monetary and Punitive Damages, and Attorneys' Fees and Costs with Jury Demand against College Progressives, John Pelletier, Progressive Leaders of Tomorrow ("PLOT"), Brian Rose, Harvey Stenger, Student Association of Binghamton University (Filing fee $400 receipt number ANYNDC-5180936) filed by Jon Lizak, Binghamton University College Republicans, Young America's Foundation. (Attachments: # 1 Civil Cover Sheet)(hmr, ) (Entered: 07/22/2020) |
| 07/22/2020 | 2 | Summonses Issued as to College Progressives, John Pelletier, Progressive Leaders of Tomorrow ("PLOT"), Brian Rose, Harvey Stenger, Student Association of Binghamton University. (Attachments: # 1 Summons Issued for Brian Rose, # 2 Summons Issued for John Pelletier, # 3 Summons Issued for College Progressives, # 4 Summons Issued for Progressive Leaders of Tomorrow ("PLOT"), # 5 Summons Issued for Student Association of Binghamton University)(hmr) (Entered: 07/22/2020) |
| 07/22/2020 | 3 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 10/21/2020 at 10:00 AM by telephone before Magistrate Judge Miroslav Lovric. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 10/14/2020. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) (hmr) (Entered: 07/22/2020) |
| 07/22/2020 | 4 | NOTICE of Admission Requirement as to Party Plaintiff; Attorney Tyson C. Langhofer, Email address is tlanghofer@ADFlegal.org. Phone number is 480-444-0020. Admissions due by 8/5/2020. [A copy of this notice was emailed to Attorney Langhofer on 7/22/2020.](hmr) (Entered: 07/22/2020) |

| | | |
|---|---|---|
| 07/22/2020 | 5 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by Young America's Foundation. (hmr) (Entered: 07/22/2020) |
| 07/22/2020 | 6 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by Binghamton University College Republicans.(hmr) (Entered: 07/22/2020) |
| 07/29/2020 | 7 | MOTION for Limited Admission Pro Hac Vice of Tyson Langhofer Filing fee $100, receipt number ANYNDC-5188042. filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Proposed Order/Judgment, # 2 Affidavit of Jonathan Scruggs, # 3 Petition for Admission, # 4 Attorney E-filing Registration Form, # 5 Oath on Admission, # 6 Certificate of Good Standing) Motions referred to Miroslav Lovric. (Scruggs, Jonathan) (Entered: 07/29/2020) |
| 08/04/2020 | 8 | ORDER granting 7 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Signed by Magistrate Judge Miroslav Lovric on 8/4/2020. (jdp ) (Entered: 08/04/2020) |
| 08/04/2020 | 9 | NOTICE of Appearance by Tyson Charles Langhofer on behalf of All Plaintiffs (Langhofer, Tyson) (Entered: 08/04/2020) |
| 09/09/2020 | 10 | AFFIDAVIT of Service for Summons, Complaint, General Order 25 etc. served on HARVEY STENGER, President of SUNY-Binghamton on 8/21/2020, filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Zales, Joseph) (Entered: 09/09/2020) |
| 09/09/2020 | 11 | AFFIDAVIT of Service for Summons, Complaint, General Order 25 etc. served on BRIAN ROSE, Vice President for Student Affairs of SUNY-Binghamton on 8/21/2020, filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Zales, Joseph) (Entered: 09/09/2020) |
| 09/09/2020 | 12 | AFFIDAVIT of Service for Summons, Complaint, General Order 25 etc. served on JOHN PELLETIER, Chief of SUNY-Binghamton UPD on 8/21/2020, filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Zales, Joseph) (Entered: 09/09/2020) |
| 09/09/2020 | 13 | CERTIFICATE OF SERVICE by Binghamton University College Republicans, Jon Lizak, Young America's Foundation *dated 9/8/20 by Steven L. Miller regarding service of the Summons, Complaint, General Order 25, etc. upon STUDENT ASSOCIATION OF BINGHAMTON UNIVERSITY and COLLEGE PROGRESSIVES via certified mail on consent* (Attachments: # 1 Exhibit A - Email from Jacob Eckhaus dated 8/27/20 consenting to service via certified mail as to Student Association of Binghamton and College Progressives, # 2 Exhibit B - Certified Mail Receipt No. 70150640000272975924, # 3 Exhibit C - USPS Tracking Confirmation for No. 70150640000272975924)(Zales, Joseph) (Entered: 09/09/2020) |
| 09/10/2020 | | ***Answer due date updated for John Pelletier answer due 9/11/2020; Brian Rose answer due 9/11/2020; Harvey Stenger answer due 9/11/2020. (hmr) (Entered: 09/10/2020) |
| 09/10/2020 | 14 | NOTICE of Appearance by John F. Moore on behalf of John Pelletier, Brian Rose, Harvey Stenger (Moore, John) (Entered: 09/10/2020) |

| | | |
|---|---|---|
| 09/10/2020 | 15 | Letter Motion from John F. Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting extension of time to respond to Complaint submitted to Judge Miroslav Lovric . (Moore, John) (Entered: 09/10/2020) |
| 09/11/2020 | 16 | TEXT ORDER: Letter Motion 15 is GRANTED. Defendants Harvey Stenger, Brian Rose, and John Pelletier shall file an Answer or otherwise respond to the Complaint by 10/16/2020. On or before 9/18/2020, Plaintiffs shall file a status report regarding the status of effectuating service on Defendant Progressive Leaders of Tomorrow ("PLOT"). All other schedules and deadlines remain in effect. SO ORDERED by Magistrate Judge Miroslav Lovric on 9/11/2020. (jdp ) (Entered: 09/11/2020) |
| 09/11/2020 | 17 | AFFIDAVIT of Service for Summons, Complaint, General Order 25 etc. served on Progressives Leaders of Tomorrow (PLOT) by serving Aviva Friedman on 9/5/2020, filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Zales, Joseph) (Entered: 09/11/2020) |
| 09/11/2020 | 18 | ANSWER to 1 Complaint,, by Student Association of Binghamton University.(Saitta, Thomas) (Entered: 09/11/2020) |
| 09/11/2020 | 19 | AFFIDAVIT re 18 Answer to Complaint by Student Association of Binghamton University. (Saitta, Thomas) (Entered: 09/11/2020) |
| 09/15/2020 | | ***Answer due date updated for Progressive Leaders of Tomorrow ("PLOT") answer due 9/28/2020. (hmr) (Entered: 09/15/2020) |
| 09/16/2020 | 20 | AFFIDAVIT of Service for Summons, Complaint, General Order 25 etc. served on Progressive Leaders of Tomorrow (PLOT) by serving Masai Andrews on 9/14/2020, filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Zales, Joseph) (Entered: 09/16/2020) |
| 09/18/2020 | 21 | STATUS REPORT *via Letter to Magistrate Judge Lovric from Andrew Hruska dated 9/18/2020 re service upon defendant PLOT* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Exhibit A - Email to PLOT dated 9/16/20, # 2 Exhibit B - Facebook read receipt, # 3 Exhibit C - Affidavit of Service for PLOT upon Aviva Friedman, # 4 Exhibit D - A. Friedman Facebook post, # 5 Exhibit E - Affidavit of Service for PLOT upon Masai Andrews, # 6 Exhibit F - Emaiil to Masai Andrews business address, # 7 Exhibit G - Press Connects article 9/21/19, # 8 Exhibit H - Roderick Douglas Facebook Page, # 9 Exhibit I - Roderick Douglas Twitter Page, # 10 Exhibit J - PLOT Press Release on Roderick Douglas Facebook page, # 11 Exhibit K - Request to donate to PLOT causes on Facebook, # 12 Exhibit L - Roderick Douglas Facebook Post that he was arrested, # 13 Exhibit M - Newspaper article reporting Masai Andrew's arrest 9/4/20, # 14 Exhibit N - Roderick Douglas Facebook post re 9/4/20 arrest)(Hruska, Andrew) (Entered: 09/18/2020) |
| 09/23/2020 | 22 | Letter Motion from Thomas A. Saitta, Esq. for Student Association of Binghamton University requesting Rescheduling Case Management Conference submitted to Judge Lovric . (Saitta, Thomas) (Entered: 09/23/2020) |
| 09/23/2020 | 23 | CERTIFICATE OF SERVICE by Student Association of Binghamton University re 22 Letter Motion from Thomas A. Saitta, Esq. for Student Association of Binghamton University requesting Rescheduling Case Management Conference submitted to Judge Lovric (Saitta, Thomas) (Entered: 09/23/2020) |
| 09/23/2020 | 24 | TEXT ORDER granting the 22 Letter Request. The deadline for the parties to hold their case management conference, pursuant to General Order No. 25(XI), is extended to 10/7/2020. The Rule 16 initial conference remains scheduled for 10/21/2020, and a civil |

| | | |
|---|---|---|
| | | case management plan must be filed by 10/14/2020. Signed by Magistrate Judge Miroslav Lovric on 9/23/2020. (amt) (Entered: 09/23/2020) |
| 10/09/2020 | 25 | ANSWER to 1 Complaint,, by College Progressives.(Orville, Peter) (Entered: 10/09/2020) |
| 10/12/2020 | 26 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting extension of mandatory disclosure due date submitted to Judge Miroslav Lovric . (Moore, John) (Entered: 10/12/2020) |
| 10/13/2020 | 27 | TEXT ORDER: According to the docket, Defendant Progressive Leaders of Tomorrows ("PLOT") time to answer or otherwise respond to the Complaint has expired. On or before 10/19/2020, Plaintiffs are directed to file either (1) a request for Clerks entry of default, or (2) a status report. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/13/2020.(jdp ) (Entered: 10/13/2020) |
| 10/13/2020 | 28 | TEXT ORDER: Letter Motion 26 is GRANTED. The Rule 16 initial conference currently scheduled for 10/21/2020, is re-scheduled for 11/6/2020 at 10:00 a.m., by telephone conference before Magistrate Judge Miroslav Lovric. The parties are directed to call 877-336-1839 and enter access number 5177238. The Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 10/30/2020. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/13/2020.(jdp ) (Entered: 10/13/2020) |
| 10/13/2020 | 29 | NOTICE of Appearance by Peter A. Orville on behalf of College Progressives (Orville, Peter) (Entered: 10/13/2020) |
| 10/15/2020 | 30 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting Extension of memorandum of law page limit for motion to dismiss submitted to Judge Lawrence E. Kahn . (Moore, John) (Entered: 10/15/2020) |
| 10/16/2020 | 31 | LETTER REQUEST & ORDER granting John F Moore, AAG 30 Request for John Pelletier, Brian Rose & Harvey Stenger for an Extension of memorandum of law page limit for motion to dismiss up to & including 28 pages. Signed by Senior Judge Lawrence E. Kahn on October 16, 2020. (sas) (Entered: 10/16/2020) |
| 10/16/2020 | 32 | MOTION to Dismiss for Failure to State a Claim Motion Hearing set for 12/18/2020 09:30 AM in Albany before Senior Judge Lawrence E. Kahn Response to Motion due by 12/1/2020 Reply to Response to Motion due by 12/7/2020. filed by John Pelletier, Brian Rose, Harvey Stenger. (Attachments: # 1 Declaration of John F. Moore, AAG, # 2 Memorandum of Law) (Moore, John) (Entered: 10/16/2020) |
| 10/19/2020 | 33 | TEXT ORDER: In light of the filing of Motion to Dismiss 32 , the Rule 16 initial conference currently scheduled for 11/6/2020, and all related deadlines, are STAYED without date. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/19/2020.(jdp ) (Entered: 10/19/2020) |
| 10/19/2020 | 34 | REQUEST FOR ENTRY OF DEFAULT as to Progressive Leaders of Tomorrow ("PLOT") re 20 Affidavit of Service, 17 Affidavit of Service, 21 Status Report,,,, by Jon Lizak, Binghamton University College Republicans, Young America's Foundation. (Attachments: # 1 Declaration of Andrew Hruska, Esq. in Support)(Hruska, Andrew) (Entered: 10/19/2020) |
| 10/20/2020 | 35 | Clerk's ENTRY OF DEFAULT as to Progressive Leaders of Tomorrow ("PLOT") re 34 Request for Entry of Default, (hmr) (Entered: 10/20/2020) |
| 10/21/2020 | 36 | TEXT ORDER: On October 20, 2020, the Clerks entry of default [35-1] was entered by the Clerk against Defendant: Progressive Leaders of Tomorrow, in this action. Should the Plaintiff choose to move for a default judgment, the appropriate motion pursuant to Rule |

| | | |
|---|---|---|
| | | 55(b) and Local Rule 55.2 must be made within thirty (30) days from the date of this entry of default. Plaintiff must attach a copy of the clerk's entry of default to his/her moving papers and is directed to serve a copy of the motion papers, via regular, mail upon defendants and file a certificate of service of same. In the alternative, Plaintiff is directed to file a status report within thirty (30) days from the date of this entry of default. Signed by Senior Judge Lawrence E. Kahn on October 21, 2020. (sas) (Entered: 10/21/2020) |
| 11/19/2020 | 37 | MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) Motion Hearing set for 1/15/2021 09:30 AM in Albany before Senior Judge Lawrence E. Kahn Response to Motion due by 12/29/2020 Reply to Response to Motion due by 1/4/2021. filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Motion for Default Judgment, # 2 Proposed Order for Default Judgment, # 3 Certificate of Service, # 4 Memorandum of Law in Support, # 5 Declaration in Support of Plaintiffs' Motion for Entry of Default Judgment, # 6 Exhibit 1 - Summary of YAF Expenses, # 7 Exhibit 2 - YAF Travel Expenses (redacted), # 8 Exhibit 3 - Speaker Expenses (redacted), # 9 Exhibit 4 - Security Expenses, # 10 Exhibit 5 - Event Security Expenses, # 11 Exhibit 6 - Schedule of Attorneys' Fees, # 12 Complaint, # 13 Clerk's Certificate of Default) (Hruska, Andrew) (Entered: 11/19/2020) |
| 11/20/2020 | 38 | CERTIFICATE OF SERVICE by Binghamton University College Republicans, Jon Lizak, Young America's Foundation re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) - *AMENDED CERTIFICATE OF SERVICE dated 11/20/20* (Hruska, Andrew) (Entered: 11/20/2020) |
| 12/01/2020 | 39 | TEXT NOTICE from the chambers of US District Judge, Lawrence E. Kahn: As a reminder, ALL of Judge Kahn's motions are considered on the submission of the papers, only. No personal appearances are required. No oral arguments will be entertained. (sas) (Entered: 12/01/2020) |
| 12/01/2020 | 40 | RESPONSE in Opposition re 32 MOTION to Dismiss for Failure to State a Claim filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 12/01/2020) |
| 12/07/2020 | 41 | REPLY to Response to Motion re 32 MOTION to Dismiss for Failure to State a Claim filed by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) (Entered: 12/07/2020) |
| 12/14/2020 | 42 | OBJECTION/Affidavit of Masai Andrews re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) filed by Progressive Leaders of Tomorrow ("PLOT"). (Attachments: # 1 Certificate of Service)(hmr) (Entered: 12/16/2020) |
| 12/16/2020 | 43 | OBJECTION/AFFIDAVIT of Aviva Friedman re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) filed by Progressive Leaders of Tomorrow ("PLOT"). (Attachments: # 1 Certificate of Service)(hmr) (Entered: 12/23/2020) |
| 01/04/2021 | 44 | REPLY to Response to Motion re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Exhibit A - Plaintiffs November 19, 2020 email to M. Andrews, # 2 Exhibit B - Supplemental Affidavit of Service of John Russell, # 3 Exhibit C - Facebook Post of Roderick Douglass of 6/19/20, # 4 Exhibit D - Facebook Post of Roderick Douglass of 11/21, # 5 Exhibit E - Pipe Dream Article dated 10/12/2018, # 6 Exhibit F - Declaration of Richard C. David, # 7 Exhibit G - Facebook Post of Roderick Douglass of 1/21/20, # 8 Exhibit H - Facebook Post of Roderick Douglass of 11/19/20, # 9 Exhibit I - Email of 9/21/20, # 10 Certificate of Service) (Hruska, Andrew) (Entered: 01/04/2021) |

| | | |
|---|---|---|
| 01/07/2021 | 45 | AFFIDAVIT re 44 Reply to Response to Motion,,, *affidavit of Thomas A. Saitta* by Student Association of Binghamton University. (Attachments: # 1 Affidavit Certificate of Service)(Saitta, Thomas) (Entered: 01/07/2021) |
| 01/08/2021 | 46 | TEXT NOTICE from the chambers of US District Judge, Lawrence E. Kahn: As a reminder, ALL of Judge Kahn's motions are considered on the submission of the papers, only. No personal appearances are required. No oral arguments will be entertained. (sas) (Entered: 01/08/2021) |
| 01/08/2021 | 47 | MOTION for Limited Admission Pro Hac Vice of Michael R. Ross Filing fee $100, receipt number ANYNDC-5375317. filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Proposed Order/Judgment Granting Motion for Limited Pro Hac Vice, # 2 Declaration of Sponsor, # 3 Attorney Registration Form, # 4 Petition for Admission to Practice, # 5 Certificate of Good Standing) Motions referred to Miroslav Lovric. (Scruggs, Jonathan) (Entered: 01/08/2021) |
| 01/08/2021 | 48 | ORDER granting 47 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Signed by Magistrate Judge Miroslav Lovric on 1/8/2021. (jdp, ) (Entered: 01/08/2021) |
| 01/13/2021 | 49 | LETTER with attachments by Aviva Friedman re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) filed Progressive Leaders of Tomorrow ("PLOT"). (hmr) (Entered: 01/13/2021) |
| 01/14/2021 | 50 | RESPONSE in Opposition filed by Masai Andrews re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT). (hmr) (Entered: 01/14/2021) |
| 02/11/2021 | 51 | MOTION to Dismiss Response to Motion due by 3/4/2021. Reply to Response to Motion due by 3/11/2021 filed by Progressive Leaders of Tomorrow ("PLOT") - submitted by Masai Andrews. (hmr) (Entered: 02/11/2021) |
| 02/15/2021 | 52 | AFFIDAVIT of Service for Summons, Complaint, and Documents Required by Local Rule 4.1(c) served on Aviva Friedman as to Progressive Leaders of Tomorrow ("PLOT") on February 6, 2021, filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Ross, Michael) Modified on 2/16/2021 (see, ). (Entered: 02/15/2021) |
| 02/15/2021 | 53 | AFFIDAVIT of Service for Summons, Complaint, and Documents Required by Local Rule 4.1(c) served on Masai Andrews as to Progressive Leaders of Tomorrow ("PLOT") on February 9, 2021, filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Ross, Michael) Modified on 2/16/2021 (see, ). (Entered: 02/15/2021) |
| 02/16/2021 | | CLERK'S CORRECTION OF DOCKET ENTRY re 52 Affidavit of Service, 53 Affidavit of Service. Counsel confirmed that Aviva Friedman and Masai Andrews are representatives of Progressive Leaders of Tomorrow ("PLOT"). Clerk noted in the entry the after the individuals served that they are as to Progressive Leaders of Tomorrow ("PLOT"). (see) (Entered: 02/16/2021) |
| 02/16/2021 | | ***Answer due date updated for Progressive Leaders of Tomorrow ("PLOT") answer due 3/2/2021. (see) (Entered: 02/16/2021) |

| | | |
|---|---|---|
| 03/01/2021 | 54 | Letter Motion from Aviva Friedman for Progressive Leaders of Tomorrow ("PLOT") requesting a 10 day extension to file an answer. The plaintiffs' attorney does not object. (hmr) (Entered: 03/01/2021) |
| 03/02/2021 | 55 | Letter Motion from Aviva Friedman stating that she is not a representative of Progressive Leaders of Tomorrow ("PLOT") & requesting Dismissal pursuant to FRCP 12(b)(5) re 54 Letter Motion from Aviva Friedman. (hmr) Modified on 3/16/2021 (sas). (Entered: 03/02/2021) |
| 03/03/2021 | 56 | TEXT ORDER: Letter Motion 54 filed by Aviva Friedman on behalf of Defendant Progressive Leaders of Tomorrow ("PLOT") is DENIED, without prejudice. A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another person. *See* 28 U.S.C. § 1654 (In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.); *United States ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) (Because [§1654] permits parties only to plead and conduct their own cases personally, we have held that an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause. That is, in order to proceed pro se, [a] person must be litigating an interest personal to him.). SO ORDERED by Magistrate Judge Miroslav Lovric on 3/3/2021. (Copy served on Aviva Friedman via regular mail)(jdp ) (Entered: 03/03/2021) |
| 03/04/2021 | 57 | RESPONSE in Opposition re 51 MOTION to Dismiss filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Ross, Michael) (Entered: 03/04/2021) |
| 03/10/2021 | 58 | Mail Returned as Undeliverable - Return to Sender - Attempted - Not Known - Unable to Forward - re: 56 Text Order, sent to Aviva Friedman Address sent to 68 Pine Street, Binghamton, NY 13901. (hmr) (Entered: 03/10/2021) |
| 03/16/2021 | 59 | RESPONSE in Opposition re 55 MOTION to Dismiss pursuant to FRCP 12(b)(5) *by Aviva Friedman* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Ross, Michael) Modified on 3/16/2021 (sas). (Entered: 03/16/2021) |
| 04/30/2021 | 60 | ***STRICKEN PURSUANT TO THE COURTS 61 ORDER **** MOTION for Leave to File filed by Aviva Friedman. Response to Motion due by 5/21/2021 (Attachments: # 1 Memorandum of Law in Opposition to Plaintiffs' Declaration of Effective Service on PLOT) Motions referred to Miroslav Lovric. (Chapman, Rebecca) Modified on 5/3/2021 (jdp, ). (Entered: 04/30/2021) |
| 05/03/2021 | 61 | TEXT ORDER: Motion 60 is STRICKEN from the docket and will not be considered by the Court. The Clerk is directed to terminate from the docket caption Amicus Aviva Friedman and also terminate Rebecca Chapman, Esq., who is attorney for non-party Aviva Friedman. Only a party or an attorney representing a party may file papers in this action. Aviva Friedman is neither a party in this action or an attorney. Rebecca Chapman, Esq. represents non-party Aviva Friedman and has not filed a notice of appearance representing any party in this action. Motion 60 , as filed by Aviva Friedman and Rebecca Chapman, Esq., attempts to represent the interests of and on behalf of Defendant Progressive Leaders of Tomorrow ("PLOT"). But Rebecca Chapman, Esq., does not represent "PLOT", has never filed a notice of appearance on behalf of "PLOT", and therefore cannot file anything on behalf of "PLOT". Aviva Friedman is not an attorney nor a party in this action. Friedman therefore cannot file anything on behalf of "PLOT". A person who is not an attorney may only represent himself in a pro se action; he may not represent another person. See, 28 U.S.C. § 1654 (In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of |

| | | |
|---|---|---|
| | | such courts, respectively, are permitted to manage and conduct causes therein.); United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2d Cir. 2008) (Because [§1654] permits parties only to plead and conduct their own cases personally, we have held that an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause. That is, in order to proceed pro se, [a] person must be litigating an interest personal to him.). SO ORDERED by Magistrate Judge Miroslav Lovric on 5/3/2021. (Copy served on Aviva Friedman via regular mail). (jdp ) (Entered: 05/03/2021) |
| 06/22/2021 | 62 | TEXT ORDER: The Court has received Defendants' and Plaintiffs' briefing. See Dkt. Nos. 32 ("Motion"); 40 ("Opposition"); and 41 ("Reply"). Since Defendants filed this Motion, the Second Circuit clarified the personal involvement standard in 42 U.S.C. § 1983 cases. See Tangreti v. Bachmann, 983 F.3d 609 (2d Cir. 2020). The Court orders Plaintiffs to submit a sur-reply by July 6, 2021, discussing how Tangreti applies to this case and whether Defendants Stenger, Rose, and Pelletier were personally involved in any of the events alleged in the Complaint. Defendants may submit a reply to Plaintiffs' Response by July 13, 2021. Signed by Senior Judge Lawrence E. Kahn on June 22, 2021. (sas) (Entered: 06/22/2021) |
| 07/06/2021 | 63 | RESPONSE in Opposition re 32 MOTION to Dismiss for Failure to State a Claim */ Sur-Reply to State Defendants' Motion to Dismiss filed pursuant to Docket Text Order Filed 6/22/21* filed by Binghamton University College Republicans, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 07/06/2021) |
| 07/13/2021 | 64 | REPLY to Response to Motion re 32 MOTION to Dismiss for Failure to State a Claim - *supplemental submission & response to sur-reply* filed by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) (Entered: 07/13/2021) |
| 07/14/2021 | 65 | Letter Motion from Andrew C. Hruska, Esq. for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting leave to file attached Plaintiffs' Response to State Defendants Reply re Zielinkski submitted to Judge Lawrence E. Kahn . (Attachments: # 1 Proposed Plaintiffs' Response to State Defendants Reply re Zielinkski, # 2 Certificate of Service)(Hruska, Andrew) (Entered: 07/14/2021) |
| 07/15/2021 | 66 | TEXT ORDER: The Court has received Plaintiffs' request for leave to file the proposed one-page response to the State Defendants' Reply. See Dkt. Nos. 65, 65-1. The Court GRANTS the request. SO ORDERED by Senior Judge Lawrence E. Kahn on 7/15/2021. (dpk) (Entered: 07/15/2021) |
| 07/15/2021 | 67 | RESPONSE to Motion re 32 MOTION to Dismiss for Failure to State a Claim - *Plaintiffs' Response to State Defendants' Reply re Zielinkski ( such filing permitted per Docket Text Order posted earlier today)* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 07/15/2021) |
| 07/27/2021 | 68 | TEXT ORDER: The Court has received Plaintiffs' motion for default judgment (Dkt. No. 37), Masai Andrews' motion to dismiss pursuant to rule 12(b)(5) (Dkt. No. 51), and Aviva Friedman's motion to dismiss pursuant to rule 12(b)(5) (Dkt. No. 55). All three motions deal with whether Andrews and Friedman were properly served. "Normally, a plaintiff has the burden of proving personal jurisdiction in a case where a defendant appears and contests such jurisdiction." "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 126 (2d Cir. 2008). "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [the court] presume[s] that [the defendant] was properly served with the complaint." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002) (citing Nyctl 1997-1 Tr. v. Nillas, 732 N.Y.S.2d 872, 873 (2d Dep't 2001)). "A defendant's sworn denial of receipt of service... rebuts the presumption of proper service established by the |

| | | |
|---|---|---|
| | | process server's affidavit and necessitates an evidentiary hearing." Id. "But no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." Id. at 58 (internal quotation marks omitted). The Court orders Plaintiffs to submit a sur-reply by August 10, 2021, discussing whether an evidentiary hearing is needed to determine whether Andrews and Friedman were properly served before Plaintiffs filed their motion for default judgment and the impact of Plaintiffs' February 2021 service of Andrews and Friedman in relation to the motion for default judgment, especially if the initial service was not proper. Andrews and Friedman may also submit a response to Plaintiffs' sur-reply by August 24, 2021. Signed by Senior Judge Lawrence E. Kahn on July 27, 2021. (Copy served via regular mail)(sas) (Entered: 07/27/2021) |
| 08/10/2021 | 69 | RESPONSE in Support re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) - *Plaintiffs' Sur-Reply Regarding Service directed to be filed per text Order dated 7/27/2021* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 08/10/2021) |
| 08/24/2021 | 70 | MEMORANDUM-DECISION AND ORDER. It is hereby ORDERED, that State Defendants' Motion to Dismiss under 12(b)(1) (Dkt. No. 32 ) against YAF is DENIED; and it is further ORDERED, that State Defendants' Motion to Dismiss under 12(b)(6) (Dkt. No. 32 ) is GRANTED in part and DENIED in part. The motion is GRANTED as to Plaintiffs' First Amendment and Equal Protection claims related to the tabling event against Stenger, Rose, and Pelletier in their individual capacities; Plaintiffs' First Amendment and Equal Protection claims related to the Laffer Event against Stenger and Rose in their individual capacities; Plaintiffs' First Amendment retaliation claims against Stenger and Rose in their individual capacities; and Plaintiffs' conspiracy claims. The motion is DENIED as to Plaintiffs' First Amendment and Equal Protection claims related to the tabling event and the Laffer Event against Stenger, Rose, and Pelletier in their official capacities; Plaintiffs' First Amendment and Equal Protection claims related to the Laffer Event against Pelletier in his individual capacity; and Plaintiffs' First Amendment retaliation claims against Stenger and Rose in their official capacities. Signed by Senior Judge Lawrence E. Kahn on 8/24/2021. (dpk) (Entered: 08/24/2021) |
| 08/24/2021 | 71 | RESPONSE to Plaintiff's Surreply re 37 MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) filed by Aviva Friedman. (Attachments: # 1 Declaration of Leora Friedman, # 2 Declaration of Margaret Reynolds, # 3 Declaration of Jay Friedman)(hmr) (Entered: 08/24/2021) |
| 09/09/2021 | 72 | MEMORANDUM-DECISION AND ORDERED, that the parties will conduct discovery for 45 days for the limited purpose as described in this Memorandum-Decision and Order. At the completion of the limited discovery period on October 24, 2021, the parties must submit a status report. ORDERED, that Plaintiffs Motion for Default Judgment (Dkt. No. 37) is DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW after limited discovery has been completed; and it is further ORDERED, that Musai Andrews Motion to Dismiss under 12(b)(5) (Dkt. No. 51) is DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW after limited discovery has been completed; and it is further ORDERED, that Aviva Friedmans Motion to Dismiss under 12(b)(5) (Dkt. No. 55) is DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW after limited discovery has been completed. Signed by Senior Judge Lawrence E. Kahn on September 09, 2021. (Copy served via regular mail on Aviva Friedman & Musai Andrews)(sas) (Entered: 09/09/2021) |
| 09/15/2021 | 73 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting Extension to 10/7/21 to Answer submitted to Judge Miroslav Lovric . (Moore, John) (Entered: 09/15/2021) |

| | | |
|---|---|---|
| 09/15/2021 | 74 | RESPONSE to Motion re 73 Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting Extension to 10/7/21 to Answer submitted to Judge Miroslav Lovric filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Zales, Joseph) (Entered: 09/15/2021) |
| 09/16/2021 | 75 | TEXT ORDER: Letter Motion 73 is GRANTED insofar as Defendants Harvey Stenger, Brian Rose, and John Pelletier shall file an Answer or otherwise respond to the Complaint by 10/7/2021. SO ORDERED by Magistrate Judge Miroslav Lovric on 9/16/2021. (jdp ) (Entered: 09/16/2021) |
| 09/21/2021 | 76 | MOTION to Quash Third-Party Subpoena by Masai Andrews. Motions referred to Miroslav Lovric. (hmr) (Entered: 09/24/2021) |
| 09/27/2021 | 77 | TEXT ORDER RE: Motion to Quash 76 , response to motion due by 10/4/2021. Authorized by Magistrate Judge Miroslav Lovric on 9/27/2021.(jdp ) (Entered: 09/27/2021) |
| 09/27/2021 | | Set Deadlines as to 76 MOTION to Quash. Response to Motion due by 10/4/2021 (jdp ) (Entered: 09/27/2021) |
| 09/29/2021 | 78 | NOTICE of Appearance by Steve Miller on behalf of Binghamton University College Republicans, Jon Lizak, Young America's Foundation (Miller, Steve) (Entered: 09/29/2021) |
| 09/29/2021 | 79 | RESPONSE in Opposition re 76 MOTION to Quash. */ Plaintiffs' Combined Memorandum of Law in Opposition to Masai Andrews' Motion to Quash and in Support Plaintiffs' Motion for an Order to Show Cause to Compel Masai Andrews* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Declaration of Steven L. Miller in Support of Plaintiffs' Combined Memorandum of Law in Opposition to Masai Andrews' Motion to Quash and in Support Plaintiffs' Motion for an Order to Show Cause to Compel Masai Andrews, # 2 Exhibit A - Subpoena for Documents to Masai Andfews, # 3 Exhibit B - Email correspondence between S. Miller and M. Andrews, # 4 Certificate of Service)(Zales, Joseph) (Entered: 09/29/2021) |
| 09/29/2021 | 80 | Letter Motion from Joseph Zales, Esq./ Proposed Order to Show Cause to Compel Masai Andrews for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting approvel of Order to Show Cause to Compel Masai Andrews submitted to Judge Lovric . (Attachments: # 1 Plaintiffs' Combined Memorandum of Law in Opposition to Masai Andrews' Motion to Quash and in Support Plaintiffs' Motion for an Order to Show Cause to Compel Masai Andrews, # 2 Declaration of Steven L. Miller in Support of Plaintiffs' Combined Memorandum of Law in Opposition to Masai Andrews' Motion to Quash and in Support Plaintiffs' Motion for an Order to Show Cause to Compel Masai Andrews, # 3 Exhibit A - Subpoena for Documents to Masai Andfews, # 4 Exhibit B - Email correspondence between S. Miller and M. Andrews, # 5 Certificate of Service)(Zales, Joseph) (Entered: 09/29/2021) |
| 09/30/2021 | 81 | CERTIFICATE OF SERVICE by Binghamton University College Republicans, Jon Lizak, Young America's Foundation re 79 Response in Opposition to Motion,,, 80 Letter Motion from Joseph Zales, Esq./ Proposed Order to Show Cause to Compel Masai Andrews for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting approvel of Order to Show Cause to Compel Masai - *Amended Certificate of Service* (Zales, Joseph) (Entered: 09/30/2021) |
| 10/04/2021 | 82 | TEXT ORDER: An IN PERSON Hearing is scheduled for 10/12/2021 at 2:30 p.m., in Binghamton, New York in connection to Motions [76, 80] and Response 79 . The parties |

| | | |
|---|---|---|
| | | shall appear and be prepared to address all issues contained therein. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/4/2021. (jdp ) (Entered: 10/04/2021) |
| 10/07/2021 | 83 | ANSWER to 1 Complaint,, by John Pelletier, Brian Rose, Harvey Stenger.(Moore, John) (Entered: 10/07/2021) |
| 10/07/2021 | 84 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting to be excused from atending 10/12/2021 motion to quash hearing submitted to Judge Miroslav Lovric . (Moore, John) (Entered: 10/07/2021) |
| 10/12/2021 | 85 | ORDER granting 84 Letter Request.. Signed by Magistrate Judge Miroslav Lovric on 10/12/2021. (jdp ) (Entered: 10/12/2021) |
| 10/12/2021 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an on the record in person Hearing was held on 10/12/2021 to address Motions [76, 80] and Response 79 . The Court heard arguments from non-party Masai Andrews and counsel for Plaintiffs. The Court rendered its decision and reasoning on the record. Motion to Quash Third-Party Subpoena 76 is DENIED. Motion for Order to Show Cause to Compel Masai Andrews 80 is DENIED as MOOT. Non-party Masai Andrews is directed to comply with the subpoenas served upon him on 9/15/2021 and 9/20/2021 by no later than 10/19/2021. Appearances: non-party Masai Andrews; J. Zales, Esq., S. Miller, Esq., for Plaintiffs; T. Saitta, Esq., for Student Association of Binghamton University. (Clerk served copy upon non-party Masai Andrews via regular mail) (jdp) (Entered: 10/14/2021) |
| 10/12/2021 | 87 | TEXT ORDER: For the reasons set forth on the record at the 10/12/2021 Hearing, the Motion to Quash Third-Party Subpoena 76 is DENIED. The Motion for Order to Show Cause to Compel Masai Andrews 80 is DENIED as MOOT. Non-party Masai Andrews is directed to comply with the subpoenas served upon him on 9/15/2021 and 9/20/2021 by no later than 10/19/2021. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/12/2021. (Clerk served copy upon Non-Party Masai Andrews via regular mail) (jdp ) (Entered: 10/14/2021) |
| 10/13/2021 | 86 | NOTICE of Appearance by Hamilton Reid Craig on behalf of Binghamton University College Republicans, Jon Lizak, Young America's Foundation (Craig, Hamilton) (Entered: 10/13/2021) |
| 10/14/2021 | 88 | Letter Motion from Andrew C. Hruska for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting brief telephonic conference to address 1) whether Ms. Friedman must produce an unaltered version of Exhibit C and 2) whether the anticipated assertion of privilege or arguments concerning the scope of Court authorized discovery is valid and prevents Plaintiffs from questioning Ms. Friedman regarding the appropriateness of Ms. Friedman, Mr. Andrews, or other individuals to receive service on behalf of PLOT by preventing questions concerning the identity of any PLOT members, the very information the Court has authorized Plaintiffs to discover. submitted to Judge Lovric . (Attachments: # 1 Exhibit A - Aviva Friedman Subpoena, # 2 Exhibit B - Aviva Friedman Response to Subpoena, # 3 Exhibit C - Aviva Friedman Response to Subpoena, # 4 Exhibit D - Aviva Friedman Objection made in email, # 5 Exhibit E - Email from Melissa D. Wischerath, counsel for Aviva Friedman, # 6 Certificate of Service)(Hruska, Andrew) (Entered: 10/14/2021) |
| 10/15/2021 | 89 | TEXT ORDER: Letter Motion 88 is GRANTED insofar and to the extent that a Hearing, via telephone conference, is scheduled for 10/18/2021 at 4:00 p.m. in connection to Motion 88 . Plaintiffs and attorney Wischerath, counsel for Aviva Friedman, shall appear on the conference call and be prepared to address all issues contained in motion 88 . SO ORDERED by Magistrate Judge Miroslav Lovric on 10/15/2021. (Plaintiffs shall serve a copy on attorney Wischerath) (jdp) (Entered: 10/15/2021) |

| | | |
|---|---|---|
| 10/15/2021 | 90 | NOTICE by Young America's Foundation *for Request for Court Transcript of October 12, 2021 Hearing* (Zales, Joseph) (Entered: 10/15/2021) |
| 10/15/2021 | 95 | ***STRICKEN PURSUANT TO THE COURTS 96 ORDER*** NON-PARTY Aviva Friedman's MOTION for Protective Order. Response to Motion due by 11/10/2021 Motions referred to Miroslav Lovric. (hmr) Modified on 10/21/2021 (jdp, ). (Entered: 10/20/2021) |
| 10/18/2021 | 91 | TRANSCRIPT of Proceedings: Motion Hearing held on 10/12/2021 before Judge Miroslav Lovric, Court Reporter/Transcriber: Ruth I. Lynch, Telephone number: 607-779-2612. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/8/2021. Redacted Transcript Deadline set for 11/18/2021. Release of Transcript Restriction set for 1/18/2022. Notice of Intent to Redact due by 10/25/2021 (Lynch, Ruth) (Entered: 10/18/2021) |
| 10/18/2021 | 92 | NOTICE of Appearance by Michael Ross on behalf of All Plaintiffs (Ross, Michael) (Entered: 10/18/2021) |
| 10/18/2021 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an on the record teleconference Hearing was held on 10/18/2021 to address Letter Motion 88 as filed by Plaintiffs. Plaintiffs and attorney M. Wischerath, Esq., counsel for Aviva Friedman, presented arguments concerning the issues raised in Motion 88 . After hearing arguments, the Court set forth its decision and reasoning on the record. Motion 88 is GRANTED insofar as set forth on the record at the Hearing. Appearances: J. Zales, Esq., S. Miller, Esq., H. Craig, Esq., A. Hruska, Esq., M.Ross, Esq., for Plaintiffs; M. Wischerath, Esq., for Aviva Friedman. (Plaintiffs shall serve a copy of this minute entry on attorney M. Wischerath) (jdp ) (Entered: 10/19/2021) |
| 10/18/2021 | 93 | TEXT ORDER: For the reasons set forth on the record at the 10/18/2021 Hearing, Letter Motion 88 is GRANTED insofar as (1) no later than 9:00 a.m. on 10/19/2021, Aviva Friedman shall provide to Plaintiffs an Unredacted and Unaltered version of Exhibit C which is also found at Dkt. No. 88-3; (2) Plaintiffs are authorized to question Aviva Friedman at the deposition as to the identity of persons who on behalf of PLOT may receive service of process and the identity of such PLOT persons. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/18/2021. (Plaintiffs shall serve a copy of this text order on attorney M. Wischerath) (jdp ) (Entered: 10/19/2021) |
| 10/19/2021 | 94 | NOTICE of Change of Address by Tyson Charles Langhofer Effective Date 10/19/2021 Old Address: 20116 Ashbrook Pl, Ste 250, Ashburn, VA 20147 New Address: 44180 Riverside Pkwy, Lansdowne, VA 20176 (Langhofer, Tyson) (Entered: 10/19/2021) |
| 10/21/2021 | 96 | TEXT ORDER: Motion 95 IS STRICKEN FROM THE DOCKET and will therefore not be considered by the Court. Aviva Friedman's MOTION for Protective Order 95 filed by Aviva Friedman is stricken from the docket. Aviva Friedman has counsel, that being, Melissa D. Wischerath, Esq., of the Buffalo office of Lipsitz Green Scime Cambria. In fact, Friedmans counsel, Melissa D. Wischerath, Esq., just recently appeared before this Court at a Hearing on 10/18/2021 representing Friedman as to a subpoena served upon |

| | | |
|---|---|---|
| | | Friedman. See Docket at Min. Entry of 10/18/2021 and Text Order 93 . Because Aviva Friedman has an attorney representing her in this matter before the Court, she may not file documents with the Court, but must do so through her counsel. See Fed. R. Civ. P. 11(a) (providing that papers submitted by represented party must be signed by the partys attorney); see also, 28 U.S.C. § 1654; United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989), cert. denied, 493 U.S. 1081 (1990); Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977), cert. denied, 435 U.S. 976 (1978); United States v. Cyphers, 556 F.2d 630, 634 (2d Cir.), cert. denied, 431 U.S. 972 (1977); cf. 28 U.S.C. § 1654. As a result, the Court will not consider Dkt. No. 95 which has been filed by Aviva Friedman and not Melissa D. Wischerath, Esq. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/21/2021. (Plaintiffs shall serve a copy of this text order on attorney M. Wischerath, Esq.) (jdp ) (Entered: 10/21/2021) |
| 10/22/2021 | 97 | Letter Motion from Andrew Hruska to the Honorable Miroslav Lovric regarding the Masai Andrews Deposition for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting Permission to take Andrews deposition in the Courts presence, as well as a written instruction from this Court directing Andrews to answer all questions from Plaintiffs about the identity of persons who may be proper agents of PLOT to receive service of process submitted to Judge Miroslav Lovric . (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 10/22/2021) |
| 10/25/2021 | 98 | TEXT ORDER: Letter Motion 97 is GRANTED insofar and to the extent that a Hearing, IN PERSON in Binghamton, New York, is scheduled for 10/27/2021 at 1:00 p.m. to address the issues set forth in Motion 97 . Plaintiffs and Masai Andrews shall appear in person at the Hearing on 10/27/2021. Plaintiffs are directed to serve a copy of this Text Order upon Masai Andrews and file an affidavit of service on CM/ECF. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/25/2021. (jdp ) (Entered: 10/25/2021) |
| 10/25/2021 | 99 | LETTER dated 10/25/2021 from non-party Masai Andrews. (hmr) (Entered: 10/25/2021) |
| 10/25/2021 | 100 | STATUS REPORT *pursuant to the Courts September 9, 2021 Order regarding Plaintiffs' authorized discovery efforts to 1) confirm if Aviva Friedman or Masai Andrews are the proper agents of PLOT for the purposes of service and 2) confirm other individuals who are proper agents of PLOT, if necessary* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Exhibit A - Oct. 18, 2021 Abdelazim Deposition, # 2 Exhibit B - Oct. 18, 2021 Andrews Deposition Transcript, # 3 Exhibit C - Text message re Laffer event, # 4 Exhibit D - Social media post from Roderick Douglass re Laffer Event, # 5 Exhibit E - Roderick Douglas Facebook Post, # 6 Exhibit F - January 31, 2019 article from Pipe Dream, a SUNY-Binghamton student newspaper,, # 7 Exhibit G - September 5, 2019 article by Justice and Unity for the Southern Tier with Andrews picture, # 8 Exhibit H - BUPD Incident Report, # 9 Exhibit I - Andrews' Response to document subpoena, # 10 Exhibit J -Email regarding plaintiffs' attempt to compel Pelletier, # 11 Exhibit K - Salka Valerio Facebook Post re PLOT, # 12 Exhibit L - News article from 6/5/20 describing Shanel Boyce as PLOT organizer, # 13 Exhibit M - Other news articles Shanel Boyce as PLOT leader, # 14 Certificate of Service)(Hruska, Andrew) (Entered: 10/25/2021) |
| 10/27/2021 | 101 | CERTIFICATE OF SERVICE by Binghamton University College Republicans, Jon Lizak, Young America's Foundation re 98 Order on Letter Request, - *Certificate of Attempted Service Upon Masai Andrews of Electronic Docket Text Order (ECF Doc. 98)* (Attachments: # 1 Affidavits of Attempts of Personal Service upon Masai Andrews) (Zales, Joseph) (Entered: 10/27/2021) |
| 10/27/2021 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an on the record In Person Hearing was held on 10/27/2021 to address Plaintiffs Letter Motion 97 and Letter 99 as filed by Masai Andrews. After hearing arguments, the Court set forth its |

| | | |
|---|---|---|
| | | decision and reasoning on the record. Letter Motion 97 is GRANTED in part and DENIED in part, as set forth on the record at the Hearing. Appearances: A.Hruska, Esq., S. Miller, Esq., for Plaintiffs; M. Andrews. (a copy was served on Masai Andrews via regular mail) (jdp) (Entered: 10/28/2021) |
| 10/27/2021 | 102 | TEXT ORDER: For the reasons set forth on the record at the 10/27/2021 Hearing, Letter Motion 97 is GRANTED insofar as (1) Masai Andrews shall appear at the continuation of his deposition, (2) Plaintiffs are authorized to question Masai Andrews at the deposition as to the identity of persons associated with PLOT, who on behalf of PLOT may receive service of process, and the identity of such PLOT persons, (3) Masai Andrews shall answer questions as to the identity of persons associated with PLOT, who on behalf of PLOT may receive service of process, and the identity of such PLOT persons, and (4) the Court will be available via telephone if any further issues develop during the course of the continuation of deposition of Masai Andrews. Letter Motion 97 is DENIED as to Plaintiffs request that the continuation of deposition of Masai Andrews be conducted in the presence of and supervision of the Court. SO ORDERED by Magistrate Judge Miroslav Lovric on 10/27/2021. (a copy was served on Masai Andrews via regular mail) (jdp ) (Entered: 10/28/2021) |
| 11/01/2021 | 103 | Letter Motion from Andrew C. Hruska, Esq. for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting an Order directing Defendant Pelletier to submit the bulletin identifying Masai Andrews as a leader/organizer within the local PLOT organization described above for in-camera review and Supplemental Status Report submitted to Judge Lawrence E. Kahn . (Attachments: # 1 Exhibit A - Defendant Pelletiers Supplemental Response, # 2 Certificate of Service)(Hruska, Andrew) (Entered: 11/01/2021) |
| 11/01/2021 | 104 | TEXT ORDER: The Court has received Plaintiffs' request for an order directing Defendant Pelletier to submit for in-camera review a bulletin produced by the Southern Tier Crime Analysis Center dated May 30, 2020. Dkt. No. 103 ("Request"). Plaintiffs further request that the Court review the bulletin and issue an order that Mr. Masai Andrews is authorized to accept service on behalf of Defendant Progressive Leaders of Tomorrow, or, in the alternative, an order requiring Defendant Pelletier to provide the bulletin to Plaintiffs. Id. Defendants must respond to Plaintiffs' Request by November 8, 2021. Signed by Senior Judge Lawrence E. Kahn on November 01, 2021. (sas) (Entered: 11/01/2021) |
| 11/03/2021 | 105 | MOTION for Protective Order *Non-Party* filed by Aviva Friedman. Response to Motion due by 11/24/2021 (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Certificate of Service) Motions referred to Miroslav Lovric. (Wischerath, Melissa) (Entered: 11/03/2021) |
| 11/03/2021 | 106 | NOTICE of Appearance by Melissa Wischerath on behalf of Aviva Friedman (Wischerath, Melissa) (Entered: 11/03/2021) |
| 11/05/2021 | 107 | RESPONSE in Opposition re 105 MOTION for Protective Order *Non-Party* filed by Aviva Friedman. filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 11/05/2021) |
| 11/08/2021 | 108 | TEXT ORDER: In light of the filing of Motion 105 and Response 107 , a Hearing, IN PERSON in Binghamton, New York, is scheduled for 11/12/2021 at 1:00 p.m. Plaintiffs and Aviva Friedman shall appear in person. No later than 11/11/2021, Aviva Friedman shall file a response to Plaintiffs 107 motion seeking sanctions against Aviva Friedman. SO ORDERED by Magistrate Judge Miroslav Lovric on 11/8/2021.(jdp ) (Entered: 11/08/2021) |

| | | |
|---|---|---|
| 11/08/2021 | 109 | RESPONSE TO LETTER BRIEF filed by John Pelletier, Brian Rose, Harvey Stenger as to 103 Letter Request/Motion,, filed by Jon Lizak, Young America's Foundation, Binghamton University College Republicans, 104 Order,, . (Moore, John) (Entered: 11/08/2021) |
| 11/08/2021 | 110 | TRANSCRIPT REQUEST by Aviva Friedman for proceedings held on 10/18/2021 before Judge Lovric.. (Wischerath, Melissa) (Entered: 11/08/2021) |
| 11/09/2021 | 111 | TEXT ORDER: The Court has received Defendants' response to Plaintiffs' request for an order directing Defendant Pelletier to submit for in-camera review a bulletin produced by the Southern Tier Crime Analysis Center dated May 30, 2020. Dkt. Nos. 103 ("Request"), 109 ("Response"). Plaintiffs must reply to Defendants' Response by November 15, 2021 Signed by Senior Judge Lawrence E. Kahn on November 09, 2021. (sas) (Entered: 11/09/2021) |
| 11/09/2021 | 112 | TRANSCRIPT REQUEST by Binghamton University College Republicans, Jon Lizak, Young America's Foundation for proceedings held on 10/18/2021 before Judge Lovric.. (Zales, Joseph) (Entered: 11/09/2021) |
| 11/09/2021 | 113 | REPLY to Response to Motion re 103 Letter Motion from Andrew C. Hruska, Esq. for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting an Order directing Defendant Pelletier to submit the bulletin identifying Masai Andrews as a leade *109* , *111* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Main Document 113 replaced on 11/10/2021) (sas, ). (Entered: 11/09/2021) |
| 11/10/2021 | 114 | MOTION Appearance by phone or video for 11/12/21 Motion re 105 MOTION for Protective Order *Non-Party* filed by Aviva Friedman. filed by Aviva Friedman. Response to Motion due by 12/1/2021 Motions referred to Miroslav Lovric. (Wischerath, Melissa) (Entered: 11/10/2021) |
| 11/10/2021 | 115 | TEXT ORDER: Letter Motion 114 is DENIED. The Hearing scheduled for 11/12/2021 at 1:00 p.m. will be conducted IN PERSON in Binghamton, New York. SO ORDERED by Magistrate Judge Miroslav Lovric on 11/10/2021. (jdp ) (Entered: 11/10/2021) |
| 11/10/2021 | 116 | TEXT ORDER: The Court has received Plaintiffs' request for an order directing Defendant Pelletier to submit for in-camera review a bulletin produced by the Southern Tier Crime Analysis Center dated May 30, 2020. Dkt. No. 103 ("Request"). Defendant Pelletier has no objection to the Request "with the understanding that they are marked as confidential, that the information within is entirely hearsay, and that Defendant Pelletier has no personal knowledge as to the accuracy." See Dkt. No. 109 ("Response") at 2. At this time, the Court will grant Plaintiffs' request for an in-camera review of the documents. Thus, Defendant is required to submit the documents to the Court by November 17, 2021. Additionally, on November 17, 2021, Defendant is required to submit a response to Plaintiffs' reply on whether there is "no basis upon which Defendant Pelletier may withhold the documents in question, and Plaintiffs are entitled to their production." See Dkt. No. 113 ("Reply") at 1. Signed by Senior Judge Lawrence E. Kahn on November 10, 2021. (sas) (Entered: 11/10/2021) |
| 11/10/2021 | 117 | TRANSCRIPT of Proceedings: Telephone Conference held on 10/18/2021 before Judge Miroslav Lovric, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of |

| | | |
|---|---|---|
| | | personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/1/2021. Redacted Transcript Deadline set for 12/13/2021. Release of Transcript Restriction set for 2/8/2022. Notice of Intent to Redact due by 11/15/2021 (jlh, ) (Entered: 11/10/2021) |
| 11/11/2021 | 118 | ***STRICKEN***RESPONSE in Support re 105 MOTION for Protective Order *Non-Party* filed by Aviva Friedman. filed by Aviva Friedman. (Attachments: # 1 Exhibit(s) Transcript of 10/18/21 hearing with Court, # 2 Declaration in support of non-party Friedman's motion for protective order, # 3 Certificate of Service)(Wischerath, Melissa) Modified on 11/15/2021 PER 121 Text Order to Strike (sas). (Entered: 11/11/2021) |
| 11/12/2021 | 119 | TRANSCRIPT REQUEST by Binghamton University College Republicans, Jon Lizak, Young America's Foundation for proceedings held on November 12, 2021 before Judge Lovric.. (Zales, Joseph) (Entered: 11/12/2021) |
| 11/12/2021 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an on the record In Person Hearing was held on 11/12/2021 to address Motion 105 , seeking a Protective Order by non-party Aviva Friedman, and Motion 107 , Plaintiffs seeking Sanctions against non-party Aviva Friedman. Plaintiffs and attorney M. Wischerath, Esq., counsel for non-party Aviva Friedman, presented arguments concerning the issues raised in Motions [105, 107]. After hearing arguments, the Court set forth its decisions and detailed reasoning on the record. Motions [105, 107] are DENIED, insofar as and as specifically set forth on the record at the Hearing. Appearances: J. Zales, Esq., for Plaintiffs; M. Wischerath, Esq., for non-party Aviva Friedman. (FTR 12:55PM - 2:30PM) (jdp, ) (Entered: 11/15/2021) |
| 11/12/2021 | 122 | TEXT ORDER: For the reasons set forth specifically on the record at the 11/12/2021 Hearing, Motion 105 , seeking a Protective Order by non-party Aviva Friedman, and Motion 107 , Plaintiffs seeking Sanctions against non-party Aviva Friedman, are DENIED, as specifically set forth on the record. Non-party Aviva Friedman shall comply by 11/19/2021 with subpoena served upon her as dated September 15, 2021. Non-party Aviva Friedman shall appear for deposition on 11/19/2021 and (1) Plaintiffs are authorized to question non-party Aviva Friedman at the deposition as to the identity of any persons associated with PLOT, who on behalf of PLOT may receive service of process, and the identity of all PLOT persons, (2) non-party Aviva Friedman shall answer questions as to the identity of persons associated with PLOT, who on behalf of PLOT may receive service of process, and the identity of all PLOT persons, (3) the Court will be available via telephone if any further issues develop during the course of the deposition of non-party Aviva Friedman, and the Court may be reached by calling Courtroom Deputy Jennifer Painter at 607-779-2623. SO ORDERED by Magistrate Judge Miroslav Lovric on 11/12/2021. (jdp ) (Entered: 11/15/2021) |
| 11/15/2021 | 120 | TRANSCRIPT REQUEST by Aviva Friedman for proceedings held on 11/12/2021 before Judge Lovric.. (Wischerath, Melissa) (Main Document 120 replaced on 11/16/2021) (hmr, ). (Entered: 11/15/2021) |
| 11/15/2021 | 121 | TEXT ORDER: The Court has received non-party Aviva Friedman's motion for protective order. See Dkt. No. 105 ("Motion"). Additionally, the Court has received Friedman's response in support of the Motion. See Dkt. No. 118 ("Response"). It is well settled that motions for a protective order are non-dispositive. See Ergas v. Eastpoint Recovery Grp., Inc., No. 20-CV-333SK(F), 2021 WL 1711321, at *1 n.1 (W.D.N.Y. Apr. 30, 2021) (citing Caidor v. Onondaga County, 517 F.3d 601, 602-03 (2d Cir. 2008)). Under the Local Rules, reply papers are not permitted without the Court's prior permission for non- |

| | | |
|---|---|---|
| | | dispositive motions. L.R. 7.1(a)(2). In this case, the Response functions as a reply, and non-party Friedman has not received the Court's prior permission to file the Response. As a result, the Response shall be stricken from the docket, and it will not be considered by the Court at this time. Signed by Senior Judge Lawrence E. Kahn on November 15, 2021. (sas) (Entered: 11/15/2021) |
| 11/16/2021 | | CLERK'S CORRECTION OF DOCKET ENTRY re 120 Transcript Request: Clerk replaced this document with a signed version, since the original document that was filed was not signed. (hmr) (Entered: 11/16/2021) |
| 11/16/2021 | 123 | TRANSCRIPT of Proceedings: In Person Hearing held on 11/12/2021 before Judge Lovric, Court Reporter/Transcriber: R. Lynch, Telephone number: 607-779-2612. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/7/2021. Redacted Transcript Deadline set for 12/17/2021. Release of Transcript Restriction set for 2/14/2022. Notice of Intent to Redact due by 11/22/2021 (amt) (Entered: 11/17/2021) |
| 11/17/2021 | 124 | RESPONSE in Opposition re 103 Letter Motion from Andrew C. Hruska, Esq. for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting an Order directing Defendant Pelletier to submit the bulletin identifying Masai Andrews as a leade - *response to Dkt. 113* filed by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) (Entered: 11/17/2021) |
| 11/19/2021 | 125 | DECISION AND ORDER. It is hereby ORDERED, that Plaintiffs' Request (Dkt. No. 103 ) is GRANTED in part. Plaintiffs' request for the bulletin identifying Mr. Andrews as a leader/organizer within the local PLOT organization subject to the temporary protective order is GRANTED, but Plaintiffs' request to hold that Masai Andrews is authorized to accept service on PLOT's behalf is DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW after Plaintiffs submit their updated status report by December 7, 2021; and it is further ORDERED, Defendants must produce the documents in question by November 30, 2021 subject to the temporary protective order, and file a motion for a protective order with the magistrate judge by December 7, 2021. Signed by Senior Judge Lawrence E. Kahn on 11/19/2021. (dpk) (Entered: 11/19/2021) |
| 12/01/2021 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an on the record telephone conference was held on 11/30/2021. The Court received a telephone call from the participants engaged in a deposition on 11/30/2021 regarding a dispute that arose at that ongoing deposition. During the continued deposition of Masai Andrews, Andrews objected to answering certain questions posed by Plaintiffs to Andrews at the deposition proceeding. After hearing from Plaintiffs and Masai Andrews, the Court directed Masai Andrews to answer the questions posed by Plaintiffs. Appearances: S. Miller, Esq., for Plaintiffs; M. Andrews; J. Moore, Assistant Attorney General, for Defendants Stenger, Rose, and Pelletier; and Annette Lainson, Court Reporter. (a copy was served on Masai Andrews via regular mail) (jdp ) (Entered: 12/01/2021) |
| 12/07/2021 | 126 | MOTION for Protective Order filed by John Pelletier, Brian Rose, Harvey Stenger. Response to Motion due by 12/28/2021 (Attachments: # 1 Declaration of John F. Moore, |

| | | |
|---|---|---|
| | | AAG, # 2 Exhibit(s) 1, # 3 Exhibit(s) 2, # 4 Declaration of Defendant John Pelletier, # 5 Exhibit(s) A (redacted and provided to the Court via e-mail), # 6 Memorandum of Law) Motions referred to Miroslav Lovric. (Moore, John) (Entered: 12/07/2021) |
| 12/07/2021 | 127 | STATUS REPORT - *Plaintiffs' Updated Status Report filed pursuant to Order filed 11/19/21 (ECF Doc. 125)* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Exhibit A - Filed Under Seal, # 2 Exhibit B - Roderick Douglas Facebook 5/30/20 Post, # 3 Exhibit C - Oct. 18, 2021 Abdelazim Deposition, # 4 Exhibit D - Daily Star Article 8/15/20, # 5 Exhibit E - Nov. 30, 2021 Andrews Deposition Tr., # 6 Exhibit F - Nov. 6 Roderick Douglas Facebook Post, # 7 Exhibit G - Rod Erick 12/2 Facebook Post, # 8 Exhibit H - Roderick Strugglass, Rod Erick, and Rick Glass. Facebook pages, # 9 Exhibit I - Roderick Douglas 10/12/20Post, # 10 Exhibit J - Video recorded 11/7/ 2020, # 11 Exhibit K - Nov. 19, 2021 Friedman Deposition Tr., # 12 Exhibit L - Aviva Friedman Facebook Post dated 10/19/19, # 13 Exhibit M - 10/12/21 Hearing Transcript, # 14 Exhibit N - 10/19/21 Hearing Transcript, # 15 Exhibit O - 11/12/21 Hearing Transcript, # 16 Certificate of Service)(Hruska, Andrew) (Entered: 12/07/2021) |
| 12/09/2021 | 128 | TEXT ORDER: The Court has received Plaintiffs' Updated Status Report. See Dkt. No. 127. Plaintiffs argue that the Court can conclusively decide that Aviva Friedman and Masai Andrews are the proper agents for PLOT for the purposes of service. See id. at 1. Before the Court rules on whether Friedman or Andrews are proper agents, the Court will afford non-parties Friedman and Andrews the chance to submit a response to Plaintiffs' Updated Status Report by December 23, 2021. Plaintiffs may file a reply by December 30, 2021. Signed by Senior Judge Lawrence E. Kahn on December 09, 2021. (Copy served via regular mail on Aviva Friedman and Masai Andrews)(sas) (Entered: 12/09/2021) |
| 12/10/2021 | 129 | MOTION to Dismiss Pursuant to Rule 12(B)(5) for Insufficient Service of Process filed by Masai Andrews. Motion returnable before Judge Lawrence E. Kahn Response to Motion due by 1/3/2022. Reply to Response to Motion due by 1/7/2022. (hmr) (Entered: 12/10/2021) |
| 12/17/2021 | 130 | Letter Motion from Joseph Zales, Esq. for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting clarification regarding the timeline for responding to the Motion to Dismiss pursuant to Rule 12(B)(5) filed by non-party Masai Andrews (Motion). Dkt. No. 129 submitted to Judge Lawrence E. Kahn . (Zales, Joseph) (Entered: 12/17/2021) |
| 12/17/2021 | 131 | TEXT ORDER: The Court has received Plaintiffs' letter requesting clarification regarding the timeline for responding to the Motion to Dismiss pursuant to Rule 12(b)(5) filed by non-party Masai Andrews. See Dkt. No. 130. The Court will construe Mr. Andrews' motion as a response to Plaintiffs' Updated Status Report. Accordingly, Plaintiffs must indeed file their reply by December 30, 2021. The Court will allow Mr. Andrews a chance to file a sur-reply to Plaintiffs' reply by January 6, 2022. Additionally, if Ms. Friedman chooses to file a Motion to Dismiss pursuant to Rule 12(b)(5), the Court will likewise construe it as her response to Plaintiffs' Updated Status Report and follow the same timeline. Signed by Senior Judge Lawrence E. Kahn on December 17, 2021.***A copy of this Order was served upon pro se party via US Mail. (sas) (Entered: 12/17/2021) |
| 12/17/2021 | 132 | CERTIFICATE OF SERVICE by Binghamton University College Republicans, Jon Lizak, Young America's Foundation re 130 Letter Motion from Joseph Zales, Esq. for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting clarification regarding the timeline for responding to the Motion to Dismiss pursuant to Rule 12(B)(5) (Zales, Joseph) (Entered: 12/17/2021) |

| | | |
|---|---|---|
| 12/20/2021 | 133 | TEXT ORDER: a Hearing is scheduled for 1/13/2022 at 12:30 p.m., IN PERSON, in Binghamton, New York to address Motion 126 . Appearances are required. Response to Motion 126 remains due on 12/28/2021 as previously set forth in Dkt. No. 126. SO ORDERED by Magistrate Judge Miroslav Lovric on 12/20/2021. (jdp ) (Entered: 12/20/2021) |
| 12/20/2021 | 134 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting that the Court reschedule 1/13/22 appearance on motion due to conflict submitted to Judge Miroslav Lovric . (Moore, John) (Entered: 12/20/2021) |
| 12/20/2021 | 135 | TEXT ORDER: Letter Motion 134 is DENIED. Defendants unilateral request in letter motion 134 to adjourn the Hearing as scheduled for 1/13/2022 at 12:30 p.m. is DENIED. Any party seeking an adjournment of any proceeding must (1) confer with all opposing counsel, (2) the parties must jointly select four (4) dates and four (4) times that are jointly agreeable to all parties to adjourn the matter, and (3) the party seeking the adjournment must then file a letter motion seeking adjournment and listing those four jointly suggested dates and times. The on the record Hearing as scheduled for 1/13/2022 at 12:30 p.m. remains scheduled. SO ORDERED by Magistrate Judge Miroslav Lovric on 12/20/2021. (jdp ) (Entered: 12/20/2021) |
| 12/22/2021 | 136 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting that the 1/13/22 motion appearance be rescheduled for January 14, 18, 27 or 28. submitted to Judge Miroslav Lovric . (Moore, John) (Entered: 12/22/2021) |
| 12/22/2021 | 137 | RESPONSE in Opposition re 126 MOTION for Protective Order filed by John Pelletier, Brian Rose, Harvey Stenger. filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 12/22/2021) |
| 12/23/2021 | 138 | RESPONSE TO LETTER BRIEF filed by Aviva Friedman as to 127 Status Report,,,, filed by Jon Lizak, Young America's Foundation, Binghamton University College Republicans . (Wischerath, Melissa) (Entered: 12/23/2021) |
| 12/27/2021 | 139 | TEXT ORDER: Letter Motion 136 is GRANTED insofar as and to the extent that the Hearing scheduled for 1/13/2022 is Re-Scheduled for 1/18/2022 at 2:00 p.m., IN PERSON, in Binghamton, New York to address Motion 126 . Appearances are required. SO ORDERED by Magistrate Judge Miroslav Lovric on 12/27/2021. (jdp ) (Entered: 12/27/2021) |
| 12/29/2021 | 140 | RESPONSE to Motion re 129 MOTION to Dismiss. Motion returnable before Judge Lawrence E. Kahn *and 138 Response to Letter Brief filed by Aviva Friedman as to 127 Status Report* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Exhibit A - PLOT Facebook Page - Broome County Jail on Trial Event, # 2 Exhibit B - Pipe Dream Article regarding joint PLOT-Citizens Action event with A. Friedman as featured speaker, # 3 Exhibit C - PLOT Facebook Page - 15 Henry Street Rally, # 4 Certificate of Service)(Hruska, Andrew) (Entered: 12/29/2021) |
| 01/18/2022 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an on the record In Person Hearing was held on 1/18/2022 to address Motion 126 , Defendants John Pelletier, Brian Rose, and Harvey Stenger seeking a Protective Order. Defendants have provided to Plaintiffs attorneys the unredacted copies of the three pages, bates-stamped BS 000017 000019 as found at Exhibit A of Motion 126 , as to which Defendants seek a Protective Order. Plaintiffs and Defendants Pelletier, Rose, and Stenger presented arguments concerning the issues set forth in Motion 126 and Response 137 . After hearing arguments, the Court set forth its decision and detailed reasoning on the record. Motion 126 is GRANTED In Part and DENIED In Part, as specifically set forth on the record at |

| | | |
|---|---|---|
| | | the Hearing. Appearances: H. Craig, Esq., for Plaintiffs; J. Moore, Esq., for Defendants John Pelletier, Brian Rose, and Harvey Stenger; and R. Lynch, Court Reporter. (jdp ) (Entered: 01/19/2022) |
| 01/18/2022 | 141 | TEXT ORDER: For the reasons set forth specifically on the record at the 1/18/2022 Hearing, Motion 126 , Defendants John Pelletier, Brian Rose, and Harvey Stenger seeking a Protective Order, is GRANTED In Part and DENIED In Part. A Protective Order is GRANTED with respect to three pages, bates-stamped BS 000017 000019 as found at Exhibit A of Motion 126 , insofar as and to the extent that these three pages shall be stamped and designated as CONFIDENTIAL. The Motion 126 is DENIED to the extent that it seeks to designate these three pages as Attorneys Eyes Only. Attorneys for Plaintiffs are permitted to show to their clients these three pages designated as CONFIDENTIAL but are not authorized to disseminate copies to their clients or permit the clients to keep copies. The Protective Order shall govern the procedure to be implemented for any dissemination, or showing to non-clients, of these CONFIDENTIAL three pages. Attorneys for Plaintiffs seeking to disseminate, or show to non-clients, these three pages designated as CONFIDENTIAL shall, prior to any dissemination or showing to non-clients (1) confer with Defendants Pelletier, Rose, and Stenger, (2) the parties shall file letter motions with the Court setting forth their respective positions, and (3) the Court shall issue a Text Order to Plaintiffs advising whether dissemination, or showing, as requested, is granted or denied. This Protective Order does not otherwise restrict Attorneys for Plaintiffs in making use of information contained in these three pages designated as CONFIDENTIAL. SO ORDERED by Magistrate Judge Miroslav Lovric on 1/18/2022. (jdp ) (Entered: 01/19/2022) |
| 02/16/2022 | 142 | DECISION AND ORDER. It is hereby ORDERED, that Plaintiffs' Request (Dkt. No. 127 ) is GRANTED in part. Plaintiffs' request to hold that Masai Andrews is authorized to accept service on PLOT's behalf is GRANTED. Plaintiffs' request to hold that Aviva Friedman is authorized to accept service on PLOT's behalf is DENIED as MOOT; and it is further ORDERED, that Andrews' Opposition to the extent it is a 12(b)(5) Motion to Dismiss (Dkt. Nos. 129 ) is DENIED with prejudice; and it is further ORDERED, that Defendant PLOT respond to Plaintiffs' Complaint within 30 days of this Decision and Order; and it is further ORDERED, that Plaintiffs address the legal issues raised by the Court in any forthcoming dispositive motion by Defendant PLOT, default judgment motion sought by Plaintiffs, or any other applicable motion in favor of Plaintiffs. Signed by Senior Judge Lawrence E. Kahn on 2/16/2022. (dpk) (Entered: 02/16/2022) |
| 02/16/2022 | | ***Answer due date updated for Progressive Leaders of Tomorrow ("PLOT") answer due 3/18/2021. (dpk) (Entered: 02/16/2022) |
| 02/22/2022 | 143 | TEXT ORDER: The Rule 16 Initial Conference is scheduled for 4/12/2022 at 1:00 p.m., via telephone conference before Magistrate Judge Miroslav Lovric. The Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 4/5/2022. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) SO ORDERED by Magistrate Judge Miroslav Lovric on 2/22/2022. (a copy was served on Masai Andrews via regular mail) (jdp ) (Entered: 02/22/2022) |
| 03/11/2022 | 144 | ***STRICKEN PURSUANT TO THE COURTS 145 ORDER*** ANSWER to 1 Complaint, by Masai Andrews on behalf of by Progressive Leaders of Tomorrow ("PLOT").(hmr) Modified on 3/16/2022 (jdp, ). (Entered: 03/15/2022) |
| 03/16/2022 | 145 | TEXT ORDER TO STRIKE DEFENDANT PLOTS ANSWER 144 because it was filed by non-party Masai Andrews, who does not appear to be an attorney and therefore cannot represent other parties. The Clerk of Court is directed to Strike Dkt. 144. Although parties have a statutory right to plead and conduct their own cases, 28 U.S.C. § 1654, unlicensed |

| | | |
|---|---|---|
| | | laypersons may not represent anyone else other than themselves. Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); see also Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010) (A person who has not been admitted to the practice of law may not represent anybody other than himself.). As a result, the Court will not consider Defendant PLOTs Answer 144 . Defendant PLOT is directed to appear, through counsel, and file an answer on or before 3/30/2022. SO ORDERED by Magistrate Judge Miroslav Lovric on 3/16/2022. (jdp ) (Entered: 03/16/2022) |
| 03/16/2022 | | ***Answer due date updated for Progressive Leaders of Tomorrow ("PLOT") answer due 3/30/2022. (jdp) (Entered: 03/16/2022) |
| 03/25/2022 | 146 | ***STRICKEN PURSUANT TO THE COURTS 147 ORDER***Letter Motion from Moira Meltzer-Cohen requesting an extension of time until May 16, 2022 to answer or otherwise respond on behalf of PLOT submitted to Judge Lovric. (dpk) Modified on 3/28/2022 (jdp, ). (Entered: 03/25/2022) |
| 03/28/2022 | 147 | TEXT ORDER TO STRIKE LETTER MOTION 146 because it was filed by an attorney who has failed to file a Notice of Appearance on behalf of PLOT but nevertheless claims to make requests and representations on behalf of Defendant PLOT. Before any filings on behalf of Defendant PLOT are made in this matter, a licensed and admitted attorney must first file a Notice of Appearance in this matter. Defendant PLOT has not appeared in this case and no attorney has filed a notice of appearance on behalf of PLOT. Letter Motion 146 is stricken from the docket and will not be considered by the Court. SO ORDERED by Magistrate Judge Miroslav Lovric on 3/28/2022. (jdp ) (Entered: 03/28/2022) |
| 03/30/2022 | 148 | NOTICE of Appearance by Remy Green on behalf of Masai Andrews (Green, Remy) (Entered: 03/30/2022) |
| 03/30/2022 | 149 | Letter by Masai Andrews requesting a conference. (Green, Remy) Modified on 4/4/2022 (jdp). (Entered: 03/30/2022) |
| 04/04/2022 | | CLERK'S CORRECTION OF DOCKET ENTRY : Clerk corrected 149 to reflect the correct request from Masai Andrews. (jdp ) (Entered: 04/04/2022) |
| 04/04/2022 | 150 | TEXT ORDER: Letter request 149 is DENIED. Attorney Remy Green, who represents only Non-Party Masai Andrews, seeks a conference and an advisory opinion from the Court as to any possible future consequences that may be brought upon client Non-Party Masai Andrews. The Court does not provide advisory opinions or speculate as to the future of a litigation. The request for a conference is therefore DENIED. SO ORDERED by Magistrate Judge Miroslav Lovric on 4/4/2022. (jdp ) (Entered: 04/04/2022) |
| 04/04/2022 | 151 | TEXT ORDER: According to the Court's docket for this case, Defendant Progressive Leaders of Tomorrow ("PLOT") time to answer or otherwise respond to plaintiffs complaint has expired. Plaintiffs counsel is hereby directed to file by 4/11/2022 either (1) a request for clerks entry of default, or (2) a detailed status report. The Rule 16 Initial Conference remains scheduled for 4/12/2022 at 1:00 p.m. SO ORDERED by Magistrate Judge Miroslav Lovric on 4/4/2022. (jdp ) (Entered: 04/04/2022) |
| 04/05/2022 | 152 | CIVIL CASE MANAGEMENT PLAN *(proposed) on behalf of Defendants and Letter to Court* by John Pelletier, Brian Rose, Harvey Stenger. (Attachments: # 1 - Letter to Court) (Moore, John) (Entered: 04/05/2022) |
| 04/05/2022 | 153 | CIVIL CASE MANAGEMENT PLAN *(Proposed) submitted on behalf of Plaintiffs* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 04/05/2022) |
| 04/05/2022 | 154 | REQUEST FOR ENTRY OF DEFAULT as to Progressive Leaders of Tomorrow ("PLOT") re 151 Order, 145 Order to Strike,,, by Jon Lizak, Binghamton University |

| | | |
|---|---|---|
| | | College Republicans, Young America's Foundation. (Attachments: # 1 Declaration in Support of Request for Clerk's Certificate of Entry of Default)(Hruska, Andrew) (Entered: 04/05/2022) |
| 04/06/2022 | 155 | Clerk's ENTRY OF DEFAULT as to Progressive Leaders of Tomorrow ("PLOT") re 154 Request for Entry of Default. (hmr) (Entered: 04/06/2022) |
| 04/07/2022 | 156 | ***STRICKEN PURSUANT TO THE COURTS 157 ORDER***RESPONSE to Discovery Request from Student Association of Binghamton University by Student Association of Binghamton University. (Attachments: # 1 Affidavit Certificate of Service) (Saitta, Thomas) Modified on 4/8/2022 (jdp, ). (Entered: 04/07/2022) |
| 04/08/2022 | 157 | TEXT ORDER TO STRIKE RESPONSE TO DISCOVERY REQUEST 156 : Defendant Student Association of Binghamton University Notice Response to Discovery Request 156 is stricken from the docket and will not be considered by the court. The Clerk of the Court is directed to strike filing 156 . This filing violates N.D.N.Y. L.R. 26.2. The court does not accept the filing of discovery materials, such as, Interrogatories, Document Requests, Discovery Responses, etc., unless the court specifically directs such documents be filed or when submitted in support of a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure. See also Text Order 143 . Since the court has not directed the filing of correspondence related to discovery in this action, nor are Defendants submissions in support of a motion filed pursuant to Rule 37, neither discovery related materials nor certificates of service regarding the same are to be filed with the Court. This filing is stricken from the docket and will not be considered by the court. SO ORDERED by Magistrate Judge Miroslav Lovric on 4/8/2022.(jdp ) (Entered: 04/08/2022) |
| 04/08/2022 | 158 | TEXT ORDER: The Clerk of the Court's entry of default was entered against Defendant Progressive Leaders of Tomorrow ("PLOT"). Within thirty (30) days of the date of this Order, Plaintiffs must either (1) move for default judgment pursuant to Fed. R. Civ. P. 55(b) and N.D.N.Y. L.R. 55.2, or (2) file a detailed status report. To the extent that Plaintiffs move for default judgment, they must attach a copy of the Clerk's entry of default to the moving papers, serve on Defendant Progressive Leaders of Tomorrow ("PLOT") via regular mail, and file certificate of service. Plaintiffs are also reminded to comply with DECISION & ORDER 142 issued by Senior District Judge Lawrence E. Kahn on 2/16/2022. See Docket. SO ORDERED by Magistrate Judge Miroslav Lovric on 4/8/2022. (jdp ) (Entered: 04/08/2022) |
| 04/12/2022 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an initial conference was held on 4/12/2022. Pretrial deadlines were discussed and set. A telephone conference is scheduled for 6/14/2022 at 11:00 AM. Appearances: A. Hruska, Esq., M. Ross, Esq., J. Zales, Esq., H. Craig, Esq., and S. Miller, Esq. for Plaintiffs, J. Moore, Esq. for Defendants Stenger, Rose, and Pelletier, P. Orville, Esq. for College Progressives and T. Saitta, Esq. for Student Association of Binghamton University. (jdp) (Entered: 04/13/2022) |
| 04/12/2022 | 159 | TEXT ORDER: On or before 6/3/2022, all parties shall file status reports regarding the progress of the litigation. A telephone conference is scheduled for 6/14/2022 at 11:00 a.m. SO ORDERED by Magistrate Judge Miroslav Lovric on 4/12/2022.(jdp ) (Entered: 04/13/2022) |
| 04/12/2022 | 160 | UNIFORM PRETRIAL SCHEDULING ORDER: Anticipated length of trial: 5. Preferred Trial Location: Albany. Joinder of Parties due by 7/12/2022. Amended Pleadings due by 7/12/2022. Discovery due by 11/18/2022. Plaintiffs Expert Disclosure Deadline is 8/22/2022. Defendants Expert Disclosure Deadline is 10/4/2022. Rebuttal Expert Disclosure Deadline is 10/19/2022. Motions to be filed by 12/28/2022. Trial Ready Deadline is 2/10/2023. Jury Trial set for 2/27/2023 09:30 AM in Albany before Senior |

| | | |
|---|---|---|
| | | Judge Lawrence E. Kahn. Signed by Magistrate Judge Miroslav Lovric on 4/12/2022. (jdp ) (Entered: 04/13/2022) |
| 04/12/2022 | 161 | ORDER REFERRING CASE to Mandatory Mediation. Deadline for Mediator Selection is 5/10/2022. Deadline for completion of Mandatory Mediation is 8/29/2022. Signed by Magistrate Judge Miroslav Lovric on 4/12/2022. (jdp ) (Entered: 04/13/2022) |
| 04/21/2022 | 162 | NOTICE of Appearance by Amanda K. Kuryluk on behalf of Harvey Stenger (Kuryluk, Amanda) (Entered: 04/21/2022) |
| 05/09/2022 | 163 | MOTION for Default Judgment as to Progressive Leaders of Tomorrow (PLOT) filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. Motion returnable before Judge Lawrence E. Kahn Response to Motion due by 5/31/2022. Reply to Response to Motion due by 6/6/2022 (Attachments: # 1 Motion for Default Judgment, # 2 Proposed Order for Default Judgment, # 3 Certificate of Service, # 4 Memorandum of Law in Support of Motion for Entry of Default Judgment, # 5 Declaration in Support of Plaintiffs' Motion for Entry of Default Judgment, # 6 Exhibit 1 - Summary of YAF Expenses, # 7 Exhibit 2 -Y AFs travel expenses, # 8 Exhibit 3 - Speaker's Expenses, # 9 Exhibit 4 - YAFs private security expenses, # 10 Exhibit 5 - YAFs event photography expenses, # 11 Exhibitt 6 - Summary of King & Spalding Attorneys Fees and Expenses, # 12 Complaint, # 13 Clerk's Entry of Default) (Hruska, Andrew) (Entered: 05/09/2022) |
| 05/10/2022 | 164 | STIPULATION SELECTING MEDIATOR: IT IS HEREBY STIPULATED AND AGREED that Stephen Helmer has been selected, contacted and has agreed to serve as Mediator for this action. IT IS FURTHER STIPULATED AND AGREED, that counsel will participate in the mediation session in good faith and confer with the Mediator regarding the scheduling of additional conferences, bearing in mind the deadline for completion of Mediation set forth in the Court's Order Referring the Case to Mediation. Stipulation signed by: Andrew Hruska for Plaintiffs Young America's Foundation, Binghamton University College Republicans, and Jon Lizak and John Moore for Defendants Stenger, Rose, and Pelletier; Thomas Saitta for Defendant Student Association of Binghamton University; Peter Orville for Defendant College Progressives. Dated: 5/10/2022(Hruska, Andrew) (Entered: 05/10/2022) |
| 06/03/2022 | 165 | STATUS REPORT by Student Association of Binghamton University. (Attachments: # 1 Affidavit Certificate of Service)(Saitta, Thomas) (Entered: 06/03/2022) |
| 06/03/2022 | 166 | STATUS REPORT by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) (Entered: 06/03/2022) |
| 06/03/2022 | 167 | STATUS REPORT by College Progressives. (Orville, Peter) (Entered: 06/03/2022) |
| 06/03/2022 | 168 | STATUS REPORT *on Behalf of Plaintiffs* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 06/03/2022) |
| 06/14/2022 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: a status conference was held on 6/14/2022. The Court reminded the parties as to the deadlines and schedules as set forth in Dkt. Nos. 160 & 161. The Court and parties discussed the discovery disputes as set forth in Status Reports 165, 166, 167, and 168. Next status reports shall be filed by 7/5/2022. Appearances: A. Hruska, Esq., M. Ross, Esq., J. Zales, Esq., H. Craig, Esq., and S. Miller, Esq. for Plaintiffs; J. Moore, Esq. for Defendants Stenger, Rose, and Pelletier; P. Orville, Esq. for Defendant College Progressives; and T. Saitta, Esq. for Defendant Student Association of Binghamton University. (jdp ) (Entered: 06/15/2022) |

| | | |
|---|---|---|
| 06/14/2022 | 169 | TEXT ORDER: The parties are directed to confer and attempt to resolve their discovery disputes. By 6/21/2022, (1) Defendant College Progressives shall serve its Rule 26 Mandatory Disclosures, (2) Plaintiffs shall serve, but not file on docket, on each Defendant a written demand of settlement. By 7/5/2022, all parties shall file detailed status reports regarding the progress of discovery. SO ORDERED by Magistrate Judge Miroslav Lovric on 6/14/2022. (jdp) (Entered: 06/15/2022) |
| 06/20/2022 | 170 | ***STRICKEN PURSUANT TO THE COURTS 171 ORDER***RESPONSE to Discovery Request from College Progressives by College Progressives.(Orville, Peter) Modified on 6/21/2022 (jdp). (Entered: 06/20/2022) |
| 06/21/2022 | 171 | TEXT ORDER TO STRIKE RESPONSE TO DISCOVERY REQUEST FROM COLLEGE PROGRESSIVES BY COLLEGE PROGRESSIVES DKT 170: Defendant College Progressives Response to Discovery Request from College Progressives by College Progressives Dkt. 170 is stricken from the docket and will not be considered by the court. The Clerk of the Court is directed to strike filing 170 . This filing violates N.D.N.Y. L.R. 26.2. The court does not accept the filing of discovery materials, such as, Interrogatories, Document Requests, Discovery Responses, etc., unless the court specifically directs such documents be filed or when submitted in support of a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure. See also Text Orders 143, 157. Since the court has not directed the filing on the docket of correspondence related to discovery in this action, nor are Defendant submissions in support of a motion filed pursuant to Rule 37, neither discovery related materials nor certificates of service regarding the same are to be filed with the Court. This filing is stricken from the docket and will not be considered by the court. SO ORDERED by Magistrate Judge Miroslav Lovric on 6/21/2022. (jdp ) (Entered: 06/21/2022) |
| 06/29/2022 | 172 | STATUS REPORT by Student Association of Binghamton University. (Attachments: # 1 Affidavit Certificate of Service)(Saitta, Thomas) (Entered: 06/29/2022) |
| 07/05/2022 | 173 | LETTER BRIEF *regarding status of discovery* by Harvey Stenger. (Attachments: # 1 Exhibit(s) State Defendants' First Set of Document Requests to Plaintiff, # 2 Exhibit(s) Plaintiff's Response to State Defendants' First Set of Document requests)(Kuryluk, Amanda) (Entered: 07/05/2022) |
| 07/05/2022 | 174 | STATUS REPORT *on Behalf of Plaintiffs* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 07/05/2022) |
| 07/06/2022 | 175 | TEXT ORDER: Defendant College Progressives is directed to comply with Text Order 169 and file a status report by 7/8/2022, which was due on 7/5/2022. The Court has reviewed status reports [172, 173, 174] and directs the parties to confer and attempt to resolve their discovery disputes as identified in those reports. By 8/10/2022, all parties shall file next detailed status reports regarding the progress of discovery. The deadlines and schedules as set forth in Dkt. Nos. 160 & 161 remain in effect. SO ORDERED by Magistrate Judge Miroslav Lovric on 7/6/2022.(jdp ) (Entered: 07/06/2022) |
| 07/08/2022 | 176 | STATUS REPORT by College Progressives. (Orville, Peter) (Entered: 07/08/2022) |
| 08/10/2022 | 177 | STATUS REPORT *on Behalf of Plaintiffs* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 08/10/2022) |
| 08/10/2022 | 178 | STATUS REPORT by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) (Entered: 08/10/2022) |
| 08/11/2022 | 179 | TEXT ORDER: Defendants College Progressives and Student Association of Binghamton University are directed to comply with Text Order 175 and file status reports |

| | | |
|---|---|---|
| | | by 8/15/2022, which were due on 8/10/2022. An on the record Hearing is scheduled for 8/18/2022 at 1:00 p.m., via telephone conference. The deadlines and schedules as set forth in Dkt. Nos. 160 & 161 remain in effect. SO ORDERED by Magistrate Judge Miroslav Lovric on 8/11/2022.(jdp ) (Entered: 08/11/2022) |
| 08/11/2022 | 180 | STATUS REPORT *8/11/22* by Student Association of Binghamton University. (Saitta, Thomas) (Entered: 08/11/2022) |
| 08/15/2022 | 181 | STATUS REPORT by College Progressives. (Orville, Peter) (Entered: 08/15/2022) |
| 08/17/2022 | 182 | STATUS REPORT *and request for permission to file Motion for Protective Order* by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) (Entered: 08/17/2022) |
| 08/18/2022 | 183 | MOTION to Withdraw as Attorney *Michael Ross* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. Response to Motion due by 9/8/2022 (Attachments: # 1 Affidavit of Service) Motions referred to Miroslav Lovric. (Ross, Michael) (Entered: 08/18/2022) |
| 08/18/2022 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: a Hearing was held on 8/18/2022. The Court reminded the parties as to the deadlines and schedules as set forth in Dkt. Nos. 160 & 161. The Court and parties discussed the discovery disputes as set forth in Status Reports Nos. 177, 178, 180, 181, and 182. All parties presented their positions regarding the issues in dispute. The Court directed the parties to continue to confer and attempt to resolve their disputes. The Court set deadlines for filing of motions, status reports, and next Hearing. Deadlines for disclosure of experts are STAYED and will be re-set by the Court. Appearances: S. Miller, Esq., A. Hruska, Esq.,, T. Langhofer Esq., J. Zales, Esq., and H. Craig, Esq., for Plaintiffs; J. Moore, Esq., and A. Kuryluk, Esq., for Defendants Stenger, Rose, and Pelletier (State Defendants); P. Orville, Esq. for Defendant College Progressives; T. Saitta, Esq. for Defendant Student Association of Binghamton University; and R. Lynch, Court Reporter. (jdp ) (Entered: 08/19/2022) |
| 08/18/2022 | 184 | TEXT ORDER: Pursuant to the discussions held at the Hearing on 8/18/2022, (1) the parties are directed to continue to confer and attempt to resolve their discovery disputes as set forth in Status Reports Nos. 177, 178, 180, 181, and 182; (2) if all disputes have been resolved, the parties are directed to file status reports by 8/26/2022 advising as such and also proposing a schedule for the re-setting of expert disclosure deadlines; (3) if all disputes have not been resolved, Plaintiffs and State Defendants are authorized to file by 8/26/2022 Motions to Compel Discovery and Motion for a Protective Order, respectively; (4) all responses to all motions shall be filed by 9/6/2022; (5) an on the record Hearing is scheduled for 9/12/2022 at 1:00 p.m., via telephone conference; (6) all parties shall offer proposal schedules either in and with their status reports, motions, or responses thereto as to the re-setting of expert disclosure deadlines; and (7) the current deadlines for expert disclosures are STAYED and will be re-set by the Court after input from all parties. SO ORDERED by Magistrate Judge Miroslav Lovric on 8/18/2022.(jdp ) (Entered: 08/19/2022) |
| 08/19/2022 | 185 | ORDER granting 183 Motion to Withdraw as Attorney. Attorney Michael Ross terminated. Signed by Magistrate Judge Miroslav Lovric on 8/19/2022. (jdp ) (Entered: 08/19/2022) |
| 08/19/2022 | 186 | AFFIDAVIT *of Service of Order Granting Withdrawal of Michael Ross [ECF No. 185]* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Ross, Michael) (Entered: 08/19/2022) |
| 08/25/2022 | 187 | REPORT OF MANDATORY MEDIATION - A Mandatory Mediation session was held on August 24, 2022. Total Hours Spent by Mediator: 3.0; The outcome of Mandatory Mediation is: MEDIATION IS COMPLETE. CASE DID NOT SETTLE. The case will |

| | | |
|---|---|---|
| | | proceed toward trial pursuant to the Courts Uniform Pretrial Scheduling Order. (Helmer, Stephen) (Entered: 08/25/2022) |
| 08/25/2022 | | **ADR COMPLETED: Case did not settle.** Attorney Stephen T. Helmer terminated. The mediator and attorneys who attended the mediation session are asked to complete a survey with respect to the Mandatory Mediation Program. Attorneys for parties can access the survey at https://media.nynd.uscourts.gov/surveys/?sid=5. Mediators can access the survey at https://media.nynd.uscourts.gov/surveys/?sid=4. Any questions can be directed to the ADR Coordinator.(sal ) (Entered: 08/25/2022) |
| 08/26/2022 | 188 | MOTION for Protective Order filed by Harvey Stenger. Response to Motion due by 9/16/2022 (Attachments: # 1 Declaration of AAG Amanda Kuryluk, # 2 Exhibit(s) Ex 1 Stengers 2nd Supp Discovery Response, # 3 Exhibit(s) Ex 2 Pelletier's 2nd Supp Discovery Response, # 4 Exhibit(s) Ex 3 Rose's 2nd Supp Discovery Response, # 5 Exhibit(s) Ex 4 Defendants' Supp Rule 26, # 6 Exhibit(s) Ex 5 Stenger emails redacted, # 7 Exhibit(s) Ex 6 Rose emails redacted, # 8 Exhibit(s) Ex 7 Pelletier emails redacted, # 9 Exhibit(s) Ex 8 Ponczek emails redacted, # 10 Exhibit(s) Ex 9 log of redacted emails, # 11 Exhibit(s) Ex 10 Plaintiffs proposed protective order with Defendants proposed revisions, # 12 Exhibit(s) Ex 11 Stenger emails unredacted for in camera review only, # 13 Exhibit(s) Ex 12 Rose emails unredacted for in camera review only, # 14 Exhibit(s) Ex 13 Pelletier emails unredacted for in camera review only, # 15 Exhibit(s) Ex 14 Ponczek emails unredacted for in camera review only, # 16 Exhibit(s) Ex 15 BU disaster plan for in camera review only, # 17 Memorandum of Law) Motions referred to Miroslav Lovric. (Kuryluk, Amanda) (Entered: 08/26/2022) |
| 08/26/2022 | 189 | STATUS REPORT - *Joint Status Report by Plaintiffs and Defendant College Progressives regarding regarding discovery disputes as set forth in Status Reports Nos. 177 and 181.* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 08/26/2022) |
| 09/06/2022 | 190 | RESPONSE in Opposition re 188 MOTION for Protective Order filed by Harvey Stenger. filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 09/06/2022) |
| 09/12/2022 | | Minute Entry for proceedings held before Magistrate Judge Miroslav Lovric: an on the record Hearing was held on 9/12/2022. The Court and parties discussed the current status of the discovery process and issues. The parties presented their respective positions as to a protective order and more specifically the State Defendants Motion 188 seeking a protective order and Response 190 . The Court set forth on the record its decisions, analysis, and reasoning. The Court extended the current deadlines and schedules. Appearances: S. Miller, Esq., A. Hruska, Esq., J. Zales, Esq., and H. Craig, Esq., for Plaintiffs; J. Moore, Esq., and A. Kuryluk, Esq., for Defendants Stenger, Rose, and Pelletier (State Defendants); P. Orville, Esq. for Defendant College Progressives; T. Saitta, Esq. for Defendant Student Association of Binghamton University; and J. Hibbard, Court Reporter. (jdp ) (Entered: 09/13/2022) |
| 09/12/2022 | 192 | TEXT ORDER: Motion 188 is GRANTED In Part and DENIED In Part, as specifically set forth on the record at the 9/12/2022 Hearing. No later than 9/16/2022, the State Defendants shall file for Court consideration the Proposed Protective Order, as specifically set forth on the record on 9/12/2022. No later than 9/23/2022, the State Defendants shall, (1) provide to all other parties in UNREDACTED form all materials as described in paragraphs 10(a) through 10(c) and in paragraph 10(f) of Dkt. No. 188 Exhibit 1, and (2) provide to all other parties in REDACTED form all materials as described in BS 1045 through 1086, as well as in Exhibits 8 & 14 of Dkt. No. 188 Exhibit 1. No later than 9/30/2022, any party seeking unredacted versions of the REDACTED materials, shall file motions per the local rules. The schedules and deadlines are extended |

| | | |
|---|---|---|
| | | as follows: All Discovery shall be completed by 1/9/2023; Plaintiffs Expert Disclosure Deadline is 10/24/2022; Defendants Expert Disclosure Deadline is 11/25/2022; Rebuttal Expert Disclosure Deadline is 12/9/2022; Dispositive Motions are to be filed by 2/9/2023; Trial Ready Deadline is 3/27/2023; and Jury Trial is scheduled for 4/10/2023 at 9:30 a.m., in Albany, N.Y. before Senior District Judge Lawrence E. Kahn. SO ORDERED by Magistrate Judge Miroslav Lovric on 9/12/2022.(jdp ) (Entered: 09/13/2022) |
| 09/12/2022 | | Reset Deadlines: Discovery due by 1/9/2023. Plaintiffs Expert Disclosure Deadline is 10/24/2022. Defendants Expert Disclosure Deadline is 11/25/2022. Rebuttal Expert Disclosure Deadline is 12/9/2022. Motions to be filed by 2/9/2023. Trial Ready Deadline is 3/27/2023. Jury Trial set for 4/10/2023 at 9:30 AM in Albany before Senior Judge Lawrence E. Kahn. (jdp ) (Entered: 09/13/2022) |
| 09/13/2022 | 191 | TRANSCRIPT REQUEST by Binghamton University College Republicans, Jon Lizak, Young America's Foundation for proceedings held on 09/12/2022 before Judge Lovric.. (Attachments: # 1 Certificate of Service)(Hruska, Andrew) (Entered: 09/13/2022) |
| 09/15/2022 | 193 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting execution of proposed protective order submitted to Judge Miroslav Lovric . (Attachments: # 1 Proposed Order/Judgment - proposed protective order)(Moore, John) (Entered: 09/15/2022) |
| 09/16/2022 | 194 | TRANSCRIPT of Proceedings: Telephone Conference held on 9/12/2022 before Judge Miroslav Lovric, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/7/2022. Redacted Transcript Deadline set for 10/17/2022. Release of Transcript Restriction set for 12/15/2022. Notice of Intent to Redact due by 9/21/2022 (jlh, ) (Entered: 09/16/2022) |
| 09/19/2022 | 195 | ORDER granting 193 letter requesting execution of proposed protective order. Signed by Magistrate Judge Miroslav Lovric on 9/19/2022. (jdp ) (Entered: 09/19/2022) |
| 10/11/2022 | 196 | MOTION for Limited Admission Pro Hac Vice of Philip A. Sechler Filing fee $100, receipt number ANYNDC-6063647. (Attachments: # 1 Proposed Order/Judgment Proposed Order, # 2 Affidavit Affidavit of Jonathan Scruggs, # 3 Petition for Admission, # 4 Attorney E-filing Registration Form, # 5 Certificate of Good Standing) Motions referred to Miroslav Lovric. (Scruggs, Jonathan) (Entered: 10/11/2022) |
| 10/17/2022 | 197 | *Joint* Letter Motion from Andrew C. Hruska, Esq. for Binghamton University College Republicans, Jon Lizak, Young America's Foundation requesting a brief extension of several discovery deadlines in order to complete the necessary deposition of Defendant Pelletier submitted to Judge Miroslav Lovric . (Hruska, Andrew) (Entered: 10/17/2022) |
| 10/18/2022 | 198 | ORDER granting 196 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been** |

| | | |
|---|---|---|
| | | **processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Signed by Magistrate Judge Miroslav Lovric on 10/18/2022. (jdp ) (Entered: 10/18/2022) |
| 10/18/2022 | 199 | ORDER granting 197 Letter Request.Plaintiffs Expert Disclosure Deadline is due 11/24/2022. Defendants Expert Disclosure Deadline is due 12/16/2022. Rebuttal Expert Disclosure Deadline is due 12/30/2022. All Discovery now due by 1/23/2023. Motions to be filed by 2/23/2023. Trial Ready Deadline is 3/27/2023. Jury Trial set for 4/10/2023 09:30 AM in Albany before Senior Judge Lawrence E. Kahn. Signed by Magistrate Judge Miroslav Lovric on 10/18/2022. (jdp ) (Entered: 10/18/2022) |
| 10/26/2022 | 200 | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Therese Wiley Dancks for all further proceedings. It will remain assigned to the Honorable Lawrence E. Kahn, Senior U.S. District Judge.Signed by Chief Judge Brenda K. Sannes on 10/26/2022. (hmr) (Entered: 10/26/2022) |
| 01/03/2023 | 201 | *Status Report and* Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting extension of discovery deadline submitted to Judge Therese Wiley Dancks . (Moore, John) (Entered: 01/03/2023) |
| 01/03/2023 | 202 | TEXT ORDER: Court reviewed discovery status report/letter request (Dkt. No. 201 ) for extension of discovery deadlines which is granted for the reasons stated. Discovery deadline extended to 2/28/2023 to complete depositions as outlined in Dkt. No. 201 and any other necessary discovery. The parties are to confer in good faith to agree on a deposition schedule to complete all remaining depositions and any other discovery. Defendants to file status report by 1/13/2023 setting forth confirmed dates for ALL remaining depositions, and report on any other discovery. The status report MUST state the name of each deponent and the date of each deposition. The deposition of Restuccia is hereby ordered to be completed on 1/10/2023, and the deposition of Kannappan is hereby ordered to be completed on 1/19/2023. If the parties are unable to complete those two depositions as ordered, they must obtain permission from the Court to reschedule them. Discovery motions due 3/7/2023; dispositive motions due 3/27/2023. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 1/3/2023. (sg) (Entered: 01/03/2023) |
| 01/10/2023 | 203 | NOTICE of Appearance by Philip A. Sechler on behalf of All Plaintiffs (Sechler, Philip) (Entered: 01/10/2023) |
| 01/12/2023 | 204 | STATUS REPORT/Letter Request by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) Modified on 1/13/2023 (sg, ). (Entered: 01/12/2023) |
| 01/13/2023 | 205 | TEXT ORDER: Court reviewed status report/letter request (Dkt. No. 204 ) for additional time to complete discovery and file dispositive motions. Letter motion granted for the reasons stated. Plaintiffs must respond to the outstanding interrogatories by 1/17/2023. The depositions confirmed as set forth in Dkt. No. 204 are ordered to be conducted on the dates indicated. If the parties are unable to complete the depositions per the schedule, then the parties must obtain permission from the Court to reschedule them and provide good cause for the request. The parties must confirm the dates for witnesses Croce, Johnson, Robababo, Lizak, and the College Republicans' ("CR") current president and the other remaining CR depositions by 1/19/2023. Plaintiffs' counsel shall file a status report by 1/23/2023 setting forth the confirmed dates for all of those witnesses. The discovery deadline is extended to 3/31/2023; discovery motions due 4/14/2023; dispositive motions due 6/2/2023. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 1/13/2023. (sg) (Entered: 01/13/2023) |
| 01/23/2023 | 206 | Letter Motion from Thomas A. Saitta, Esq. for Student Association of Binghamton University requesting Rescheduling of Student Association depositions submitted to Judge Dancks . (Saitta, Thomas) (Entered: 01/23/2023) |

| | | |
|---|---|---|
| 01/23/2023 | 207 | STATUS REPORT *of Plaintiffs dated 1/23/23* by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 01/23/2023) |
| 01/23/2023 | 208 | MOTION to Dismiss *Only Plaintiff Jon Lizak's Claims Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. Motion returnable before Judge Lawrence E. Kahn Response to Motion due by 2/13/2023. Reply to Response to Motion due by 2/21/2023 (Attachments: # 1 Memorandum of Law in Support of Motion, # 2 Affirmation in Support of Motion, # 3 Proposed Order, # 4 Certificate of Servfice) (Hruska, Andrew) (Entered: 01/23/2023) |
| 01/25/2023 | 209 | TEXT ORDER : Court reviewed letter request (Dkt. No. 206 ) to postpone depositions of Defendant Student Association of Binghamton University ("SABU") witnesses Croce, Robababo, and Johnson due to a forthcoming substitution of counsel for that Defendant. The Court finds good cause to grant the letter motion for the reasons stated. The depositions of the SABU witnesses are briefly adjourned. However, new counsel for SABU must appear and a proper consent to change attorney must be filed by 2/1/2023. In the meantime, current counsel for SABU shall remain as counsel for that entity which cannot appear pro se. New counsel for SABU shall reschedule the depositions of the SABU witnesses to take place between the dates of 2/6/2023 and 2/13/2023. If new counsel has not appeared and a proper consent to change attorney has not been filed by 2/1/2023, then the depositions of the SABU witnesses shall be rescheduled to be conducted on dates between 2/6/2023 and 2/13/2023 with current counsel representing SABU. Attorney Saitta or new counsel for SABU shall file a status report by 2/3/2023 which sets forth the rescheduled date(s) for the SABU witnesses. Court has also reviewed status report (Dkt. No. 207 ) regarding discovery. With the exception of the witnesses from Defendant SABU, the depositions scheduled as set forth in Dkt. No. 207 are hereby ORDERED to be completed in accordance with the schedule outlined in Dkt. No. 207. If the parties are unable to complete the depositions per the schedule, then the parties must obtain permission from the Court to reschedule them and provide good cause for the request. The parties are to work diligently to schedule the depositions of witnesses Nelson, Haynes, Scagnelli, Babadina, and Murray, as well as current party Plaintiff Lizak who shall be deposed no later than 2/27/2023. State Defendants shall respond to Plaintiffs' outstanding document demands by 2/21/2023. Lizak shall respond to State Defendants' Interrogatories by 2/21/2023 while his motion to dismiss his personal claims is pending. Plaintiffs shall file a further status report by 2/28/2023 setting forth the confirmed dates for the depositions of witnesses Nelson, Haynes, Scagnelli, Babadina, and advise the Court as to the date Plaintiff Lizak was deposed. The parties shall conduct the deposition of Lizak by video, and confer in good faith to conduct any other depositions by video so that discovery may be completed expeditiously. All deadlines remain as reset in Dkt. No. 205 . SO ORDERED by Magistrate Judge Therese Wiley Dancks on 1/25/2023. (sg) (Entered: 01/25/2023) |
| 01/30/2023 | 210 | STATUS REPORT *re: change of counsel* by Student Association of Binghamton University. (Saitta, Thomas) (Entered: 01/30/2023) |
| 01/31/2023 | 211 | TEXT ORDER: The Court reviewed status report (Dkt. No. 210 ) regarding continuation of representation of defendant Student Association of Binghamton University ("SABU") by Aswad & Ingraham, LLP, and completion of deposition of SABU witnesses. All deadlines remain as previously set, including but not limited to those set forth in Dkt. No. 209 . SO ORDERED by Magistrate Judge Therese Wiley Dancks on 1/31/2023. (sg) (Entered: 01/31/2023) |
| 02/13/2023 | 212 | RESPONSE in Opposition re 208 MOTION to Dismiss *Only Plaintiff Jon Lizak's Claims Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)* filed by Binghamton University |

| | | |
|---|---|---|
| | | College Republicans, Jon Lizak, Young America's Foundation. Motion returnable before Judge Lawr filed by John Pelletier. (Attachments: # 1 Exhibit(s) Ex A 1st Notice of Deposition, # 2 Exhibit(s) Ex B 2nd Notice of Deposition, # 3 Exhibit(s) Ex C FBI Statement of Facts, # 4 Exhibit(s) Ex D news article, # 5 Exhibit(s) Ex E portions of criminal docket Lizak case, # 6 Exhibit(s) Ex F email exchange between attorneys of record, # 7 Exhibit(s) Ex G 3rd Notice of Deposition, # 8 Exhibit(s) Ex H email regarding 3rd ebt notice Lizak, # 9 Memorandum of Law)(Kuryluk, Amanda) (Entered: 02/13/2023) |
| 02/15/2023 | 213 | STATUS REPORT */letter request* by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) Modified on 2/16/2023 (sg, ). (Entered: 02/15/2023) |
| 02/16/2023 | 214 | STATUS REPORT *of Plaintiffs and and Reply to State Defendants' filing at Dkt. No. 213 regarding discovery issues* by Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 02/16/2023) |
| 02/16/2023 | 215 | TEXT ORDER granting 213 Letter Request for Court conference: Telephone Discovery Conference set for 2/17/2023 at 10:45 AM before Magistrate Judge Therese Wiley Dancks. Counsel are directed to call the following number for this conference: 315-691-0477, and enter ID code 716 417 006 to connect to the conference. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 2/16/2023. (sg) (Entered: 02/16/2023) |
| 02/17/2023 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks: Telephone Discovery Conference held on 2/17/2023. Appearances: Andrew Hruska, Esq., Steve Miller, Esq., Philip Sechler, Esq. for Plaintiffs; John Moore, Esq., Peter Orville, Esq., and Thomas Saitta, Esq. for Defendants. Court discusses issues raised in Dkt. Nos. 213 an 214. After discussion with counsel, court makes directives and sets deadlines, a separate text order will follow. (sg) (Entered: 02/17/2023) |
| 02/21/2023 | 216 | TEXT ORDER: The Court made the following directives during the 2/17/2023 telephone conference: Deposition of Lizak is Ordered to be completed on 3/16/2023 and deposition of Haynes is Ordered to be completed on 3/24/2023. The parties must obtain permission from the Court to reschedule them and provide good cause for the request. Plaintiffs to serve discovery responses re: Restuccia and Kanappan by 3/3/2023. Counsel are directed to confer and plaintiffs are to file a joint status report by 3/3/2023 re: the following: (1) whether defendants have located Nelson, Scagnelli, Kessler, Babadina, and Murray, and whether or not these individuals and Butler will be deposed. The dates of their depositions should be provided, if scheduled. Last known addresses should be provided for any of these witnesses who have not been located; (2) whether the discovery responses as to Restuccia and Kanappan were timely served by plaintiffs; and (3) whether defendants have located Chronopolous, Silverstein, and Massey and provided that information to plaintiffs. Plaintiffs should submit subpoenas for the depositions of Chronopolous, Silverstein, and Massey by 3/3/2023 if necessary. The remaining deadlines will stand as currently set. All other depositions are to be completed as ordered in Dkt. 209 . SO ORDERED by Magistrate Judge Therese Wiley Dancks on 2/21/2023. (sg) (Entered: 02/21/2023) |
| 02/21/2023 | 217 | REPLY to Response to Motion re 208 MOTION to Dismiss *Only Plaintiff Jon Lizak's Claims Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)* filed by Binghamton University College Republicans, Jon Lizak, Young America's Foundation. Motion returnable before Judge Lawr - *Reply in Support of Plaintiff Jon Lizak's Motion for an Order Dismissing His Claims Without Prejudice* filed by Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 02/21/2023) |
| 03/03/2023 | 218 | STATUS REPORT - *Joint Status Report of March 3, 2023 filed* by Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 03/03/2023) |

| | | |
|---|---|---|
| 03/06/2023 | 219 | TEXT ORDER: The parties are to continue to confer regarding remaining depositions and last known addresses for various witnesses. Counsel for Defendants Stenger, Rose, and Pelletier to file further status report regarding any other depositions scheduled, the dates for those depositions, and other remaining discovery issues, if any, by 3/20/2023. All deadlines remain as previously established. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/6/2023. (sg) (Entered: 03/06/2023) |
| 03/20/2023 | 220 | STATUS REPORT/Letter Request by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) Modified on 3/20/2023 (sg, ). (Entered: 03/20/2023) |
| 03/20/2023 | 221 | STATUS REPORT *of Plaintiffs dated 3/20/2023 and opposition to State Defendants' filing at Dkt. No. 220 requesting extension of the discovery deadline* by Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 03/20/2023) |
| 03/21/2023 | 222 | TEXT ORDER : Court has reviewed status report/letter request (Dkt. No. 220 ) and response (Dkt. No. 221 ) regarding discovery. The court finds good cause and letter request for extension granted for the reasons stated. Deadlines are extended as follows: all discovery due 4/28/2023; discovery motions due 5/19/2023; dispositive motions due 6/30/2023. Any discovery as outlined in Dkt. No. 220 MUST be completed within this extension period. Any requests for witness subpoenas must be made by 3/29/2023. The parties are permitted to reschedule the deposition of plaintiffs expert witness if necessary. No further extensions of the remaining deadlines will be granted for any reason, so the parties should plan accordingly including meeting the motion deadlines. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/21/2023. (sg) (Entered: 03/21/2023) |
| 03/23/2023 | 223 | MEMORANDUM-DECISION AND ORDER. It is hereby ORDERED, that Lizak's Motion for Dismissal (Dkt. No. 208 ) is GRANTED; and it is further ORDERED, that Lizak's claims against Defendants are hereby DISMISSED. The dismissal shall be with prejudice, so long as no Defendant brings a motion against Lizak for costs and fees associated with his dismissed claims. Should any Defendant bring such a motion, the dismissal of Lizak's claims shall be without prejudice; and it is further ORDERED, that Plaintiffs' Motion for Default Judgment (Dkt. No. 163 ) is DENIED; and it is further ORDERED, that the Clerk of the Court is respectfully directed to VACATE the prior entries of default against PLOT (Dkt. Nos. 35 , 155 ); and it is further ORDERED, that Plaintiffs' claims against PLOT are DISMISSED for lack of subject matter jurisdiction; and it is further ORDERED, that the Clerk is respectfully directed to TERMINATE Plaintiff Jon Lizak and Defendant PLOT from the docket of this action; and it is further ORDERED, that Plaintiffs shall have fourteen (14) days to SHOW CAUSE, in a memorandum of law not to exceed fifteen (15) pages, double-spaced, as to (1) why this Court should not sua sponte dismiss the College Republicans' claims for lack of Article III standing, and (2) why this Court should not sua sponte dismiss YAF and the College Republicans' claims against the College Progressives for lack of Article III standing. The limit of fifteen (15) pages does not apply to exhibits that may be needed to prove certain jurisdictional facts; and it is further ORDERED, that should any Defendant wish to respond to Plaintiffs' memorandum to show cause, Defendants must first seek leave of Court in a letter brief not to exceed one (1) page, single-spaced. Signed by Senior Judge Lawrence E. Kahn on 3/23/2023. (dpk) (Entered: 03/23/2023) |
| 03/29/2023 | 224 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting judicial subpoena for witnesses Kessler and Murray, and additional time to locate witness Ricardi submitted to Judge Therese Wiley Dancks . (Attachments: # 1 Exhibit(s) 1 - proposed Kessler judicial subpoena, # 2 Exhibit(s) proposed Murray judicial subpoena)(Moore, John) (Entered: 03/29/2023) |

| | | |
|---|---|---|
| 03/29/2023 | 225 | NOTICE OF APPEARANCE by Kimberly Wade on behalf of Binghamton University College Republicans, Young America's Foundation (Wade, Kimberly) (Entered: 03/29/2023) |
| 03/31/2023 | 226 | TEXT ORDER granting 224 request for Court issued subpoenas as to witnesses Kessler and Murray, which have been issued by the Court and are attached to this docket entry. Court reviewed status report (Dkt. No. 224) and directs defendants to submit a request for a subpoena, if necessary, for the testimony of witness Ricardi by 4/7/2023. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/31/2023. (Attachments: # 1 Judicial Subpoena) (sg) (Entered: 03/31/2023) |
| 04/06/2023 | 227 | RESPONSE TO ORDER TO SHOW CAUSE filed by Binghamton University College Republicans, Young America's Foundation. (Attachments: # 1 Declaration of Rein Bey in Support of Plaintiffs' Memorandum of Law in Response to Court's Order to Show Cause) (Hruska, Andrew) (Entered: 04/06/2023) |
| 04/07/2023 | 228 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting judicial subpoena for witness Ricardi submitted to Judge Therese Wiley Dancks . (Attachments: # 1 Exhibit(s) 1 - proposed judicial subpoena - J Ricardi)(Moore, John) (Entered: 04/07/2023) |
| 04/10/2023 | 229 | TEXT ORDER: Court reviewed status report and proposed subpoena (Dkt. No. 228 ) and notes the subpoena is incomplete. Therefore, the request for the subpoena is denied without prejudice to defendant submitting all three pages of the proposed subpoena by 4/12/2023. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 4/10/2023. (sg ) (Entered: 04/10/2023) |
| 04/10/2023 | 230 | *Resubmitted* Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting judicial subpoena for witness Ricardi submitted to Judge Therese Wiley Dancks . (Attachments: # 1 Exhibit(s) 1 - resubmitted judicial subpoena - Ricardi)(Moore, John) (Entered: 04/10/2023) |
| 04/11/2023 | 231 | TEXT ORDER granting 230 Letter Request for Court issued subpoena as to Joe Ricardi, which is attached to this docket entry. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 4/11/2023. (sg) (Entered: 04/11/2023) |
| 04/14/2023 | 232 | Letter Motion from Andrew C. Hruska, Esq. for Binghamton University College Republicans, Young America's Foundation requesting non-dispositive motion conference with the Court to discuss Plaintiffs' need to file a motion for leave to file an amended complaint submitted to Judge Therese Wiley Dancks . (Attachments: # 1 Exhibit A - Proposed Amended Complaint, # 2 Exhibit B - Redline Comparison of the proposed Amended Complaint and the previously filed Verified Complaint)(Hruska, Andrew) (Entered: 04/14/2023) |
| 04/17/2023 | 233 | TEXT ORDER granting 232 Letter Request: Telephone conference is scheduled for 5/4/2023 at 9:30am. Court will provide the call in instructions by separate text entry. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 4/17/2023. (jcl) (Entered: 04/17/2023) |
| 04/17/2023 | | TEXT NOTICE of Hearing: A Telephone Conference has been set for 5/4/2023 at 9:30 AM before Magistrate Judge Therese Wiley Dancks. Counsel are directed to call the following number for this conference: 315-691-0477, and enter ID code 241 299 198 to connect to the conference. (jcl) (Entered: 04/17/2023) |
| 04/26/2023 | 234 | Letter Motion from John F Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting assistance with outstanding discovery issues submitted to Judge Therese Wiley Dancks . (Attachments: # 1 Exhibit(s) 1 - 8)(Moore, John) (Entered: 04/26/2023) |

| | | |
|---|---|---|
| 04/26/2023 | 235 | NOTICE OF APPEARANCE by Thomas J Scrivo on behalf of Binghamton University College Republicans, Young America's Foundation (Scrivo, Thomas) (Entered: 04/26/2023) |
| 04/27/2023 | 236 | TEXT ORDER: The TIME ONLY of the 5/4/2023 Telephone Conference HAS BEEN CHANGED TO 10AM. Counsel are directed to call the following number for this conference: 315-691-0477, and enter ID code 241 299 198 to connect to the conference. Plaintiffs should file a response, no longer than 3pp, single spaced, 12pt font, to the issues raised in Dkt. No. 234 by 5pm on 5/1/2023. The parties should be prepared to discuss Plaintiff's request to file a motion to amend, and these other discovery issues at the conference. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 4/27/2023. (sg) (Entered: 04/27/2023) |
| 05/01/2023 | 237 | RESPONSE TO LETTER BRIEF filed by Binghamton University College Republicans, Young America's Foundation as to 234 Letter Request/Motion, filed by Brian Rose, John Pelletier, Harvey Stenger, 236 Order,,, Set Hearings,, - *Plaintiffs' Letter dated 5/1/2023 in response to State Defendants' April 26, 2023 letter (Dkt. No. 234) and the Court's order (Dkt. No. 236)*. (Hruska, Andrew) (Entered: 05/01/2023) |
| 05/02/2023 | | **PLEASE READ** IMPORTANT TEXT NOTICE of Rescheduling of the 5/4/2023 Telephone Conference: Due to a conflict on the Court's calendar the 5/4/2023 Telephone Conference has been RESCHEDULED for 5/24/2023 at 10:30 AM before Magistrate Judge Therese Wiley Dancks. Counsel are directed to call the following number for this conference: 315-691-0477, and enter ID code 241 299 198 to connect to the conference(sg) (Entered: 05/02/2023) |
| 05/19/2023 | 238 | MEMORANDUM-DECISION AND ORDER. It is hereby ORDERED, that Plaintiffs' claims against the College Progressives are DISMISSED for lack of subject matter jurisdiction; and it is further ORDERED, that the Clerk of the Court is respectfully directed to TERMINATE the College Progressives from the docket of this action; and it is further ORDERED, that the February 2022 Order (Dkt. No. 142 ) is VACATED; and it is further ORDERED, that Plaintiff's request to hold that non-party Masai Andrews is authorized to accept service on PLOT's behalf (Dkt. No. 127 ) is DENIED as moot; and it is further ORDERED, that the Clerk shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and it is further ORDERED, that the Clerk shall serve a copy of this Memorandum-Decision and Order on the two attorneys who attempted to appear on behalf of non-party Masai Andrews earlier in this litigation (Dkt. Nos. 149-50). The Court requests that one or both attorneys inform non-party Masai Andrews of the contents of this Memorandum-Decision and Order. Signed by Senior Judge Lawrence E. Kahn on 5/19/2023. (Copies served upon attorneys as directed) (dpk) (Entered: 05/19/2023) |
| 05/23/2023 | 239 | MOTION for Limited Admission Pro Hac Vice of Kyle Maury Filing fee $100, receipt number ANYNDC-6305754. (Attachments: # 1 Declaration of Sponsor, # 2 Proposed Order/Judgment, # 3 Exhibit(s) Petition for Admission, # 4 Exhibit(s) E-filing Registration Form, # 5 Exhibit(s) Oath, # 6 Exhibit(s) Certificate of Good Standing) Motions referred to Therese Wiley Dancks. (Miller, Steve) (Entered: 05/23/2023) |
| 05/24/2023 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks: Telephone Conference held on 5/24/2023. Appearances: Andrew Hruska, Esq., Steve Miller, Esq., Thomas Scrivo, Esq., Philip Sechler, Esq., and Kyle Morey (PHV admission pending) for Plaintiffs; John Moore, Esq., Amanda Kuryluk, Esq., and Thomas Saitta, Esq. for Defendants. Court hears from counsel re: motion to amend and discovery issues. Court issues rulings and sets deadlines, a text order will follow. Court reminds counsel that requests for extensions of any court ordered deadlines must be made before the deadline expires. (sg) (Entered: 05/24/2023) |

| | | |
|---|---|---|
| 05/24/2023 | 240 | TEXT ORDER: the Court made the following rulings during the 5/24/2023 Telephone Conference: Court will permit plaintiffs to file a motion to amend, which must be filed by 5/31/2023 and will be returnable before District Judge Kahn. Response deadline will be set once the motion is filed. No reply unless permitted by Judge Kahn. Plaintiffs to serve responses to demands re: Kyle Nelson by 5/31/2023. If Plaintiffs cannot meet that deadline an extension request must be made by 5/31/2023. After hearing from counsel re: other discovery issues, the Court will permit Attorney Moore to file a motion to compel an email search for non-party Binghamton University email accounts and to compel an authorization from Rein Bey by 5/31/2023. Motion returnable before Magistrate Judge Dancks. Response to motion due 6/7/2023. No reply permitted. Discovery is closed other than the discovery issues discussed during the telephone conference. Dispositive Motions deadline extended to 8/31/2023. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 5/24/2023. (sg) (Entered: 05/24/2023) |
| 05/25/2023 | | **Notice of Attorney Admission Filing Deficiency** re: 239 Motion for Limited Admission Pro Hac Vice,. Pursuant to LR 83.1(d), the sponsor and/or applicant **MUST** provide the following required documents: Certificate of Good Standing that has been issued by a Court; The corrected documents should be electronically filed with the Court by selecting the 'Supplemental Admission documents' event, which is found under the 'Other Documents' menu. Once all requirements under LR 83.1(d) have been met, the motion will be forwarded to the assigned Magistrate Judge for consideration. (pjh, ) (Entered: 05/25/2023) |
| 05/26/2023 | 241 | Supplemental Admission documents re: 239 Motion for Limited Admission Pro Hac Vice,. (Miller, Steve) (Entered: 05/26/2023) |
| 05/31/2023 | 242 | TEXT ORDER granting 239 Motion for Limited Admission Pro Hac Vice of Kyle Maury, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 5/31/2023. (sg) (Entered: 05/31/2023) |
| 05/31/2023 | 243 | Letter Motion from John F. Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting extension to meet-and-confer and resolve discovery dispute submitted to Judge Therese Wiley Dancks . (Moore, John) (Entered: 05/31/2023) |
| 05/31/2023 | 244 | MOTION to Compel filed by John Pelletier, Brian Rose, Harvey Stenger. Response to Motion due by 6/21/2023 (Attachments: # 1 Declaration, # 2 Exhibit(s) 1 - 9, # 3 Memorandum of Law) Motions referred to Therese Wiley Dancks. (Moore, John) (Entered: 05/31/2023) |
| 05/31/2023 | 245 | MOTION to Amend/Correct 1 Complaint,, filed by Binghamton University College Republicans, Young America's Foundation. Response to Motion due by 6/21/2023 (Attachments: # 1 Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Amended Complaint, # 2 Declaration of Joseph L. Zales in Support of Plaintiffs' Motion for Leave to File Amended Complaint, # 3 Exhibit A - Proposed Amended Complaint, # 4 Exhibit B - Redline comparison of the previously filed Verified Complaint (ECF No. 1) and the Proposed Amended Complaint, # 5 Exhibit C - Email dated April 6, 2023 from Plaintiffs' counsel, # 6 Exhibit D - Email dated April 12, 2023 from counsel for State Defendants, # 7 Exhibit E - Email dated April 13, 2023 from counsel for Defendant Student Association of Binghamton University, # 8 Exhibit F - Email dated April 13, 2023 from counsel for former-defendant College Progressives, # 9 Proposed Order, # 10 |

| | | |
|---|---|---|
| | | Certificate of Service) Motions referred to Therese Wiley Dancks. (Hruska, Andrew) (Entered: 05/31/2023) |
| 06/01/2023 | 246 | TEXT ORDER : Court reviewed letter motion (Dkt. No. 243 ) for extension on motion to compel which the Court was prepared to grant for the reasons stated. Thereafter, State defendants filed their motion (Dkt. No. 244 ) to compel. Therefore, the request for extension is denied as moot. However, the parties should continue to work in good faith to resolve the dispute, and State defendants to file status report by 6/9/2023 regarding any potential resolution of the issues. **If the parties are unable to resolve the dispute, any opposition to the 244 motion to compel is now due 6/16/2023.** SO ORDERED by Magistrate Judge Therese Wiley Dancks on 6/1/2023. (sg) (Entered: 06/01/2023) |
| 06/02/2023 | 247 | NOTICE OF APPEARANCE by Kyle J. Maury on behalf of All Plaintiffs (Maury, Kyle) (Entered: 06/02/2023) |
| 06/08/2023 | 248 | STATUS REPORT/Letter Request by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) Modified on 6/9/2023 (sg, ). (Entered: 06/08/2023) |
| 06/09/2023 | 249 | TEXT ORDER : Court reviewed status report/letter request (Dkt. No. 248 ) regarding the issues that are the subject of the pending motion to compel at Dkt. No. 244 . For the reasons stated, the response deadline set in Dkt. No. 246 for the motion to compel is held in abeyance at this time. State defendants to file further status report regarding potential resolution of the issues in dispute by 6/16/2023. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 6/9/2023. (sg) (Entered: 06/09/2023) |
| 06/19/2023 | 250 | STATUS REPORT/Letter Request by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) Modified on 6/20/2023 (sg, ). (Entered: 06/19/2023) |
| 06/21/2023 | 251 | TEXT ORDER: Court reviewed status report/letter request (Dkt. No. 250 ) regarding issues related to motion to compel (Dkt. No. 244 ). Since the parties have resolved their discovery dispute, the request in Dkt. No. 250 regarding the motion to compel is granted, and the motion to compel (Dkt. No. 244) is therefore denied as moot. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 6/21/2023. (sg) (Entered: 06/21/2023) |
| 06/21/2023 | 252 | RESPONSE in Opposition re 245 MOTION to Amend/Correct 1 Complaint,, filed by Binghamton University College Republicans, Young America's Foundation. filed by Student Association of Binghamton University. (Attachments: # 1 Exhibit(s) E-mail from Kyle Nelson, 7-10-20, # 2 Exhibit(s) E-mail from Maggie Koekkoek 5-12-20, # 3 Exhibit(s) E-mail from Maggie Koekkoek 9-17-20, # 4 Exhibit(s) E-mail from Maggie Koekkoek, # 5 Exhibit(s) E-mail from Jon Lizak, 9-18-20, # 6 Exhibit(s) Deposition transcript of Rein Bey)(Saitta, Thomas) (Entered: 06/21/2023) |
| 06/21/2023 | 253 | RESPONSE in Opposition re 245 MOTION to Amend/Correct 1 Complaint,, filed by Binghamton University College Republicans, Young America's Foundation. filed by Student Association of Binghamton University. (Attachments: # 1 Affidavit Affidavit of service)(Saitta, Thomas) (Entered: 06/21/2023) |

| | | |
|---|---|---|
| 06/21/2023 | 254 | RESPONSE in Opposition re 245 MOTION to Amend/Correct 1 Complaint,, filed by Binghamton University College Republicans, Young America's Foundation. filed by John Pelletier, Brian Rose, Harvey Stenger. (Attachments: # 1 Exhibit(s) 1 - relevant portions of S Faulkner EBT transcript, # 2 Exhibit(s) 2 - EBT transcript of Defendant Pelletier, # 3 Exhibit(s) 3 - EBT transcript of BU AVP T Faughnan, # 4 Exhibit(s) 4 - EBT transcript of Defendant Rose, # 5 Exhibit(s) 5 - EBT transcript of Defendant Stenger, # 6 Exhibit(s) 6 - EBT transcript of SA EVP D Rocabado, # 7 Exhibit(s) 7 - EBT transcript of SA Assoc. Dir. M Johnson, # 8 Exhibit(s) 8 - EBT transcript of Rein Bey, # 9 Exhibit(s) 9 - EBT transcript of College Republicans former President J Restuccia, # 10 Exhibit(s) 10 - relevant portions of EBT transcript of S Haynes, # 11 Memorandum of Law)(Moore, John) (Entered: 06/21/2023) |
| 06/30/2023 | 255 | **STRICKEN PURSUANT TO THE TEXT ORDER OF JUDGE KAHN ISSUED ON 7/6/2023** Letter Motion from Andrew C. Hruska for Binghamton University College Republicans, Young America's Foundation requesting Leave to File Reply on Motion to Amend the Complaint submitted to Judge Lawrence E. Kahn . (Hruska, Andrew) Modified on 7/6/2023 (dpk). (Entered: 06/30/2023) |
| 07/06/2023 | 256 | TEXT ORDER: The Court has received Plaintiffs' letter motion requesting permission to file a reply, Dkt. No. 255 , in support of their motion for leave to file an amended complaint. Dkt. No. 245 . Local Rule 7.1(a)(2) governs replies in the context of non-dispositive motions like the one at issue here. In particular, L.R. 7.1(a)(2) states: "Reply papers and adjournments are not permitted without the Court's prior permission." Accordingly, in exercising the discretion afforded by L.R. 7.1(a)(2), Plaintiffs' letter motion is DENIED. The Clerk is respectfully directed to strike the filing at Dkt. No. 255 . SO ORDERED by Senior Judge Lawrence E. Kahn on 7/6/2023. (dpk) (Entered: 07/06/2023) |
| 08/04/2023 | 257 | Letter Motion from John F. Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting extension of dispositive motion deadline submitted to Judge Therese Wiley Dancks . (Moore, John) (Entered: 08/04/2023) |
| 08/04/2023 | 258 | TEXT ORDER : Court reviewed defendants' letter motion (Dkt. No. 257 ) for extension of dispositive motion deadline which is granted for the reasons stated. Dispositive motions due 10/27/2023. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 8/4/2023. (sg ) (Entered: 08/04/2023) |
| 10/02/2023 | 259 | Letter Motion from John F. Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting extension of dispositive motion deadline submitted to Judge Therese Wiley Dancks . (Moore, John) (Entered: 10/02/2023) |
| 10/02/2023 | 260 | TEXT ORDER: Court reviewed letter motion (Dkt. No. 259 ) for an extension of time to file dispositive motion. Motion granted as follows: the dispositive motion deadline is held in abeyance at this time and will be reset once a decision is issued on the pending motion (Dkt. No. 245 ) to amend. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 10/2/2023. (sg) (Entered: 10/02/2023) |
| 11/17/2023 | 261 | MEMORANDUM-DECISION AND ORDER. It is hereby ORDERED, that Plaintiffs' Motion (Dkt. No 245 ) is GRANTED in its entirety; and it is further ORDERED, that the Scheduling Order (Dkt. No. 160 ) is MODIFIED to permit Plaintiffs to file an amended complaint; and it is further ORDERED, that Plaintiffs have fourteen (14) days from this Memorandum-Decision and Order to file an amended complaint; and it is further ORDERED, that Plaintiffs are permitted to include the following claims in their amended complaint: (1) an unconstitutional suppression of speech under the First Amendment against Rose in his personal capacity; (2) violation of the Equal Protection Clause of the Fourteenth Amendment against Rose in his personal capacity; and (3) unconstitutional |

| | | |
|---|---|---|
| | | retaliation under the First Amendment against Stenger and Rose in their personal capacities; and it is further ORDERED, that Rein Bey is JOINED as a plaintiff in this action in her official capacity as President of the College Republicans; and it is further ORDERED, that the Clerk add Rein Bey as a party to this action. Signed by Senior Judge Lawrence E. Kahn on 11/17/2023. (dpk) (Entered: 11/17/2023) |
| 11/21/2023 | 262 | AMENDED COMPLAINT *for Injunctive and Declaratory Relief, Monetary and Punitive Damages, and Attorneys' Fees and Costs with Jury Demand* against John Pelletier, Brian Rose, Harvey Stenger, Student Association of Binghamton University filed by Binghamton University College Republicans, Young America's Foundation, Rein Bey. (Hruska, Andrew) (Entered: 11/21/2023) |
| 11/21/2023 | 263 | TEXT ORDER re 262 Amended Complaint: Answer to amended complaint due 12/5/2023. Dispositive Motions to be filed by 2/28/2024. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/21/2023. (sg) (Entered: 11/21/2023) |
| 11/29/2023 | 264 | Letter Motion from John F. Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting extension of deadlines submitted to Judge Therese Wiley Dancks . (Moore, John) (Entered: 11/29/2023) |
| 11/29/2023 | 265 | TEXT ORDER : Court reviewed defendants' letter request (Dkt. No. 264 ) for extension of time to respond to amended complaint, which is granted for the reasons stated. Response to the amended complaint due 1/5/2024; dispositive motions to be filed by 3/15/2024. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/29/2023. (sg) (Entered: 11/29/2023) |
| 12/01/2023 | 266 | Letter Motion from Thomas A. Saitta, Esq. for Student Association of Binghamton University requesting clarification of Text Order submitted to Judge Dancks *re: extension of answering and dispositive motion deadlines*. (Saitta, Thomas) (Entered: 12/01/2023) |
| 12/05/2023 | 267 | TEXT ORDER: Court reviewed letter request for clarification (Dkt. No. 266 ). The deadline for all defendants to respond to the amended complaint is 1/5/2024. The deadline for dispositive motions for all parties is 3/15/2024. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 12/5/2023. (sg ) (Entered: 12/05/2023) |
| 12/20/2023 | 268 | Letter Motion from John F. Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting abeyance of deadlines until new counsel appears submitted to Judge Therese Wiley Dancks . (Moore, John) (Entered: 12/20/2023) |
| 12/20/2023 | 269 | RESPONSE in Opposition re 268 Letter Motion from John F. Moore, AAG for John Pelletier, Brian Rose, Harvey Stenger requesting abeyance of deadlines until new counsel appears submitted to Judge Therese Wiley Dancks *by Andrew C, Hruska, Esq.* filed by Rein Bey, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 12/20/2023) |
| 12/26/2023 | 270 | TEXT ORDER : Court reviewed letter request (Dkt. No. 268 ) filed by defendants Stenger, Rose, and Pelletier seeking to hold the remaining deadlines in abeyance so that new counsel may be obtained by said defendants. Court also reviewed plaintiffs' letter (Dkt. No. 269 ) in opposition. Letter request granted in part and denied in part. Court agrees with plaintiffs regarding said defendants' knowledge that conflicts may exist in their representation and therefore will not hold remaining deadlines in abeyance indefinitely. However, the remaining deadlines are extended as follows: answer to amended complaint due 2/16/2024; dispositive motions now due 4/26/2024. No further extensions will be granted to any party for any reason. Attorneys Moore and Kuryluk remain as counsel for Stenger, Rose, and Pelletier at this time. New counsel for said defendants must appear by 1/16/2024. If new counsel has not appeared for said defendants by that date, attorney Moore must file a status report regarding new counsel |

| | | |
|---|---|---|
| | | by 1/16/2024. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 12/26/2023. (sg) (Entered: 12/26/2023) |
| 01/16/2024 | 271 | STATUS REPORT by John Pelletier, Brian Rose, Harvey Stenger. (Moore, John) (Entered: 01/16/2024) |
| 01/16/2024 | 272 | TEXT ORDER: Court reviewed status report (Dkt. No. 271 ) regarding new counsel for defendants Stenger, Rose, and Pelletier. Attorneys Moore and Kuryluk continue to remain as counsel for Stenger, Rose, and Pelletier. Proper substitutions of counsel should be filed and new counsel for said defendants must appear by 1/26/2024. If new counsel has not appeared for said defendants by that date, attorney Moore must file a status report regarding new counsel by 1/26/2024. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 1/16/2024. (sg) (Entered: 01/16/2024) |
| 01/24/2024 | 273 | NOTICE by John Pelletier - *proposed Consent Order Granting Substitution of Attorney* (Moore, John) (Entered: 01/24/2024) |
| 01/24/2024 | 274 | CONSENT ORDER Granting Substitution of Attorney as to Defendant John Pelletier: Defendant Pelletier is now represented by attorney Molly M. Ryan. AAGs John Moore and Amanda Kuryluk no longer representing this defendant. Attorney Ryan is directed to immediately file a notice of appearance. Signed by Magistrate Judge Therese Wiley Dancks on 1/24/2024. (sg) (Entered: 01/24/2024) |
| 01/24/2024 | 275 | NOTICE OF APPEARANCE by Molly M. Ryan on behalf of John Pelletier (Ryan, Molly) (Entered: 01/24/2024) |
| 01/24/2024 | 276 | NOTICE OF APPEARANCE by Meghan Brown on behalf of John Pelletier (Brown, Meghan) (Entered: 01/24/2024) |
| 01/24/2024 | 277 | NOTICE by Harvey Stenger *proposed Consent Order Granting Substitution of Attorney* (Moore, John) (Entered: 01/24/2024) |
| 01/25/2024 | 278 | CONSENT ORDER Granting Substitution of Attorney as to Defendant Harvey Stenger: Defendant Stenger is now represented by attorney Matthew J. Larkin. AAGs John Moore and Amanda Kuryluk no longer representing this defendant. Attorney Larkin is directed to immediately file a notice of appearance. Signed by Magistrate Judge Therese Wiley Dancks on 1/25/2024. (sg) (Entered: 01/25/2024) |
| 01/26/2024 | 279 | NOTICE OF APPEARANCE by Matthew J. Larkin on behalf of Harvey Stenger (Larkin, Matthew) (Entered: 01/26/2024) |
| 01/26/2024 | 280 | NOTICE OF APPEARANCE by David M. Fulvio on behalf of Harvey Stenger (Fulvio, David) (Entered: 01/26/2024) |
| 01/26/2024 | 281 | NOTICE OF APPEARANCE by Nicholas Constantino on behalf of Harvey Stenger (Constantino, Nicholas) (Entered: 01/26/2024) |
| 01/26/2024 | 282 | STATUS REPORT by Brian Rose. (Moore, John) (Entered: 01/26/2024) |
| 01/26/2024 | 283 | NOTICE by Brian Rose - *proposed Consent Order Granting Substitution of Attorney* (Moore, John) (Entered: 01/26/2024) |
| 01/29/2024 | 284 | CONSENT ORDER Granting Substitution of Attorney as to Defendant Brian Rose: Defendant Rose is now represented by attorney Louis P. DiLorenzo, Esq. AAGs John Moore and Amanda Kuryluk no longer representing this defendant. Attorney DiLorenzo is directed to immediately file a notice of appearance. Signed by Magistrate Judge Therese Wiley Dancks on 1/29/2024. (sg ) (Entered: 01/29/2024) |
| 01/29/2024 | 285 | TEXT ORDER: Now that all new counsel have appeared, the parties are directed to confer in good faith to discuss settlement options and request a settlement conference or |

| | | |
|---|---|---|
| | | return to mediation if necessary. Defendants are reminded that their answers to the amended complaint (Dkt. No. 262 ) are due 2/16/2024; dispositive motions are due 4/26/2024. New counsel for defendant Rose should immediately file a notice of appearance. Plaintiffs' counsel should also immediately file a notice of appearance for new plaintiff Rein Bey. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 1/29/2024. (sg) (Entered: 01/29/2024) |
| 01/29/2024 | 286 | NOTICE OF APPEARANCE by Louis P. DiLorenzo on behalf of Brian Rose (DiLorenzo, Louis) (Entered: 01/29/2024) |
| 01/30/2024 | 287 | NOTICE OF APPEARANCE by Hamilton Reid Craig on behalf of Rein Bey (Craig, Hamilton) (Entered: 01/30/2024) |
| 01/30/2024 | 288 | NOTICE OF APPEARANCE by Andrew Hruska on behalf of Rein Bey (Hruska, Andrew) (Entered: 01/30/2024) |
| 01/30/2024 | 289 | NOTICE OF APPEARANCE by Kimberly Wade on behalf of Rein Bey (Wade, Kimberly) (Entered: 01/30/2024) |
| 01/30/2024 | 290 | NOTICE OF APPEARANCE by Kyle J. Maury on behalf of Rein Bey (Maury, Kyle) (Entered: 01/30/2024) |
| 01/30/2024 | 291 | NOTICE OF APPEARANCE by Joseph Zales on behalf of Rein Bey (Zales, Joseph) (Entered: 01/30/2024) |
| 01/31/2024 | 292 | NOTICE OF APPEARANCE by Thomas J Scrivo on behalf of Rein Bey (Scrivo, Thomas) (Entered: 01/31/2024) |
| 01/31/2024 | 293 | NOTICE OF APPEARANCE by Tyson Charles Langhofer on behalf of Rein Bey (Langhofer, Tyson) (Entered: 01/31/2024) |
| 01/31/2024 | 294 | NOTICE OF APPEARANCE by Philip A. Sechler on behalf of Rein Bey (Sechler, Philip) (Entered: 01/31/2024) |
| 01/31/2024 | 295 | NOTICE OF APPEARANCE by Steve Miller on behalf of Rein Bey (Miller, Steve) (Entered: 01/31/2024) |
| 02/05/2024 | 296 | NOTICE OF APPEARANCE by Mallory A. Campbell on behalf of Brian Rose (Campbell, Mallory) (Entered: 02/05/2024) |
| 02/13/2024 | 297 | ANSWER to 262 Amended Complaint, by Student Association of Binghamton University.(Saitta, Thomas) (Entered: 02/13/2024) |
| 02/16/2024 | 298 | ANSWER to 262 Amended Complaint, by Brian Rose.(Campbell, Mallory) (Entered: 02/16/2024) |
| 02/16/2024 | 299 | ANSWER to 262 Amended Complaint, by John Pelletier.(Ryan, Molly) (Entered: 02/16/2024) |
| 02/16/2024 | 300 | CERTIFICATE OF SERVICE by John Pelletier re 299 Answer to Amended Complaint (Ryan, Molly) (Entered: 02/16/2024) |
| 02/16/2024 | 301 | ANSWER to 262 Amended Complaint, by Harvey Stenger.(Larkin, Matthew) (Entered: 02/16/2024) |
| 03/15/2024 | 302 | *SUNY Defendants Joint* Letter Motion from Louis P. DiLorenzo for Brian Rose requesting Extension of Time to File Dispositive Motions submitted to Judge Therese Wiley Dancks . (DiLorenzo, Louis) (Entered: 03/15/2024) |
| 03/19/2024 | 303 | TEXT ORDER : Court reviewed letter request (Dkt. No. 302 ) for an extension of the dispositive motion deadline, which is granted, in part. The dispositive motion deadline is |

| | | |
|---|---|---|
| | | reset to 5/31/2024, and any further request for extensions of any deadlines including the response and reply deadlines will be summarily denied. Counsel is correct that the Court stated, "no further extensions will be granted to any party **for any reason**" (emphasis supplied) (Dkt. No. 270 ), and new counsel for defendants were presumably aware of this deadline and the voluminous docket entries and discovery at the time they agreed to accept the representation of the defendants. Court also notes that all new counsel are part of large law firms which have multiple attorneys. The parties can work on settlement while working on any dispositive motions. In that regard, the Court suggests the parties consider reaching out to the prior mediator to assist with settlement negotiations or contact the Court to request a settlement conference. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/19/2024. (sg) (Entered: 03/19/2024) |
| 04/09/2024 | 304 | NOTICE by Rein Bey, Binghamton University College Republicans, Young America's Foundation *Letter from Andrew C. Hruska to the Hon. Lawrence E. Kahn re: Notice Under Rule 1.12, New York Rules of Professional Conduct Regarding Samuel Rubenstein* (Hruska, Andrew) (Entered: 04/09/2024) |
| 04/09/2024 | 305 | STATUS REPORT by Harvey Stenger. (Fulvio, David) (Entered: 04/09/2024) |
| 04/10/2024 | 306 | TEXT ORDER: Court reviewed status report (Dkt. 305 ) regarding the parties' discussions about possibly returning to mediation. If the parties decide mediation or a Court conference would be useful in the future, they should file a request on the docket accordingly. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 4/10/2024. (sg) (Entered: 04/10/2024) |
| 05/31/2024 | 307 | MOTION for Summary Judgment filed by John Pelletier. Motion returnable before Judge Lawrence E. Kahn. Response to Motion due by 6/21/2024. Reply to Response to Motion due by 6/28/2024 (Attachments: # 1 Memorandum of Law, # 2 Declaration, # 3 Statement of Material Facts, # 4 Exhibit(s) John Pelletiers deposition transcript defendant, # 5 Exhibit(s) Joseph Gallaghers deposition transcript UPD investigator, # 6 Exhibit(s) Steven Faulkners deposition transcript UPD lieutenant, # 7 Exhibit(s) Brian Roses deposition transcript defendant, # 8 Exhibit(s) Harvey Stengers deposition transcript defendant, # 9 Exhibit(s) Timothy Faughnans deposition transcript BUs Associate VP of Emergency Services, # 10 Exhibit(s) Arthur Laffers deposition transcript nonparty, # 11 Exhibit(s) Randi Butlers deposition transcript nonparty, Laffers chief of staff, # 12 Exhibit(s) Raj Kannappans deposition transcript plaintiff Young Americas Foundation, # 13 Exhibit(s) Matthew Johnsons deposition transcript defendant Student Association of Binghamton University, Inc., # 14 Exhibit(s) Lacey Kestechers deposition transcript plaintiff College Republicans, # 15 Exhibit(s) Lacey Kestechers deposition transcript plaintiff College Republicans, # 16 Exhibit(s) John Restuccias deposition transcript plaintiff College Republicans, # 17 Exhibit(s) Spencer Hayness deposition transcript plaintiff College Republicans, # 18 Exhibit(s) Jon Lizaks deposition transcript plaintiff College Republicans, # 19 Exhibit(s) Guiseppe Badalamentis deposition transcript plaintiff College Republicans, # 20 Exhibit(s) Rein Bey plaintiff College Republicans, # 21 Exhibit(s) Kyle Nelson plaintiff College Republicans, # 22 Exhibit(s) Logan Blakeslees deposition transcript plaintiff College Republicans, # 23 Exhibit(s) Ryan Yarosh's deposition transcript BUs Executive Director of Media & Public Relations, # 24 Exhibit(s) Deposition exhibit JP1 emails re Tabling Event, # 25 Exhibit(s) Deposition exhibit JP2 emails re protests, groups, Tabling & Laffer Events, # 26 Exhibit(s) Deposition exhibits JP3, F2 UPD reports from Tabling Event, # 27 Exhibit(s) Deposition exhibit G5 YAF emails re violence planned for Laffer Event, # 28 Exhibit(s) Deposition exhibits G6, F5, BR2, RY2 emails. re Laffer Event, # 29 Exhibit(s) Deposition exhibit G7 email re PLOT post, # 30 Exhibit(s) Deposition exhibit JP6 emails re Laffer Event plans, # 31 Exhibit(s) Deposition exhibit F7 UPD reports from Laffer Event, # 32 Exhibit(s) Deposition exhibit F6 UPD Operational Order for Laffer Event, # 33 Exhibit(s) Deposition exhibits JP7-JP10, HS5 emails with suspect list, # 34 Exhibit(s) Deposition |

| | | |
|---|---|---|
| | | exhibit G2 - email & summary of Tabling Event, # 35 Exhibit(s) Deposition exhibit G4 - emails re Laffer Event plans, # 36 Exhibit(s) Deposition exhibit G8 - email re suspect list, # 37 Exhibit(s) Deposition exhibit F1 UPD General Order 342, # 38 Exhibit(s) Deposition exhibit F1 UPD General Order 342, # 39 Exhibit(s) Deposition exhibit F3 email re Laffer Event, # 40 Exhibit(s) Deposition exhibit F4 emails re Laffer Event, # 41 Exhibit(s) Deposition exhibit BR1 Rose statement after Tabling Event, # 42 Exhibit(s) Deposition exhibit BR14 8 NYCRR 535.3, # 43 Exhibit(s) Deposition exhibit HS1 Stenger statement after Tabling Event, # 44 Exhibit(s) Deposition exhibit 10 Plaintiffs emails regarding Tabling Event, # 45 Exhibit(s) Deposition exhibit SA2 Student Associations sanctions summary, # 46 Exhibit(s) Deposition exhibits SA3; 1 from Kestecher Reservation Guidelines, # 47 Exhibit(s) Deposition exhibit 5 Reservation Guidelines., # 48 Exhibit(s) Deposition exhibit SA5 Student Association's email re sanctions, # 49 Exhibit(s) Deposition exhibit 17 photo of Tabling Event, # 50 Exhibit(s) Deposition exhibit SA4 Student Associations email summary of events, # 51 Exhibit(s) Deposition exhibit SA7 Student Association's email re sanctions, # 52 Exhibit(s) Deposition exhibit 3 Room reservations, # 53 Exhibit(s) Deposition exhibit 11 Laffer Event approval, # 54 Exhibit(s) BUs video footage of Tabling Event (there is no audio)., # 55 Exhibit(s) Deposition exhibit 15 BUs video footage of Laffer Event (there is no audio), # 56 Exhibit(s) Investigator Joseph T. Gallaghers declaration., # 57 Exhibit(s) Amanda Finch's declaration) (Ryan, Molly) (Entered: 05/31/2024) |
| 05/31/2024 | 308 | MOTION for Summary Judgment filed by Harvey Stenger. Motion returnable before Judge Lawrence E. Kahn,. Response to Motion due by 6/21/2024. Reply to Response to Motion due by 6/28/2024 (Attachments: # 1 Statement of Material Facts, # 2 Affirmation of Matthew J. Larkin, Esq., # 3 Exhibit(s) A, # 4 Exhibit(s) B, # 5 Exhibit(s) C, # 6 Exhibit(s) D, # 7 Exhibit(s) E, # 8 Exhibit(s) F, # 9 Exhibit(s) G, # 10 Exhibit(s) H, # 11 Exhibit(s) I, # 12 Exhibit(s) J, # 13 Exhibit(s) K, # 14 Exhibit(s) L, # 15 Exhibit(s) M, # 16 Exhibit(s) N, # 17 Exhibit(s) O, # 18 Exhibit(s) P, # 19 Exhibit(s) Q, # 20 Exhibit(s) R, # 21 Exhibit(s) S, # 22 Exhibit(s) T, # 23 Exhibit(s) U, # 24 Exhibit(s) V, # 25 Exhibit(s) W, # 26 Exhibit(s) X, # 27 Exhibit(s) Y, # 28 Exhibit(s) Z, # 29 Exhibit(s) AA, # 30 Exhibit(s) BB, # 31 Exhibit(s) CC, # 32 Exhibit(s) DD, # 33 Exhibit(s) EE, # 34 Exhibit(s) FF, # 35 Exhibit(s) GG, # 36 Exhibit(s) HH, # 37 Exhibit(s) II, # 38 Exhibit(s) JJ, # 39 Exhibit(s) KK, # 40 Exhibit(s) LL, # 41 Exhibit(s) MM, # 42 Affidavit of Stenger, # 43 Affidavit of Gallagher, # 44 Affidavit of Finch, # 45 Exhibit(s) A, # 46 Memorandum of Law) (Larkin, Matthew) (Entered: 05/31/2024) |
| 05/31/2024 | 309 | CERTIFICATE OF SERVICE by John Pelletier re 307 MOTION for Summary Judgment filed by John Pelletier. Motion returnable before Judge Lawrence E. Kahn. (Ryan, Molly) (Entered: 05/31/2024) |
| 05/31/2024 | 310 | CERTIFICATE OF SERVICE by Harvey Stenger re 308 MOTION for Summary Judgment filed by Harvey Stenger. Motion returnable before Judge Lawrence E. Kahn,. (Larkin, Matthew) (Entered: 05/31/2024) |
| 05/31/2024 | 311 | First MOTION for Summary Judgment filed by Student Association of Binghamton University. Motion returnable before Judge Hon. Lawrence E. Kahn. Response to Motion due by 6/21/2024. Reply to Response to Motion due by 6/28/2024 (Attachments: # 1 Declaration, # 2 Exhibit(s) SA Reservation Guidelines, # 3 Exhibit(s) UPD Narrative Report 11/14/19, # 4 Affidavit, # 5 Exhibit(s) SA Sanctions policy, # 6 Exhibit(s) Matt Johnson e-mail 6/14/22, # 7 Exhibit(s) Rose e-mail 11/22/19, # 8 Exhibit(s) SA Board Minutes 6/2/20, # 9 Exhibit(s) Bishop e-mail 12/6/19, # 10 Exhibit(s) SA charter application policy, # 11 Exhibit(s) SA Managment Policy, # 12 Exhibit(s) Lolashvili e-mail 4/8/19, # 13 Exhibit(s) Hu e-mail 10/6/19 (1), # 14 Exhibit(s) Hu e-mail 10/8/19, # 15 Exhibit(s) Hu e-mail 10/6/19 (2), # 16 Exhibit(s) Rose e-mail 10/17/19, # 17 Affidavit, # 18 Exhibit(s) Bishop e-mail 11/14/19, # 19 Exhibit(s) Bishop e-mail 11/19/19, # 20 Exhibit(s) SA Sanctions policy, # 21 Affidavit, # 22 Exhibit(s) Koekkoek e-mail 5/18/20, |

| | | |
|---|---|---|
| | | # 23 Exhibit(s) Nelson e-mail 7/10/20, # 24 Exhibit(s) Koekkoek e-mail 7/10/20, # 25 Exhibit(s) Koekkoek e-mail 9/17/20, # 26 Exhibit(s) Lizak e-mail 9/18/20, # 27 Exhibit(s) Liazk e-mail 9/24/20, # 28 Exhibit(s) Koekkoek e-mail 9/25/20, # 29 Exhibit(s) Kestecher e-mail 7/10/20, # 30 Statement of Material Facts, # 31 Memorandum of Law) (Saitta, Thomas) (Entered: 05/31/2024) |
| 05/31/2024 | 312 | CERTIFICATE OF SERVICE by Student Association of Binghamton University (Saitta, Thomas) (Entered: 05/31/2024) |
| 05/31/2024 | 313 | MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge Lawrence E. Kahn. Response to Motion due by 6/21/2024. Reply to Response to Motion due by 6/28/2024 (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) H, # 10 Exhibit(s) I, # 11 Exhibit(s) J, # 12 Exhibit(s) K, # 13 Exhibit(s) L, # 14 Exhibit(s) M, # 15 Exhibit(s) N, # 16 Exhibit(s) O, # 17 Exhibit(s) P, # 18 Exhibit(s) Q, # 19 Exhibit(s) R, # 20 Exhibit(s) S, # 21 Exhibit(s) T, # 22 Exhibit(s) U, # 23 Exhibit(s) V, # 24 Exhibit(s) W, # 25 Exhibit(s) X, # 26 Exhibit(s) Y, # 27 Exhibit(s) Z, # 28 Exhibit(s) AA, # 29 Exhibit(s) BB, # 30 Exhibit(s) CC, # 31 Exhibit(s) DD, # 32 Exhibit(s) EE, # 33 Exhibit(s) FF, # 34 Exhibit(s) GG, # 35 Exhibit(s) HH, # 36 Exhibit(s) II, # 37 Exhibit(s) JJ, # 38 Exhibit(s) KK, # 39 Exhibit(s) LL, # 40 Exhibit(s) MM, # 41 Exhibit(s) NN, # 42 Exhibit(s) OO, # 43 Exhibit(s) PP, # 44 Exhibit(s) QQ, # 45 Exhibit(s) RR, # 46 Exhibit(s) SS, # 47 Statement of Material Facts, # 48 Memorandum of Law) (DiLorenzo, Louis) (Additional attachment(s) added on 6/5/2024: # 49 Redacted Exhibit A) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 50 Redacted Exhibit B) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 51 Redacted Exhibit C) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 52 Redacted Exhibit D) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 53 Redacted Exhibit E) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 54 Redacted Exhibit F) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 55 Redacted Exhibit G) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 56 Redacted Exhibit H) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 57 Redacted Exhibit I) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 58 Redacted Exhibit J) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 59 Redacted Exhibit K) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 60 Redacted Exhibit L) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 61 Redacted Exhibit O) (hmr) (Additional attachment(s) added on 6/5/2024: # 62 Redacted Exhibit P) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 63 Redacted Exhibit CC) (hmr, ). (Additional attachment(s) added on 6/5/2024: # 64 Redacted Exhibit HH) (hmr, ). (Entered: 05/31/2024) |
| 05/31/2024 | 314 | CERTIFICATE OF SERVICE by Brian Rose re 313 MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge Lawrence E. Kahn. (DiLorenzo, Louis) (Entered: 05/31/2024) |
| 05/31/2024 | | Clerk's Office received a MFT filing containing digital media - Exhibits LL (Dkt. No. 308-40) and MM (Dkt. No. 308-41) to the 308 Motion for Summary Judgment. Not available for public viewing. (jel, ) (Entered: 06/03/2024) |
| 05/31/2024 | | Clerk's Office received a MFT filing containing digital media - Exhibits QQ (Dkt. No. 313-44) and RR (Dkt. No. 313-45) to the 313 Motion for Summary Judgment. Not available for public viewing. (jel, ) (Entered: 06/04/2024) |
| 06/03/2024 | 315 | USB Drive: Syracuse Clerk's Office received a USB drive containing digital media - Exhibit 51 and Exhibit 52 to the # 307 Motion for Summary Judgement. Not available for public viewing. (mmg). (Entered: 06/03/2024) |

| | | |
|---|---|---|
| 06/04/2024 | | TEXT NOTICE OF FILING DEFICIENCY as to Brian Rose regarding the 313 MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge Lawrence E. Kahn. **NOTICE IS HEREBY GIVEN** of the following Filing Deficiency: Counsel has submitted documents that are not in compliance with redaction requirements pursuant to Federal and NYND Local Rules 5.2 Personal Privacy Protection and General Order 22, Section 11.2. This document has been TEMPORARILY RESTRICTED. Counsel is directed to make the appropriate redactions to the above referenced document and electronically file the redacted document within 3 days of this notice **using the event CORRECTED DOCUMENT(S) found under Other Filings and reference this case number. Do NOT use any other event to file your corrected document.** Failure to file a redacted document by the deadline will result in the unredacted document referenced above being unrestricted. Counsel and the parties are cautioned that failure to redact these personal identifiers may subject them to the Courts full disciplinary power pursuant to NYND Local Rule 5.2.<br><br>ATTACHMENT 2, EXHIBITS A, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 - EXHIBITS C, D, E, F, G, H, I, J, K, L, ATTACHMENT 16 - EXHIBIT O, ATTACHMENT 30 - EXHIBIT CC and ATTACHMENT 35 - EXHIBIT HH all contain dates of birth and home addresses - please following the instructions above. Notice of Filing Deficiency Deadline 6/7/2024 (hmr) (Entered: 06/04/2024) |
| 06/05/2024 | | CLERK'S CORRECTION OF DOCKET ENTRY re 313 Motion for Summary Judgment: Redacted copies of Attachments 2-13 - Exhibits A-L, Redacted copies of Attachments 16 and 17 - Exhibits O and P, and Redacted copies of Attachments 30 and 35 - Exhibits CC and HH have been uploaded and attached to Docket No. 313 . The unredacted copies of Exhibits A-L, Exhibits O, P, CC, HH are now permanently restricted pursuant to Fed. R. Civ. P. Rule 5.2 and NYND Local Rule 5.2. (hmr) (Entered: 06/05/2024) |
| 06/10/2024 | 316 | Letter Motion from Andrew C. Hruska for Rein Bey, Binghamton University College Republicans, Young America's Foundation requesting Leave to File a Single, Omnibus Mememorandum Not to Exceed 50 Pages in Response to Defendants' Four Separate Summary Judgment Motions (Dkt. Nos. 307, 308, 311 and 313) submitted to Judge Lawrence E. Kahn . (Hruska, Andrew) (Entered: 06/10/2024) |
| 06/11/2024 | 317 | TEXT ORDER: The Court has received Plaintiffs' letter motion requesting leave to file a single, omnibus memorandum not to exceed fifty (50) pages in response to Defendants' four summary judgment motions, Dkt. Nos. 307 , 308 , 311 , and 313 . Dkt. No. 316 . The request is GRANTED. SO ORDERED by Senior Judge Lawrence E. Kahn on 6/11/2024. (dpk) (Entered: 06/11/2024) |
| 06/17/2024 | 318 | MOTION for Extension of Time to File Response/Reply as to 308 MOTION for Summary Judgment filed by Harvey Stenger. Motion returnable before Judge Lawrence E. Kahn,., 311 First MOTION for Summary Judgment filed by Student Association of Binghamton University. Motion returnable before Judge Hon. Lawrence E. Kahn., 313 MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge Lawrence E. Kahn., 307 MOTION for Summary Judgment filed by John Pelletier. Motion returnable before Judge Lawrence E. Kahn. filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. Response to Motion due by 7/8/2024 Motions referred to Therese Wiley Dancks. (Hruska, Andrew) (Entered: 06/17/2024) |
| 06/18/2024 | 319 | MOTION for Extension of Time to File Response/Reply as to 308 MOTION for Summary Judgment filed by Harvey Stenger. Motion returnable before Judge Lawrence E. Kahn,., 311 First MOTION for Summary Judgment filed by Student Association of Binghamton University. Motion returnable before Judge Hon. Lawrence E. Kahn., 313 MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge |

| | | |
|---|---|---|
| | | Lawrence E. Kahn., 307 MOTION for Summary Judgment filed by John Pelletier. Motion returnable before Judge Lawrence E. Kahn. *Today, June 18, counsel for the State Defendants advised that they consent to Plaintiffs request for a 14-day extension of time, provided that their reply papers are due on July 19 (2 weeks after [Plaintiffs] opp. If the Court grants Plaintiffs now unopposed request, then Plaintiffs will not oppose a corresponding 14-day extension of time for State Defendants to file their reply papers.* filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. Response to Motion due by 7/9/2024 Motions referred to Therese Wiley Dancks. (Hruska, Andrew) (Entered: 06/18/2024) |
| 06/18/2024 | 320 | TEXT ORDER: The Court has received Plaintiffs' motion for an extension of time to file a response to Defendants' motiong for summary judgment, Dkt. No. 307 , 308 , 311 and 313 . Dkt. No. 319 ("Motion"). The Motion is GRANTED. Plaintiffs' response must now be filed no later than July 5, 2024, and Defendants' reply must be filed fourteen (14) days after that, or by July 19, 2024. SO ORDERED by Senior Judge Lawrence E. Kahn on 6/18/2024. (dpk) (Entered: 06/18/2024) |
| 07/05/2024 | 321 | MEMORANDUM OF LAW re 308 Motion for Summary Judgment,,,,, 311 Motion for Summary Judgment,,,,, 313 Motion for Summary Judgment,,,,,,,,, 307 Motion for Summary Judgment,,,,,,,,,,,,,,,, *Omnibus Memorandum of Law* filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 322 | RESPONSE in Opposition re 308 Motion for Summary Judgment,,,,, 311 Motion for Summary Judgment,,,,, 313 Motion for Summary Judgment,,,,,,,,, 307 Motion for Summary Judgment,,,,,,,,,,,,,,,, filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 323 | RESPONSE in Opposition re 308 Motion for Summary Judgment,,,,, 311 Motion for Summary Judgment,,,,, 313 Motion for Summary Judgment,,,,,,,,, 307 Motion for Summary Judgment,,,,,,,,,,,,,,,, filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 324 | RESPONSE in Opposition re 308 Motion for Summary Judgment,,,,, 311 Motion for Summary Judgment,,,,, 313 Motion for Summary Judgment,,,,,,,,, 307 Motion for Summary Judgment,,,,,,,,,,,,,,,, filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 325 | RESPONSE in Opposition re 308 Motion for Summary Judgment,,,,, 311 Motion for Summary Judgment,,,,, 313 Motion for Summary Judgment,,,,,,,,, 307 Motion for Summary Judgment,,,,,,,,,,,,,,,, filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 326 | STATEMENT OF MATERIAL FACTS re 308 MOTION for Summary Judgment filed by Harvey Stenger. Motion returnable before Judge Lawrence E. Kahn,., 311 First MOTION for Summary Judgment filed by Student Association of Binghamton University. Motion returnable before Judge Hon. Lawrence E. Kahn., 313 MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge Lawrence E. Kahn., 307 MOTION for Summary Judgment filed by John Pelletier. Motion returnable before Judge Lawrence E. Kahn. filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Hruska, Andrew) (Entered: 07/05/2024) |

| | | |
|---|---|---|
| 07/05/2024 | 327 | AFFIDAVIT in Opposition re 308 MOTION for Summary Judgment filed by Harvey Stenger. Motion returnable before Judge Lawrence E. Kahn,., 311 First MOTION for Summary Judgment filed by Student Association of Binghamton University. Motion returnable before Judge Hon. Lawrence E. Kahn., 313 MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge Lawrence E. Kahn., 307 MOTION for Summary Judgment filed by John Pelletier. Motion returnable before Judge Lawrence E. Kahn. *Declaration of Steven Miller* filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. (Attachments: # 1 Exhibit(s) 1-Excerpts from Stenger Deposition, # 2 Exhibit(s) 2 - Nov. 2019 Statement from Stenger, # 3 Exhibit(s) 3 - Excerpts from Rose Deposition Redacted, # 4 Exhibit(s) 4 - Nov. 2019 Statement from Rose, # 5 Exhibit(s) 5 - Nov. 2019 Email Chain, # 6 Exhibit(s) 6 - Jan. 2020 Email to Rose, # 7 Exhibit(s) 7- Excerpts from Pelletier Deposition, # 8 Exhibit(s) 8 - Nov. 2019 Email from Pelletier, # 9 Exhibit(s) 9 - UPD Reports_Redacted, # 10 Exhibit(s) 10 - Nov. 2019 Email from Leniek, # 11 Exhibit(s) 11- Dec. 2019 Email from Pelletier, # 12 Exhibit(s) 12 - Excerpts from Gallagher Deposition, # 13 Exhibit(s) 13 - Oct. 2019 Email from Gallagher, # 14 Exhibit(s) 14 - Nov. 2019 Email Chain, # 15 Exhibit(s) 15 - Excerpts from Faulkner Deposition, # 16 Exhibit(s) 16 - Oct. 2019 Email from Gallagher, # 17 Exhibit(s) 17 - Sept. 2022 Email from Faulkner, # 18 Exhibit(s) 18 - Excerpts from Raganella Deposition, # 19 Exhibit(s) 19 - Raganella Expert Report, # 20 Exhibit(s) 20 - The Culture Group Screenshots, # 21 Exhibit(s) 21 - Excerpts from Johnson Deposition, # 22 Exhibit(s) 22 - Reservation Guidelines, # 23 Exhibit(s) 23 - June 2022 Email from Johnson, # 24 Exhibit(s) 24 - Nov. 2019 Email from Bishop, # 25 Exhibit(s) 25 - Excerpts from Laffer Deposition, # 26 Exhibit(s) 26 - Excerpts from Kestecher Deposition, # 27 Exhibit(s) 27 - Excerpts from Restuccia Deposition, # 28 Exhibit(s) 28 - Excerpts from Kannappan Deposition, # 29 Exhibit(s) 29 - Excerpts from Croce Deposition, # 30 Exhibit(s) 30 - Excerpts from Lizak Deposition Redacted, # 31 Exhibit(s) 31 - Excerpts from Rocabado Deposition, # 32 Exhibit(s) 32 - SUNY-Buffalo Settlement, # 33 Exhibit(s) 33 - Nov. 2019 Email from Rose, # 34 Exhibit(s) 34 - Transcript of Reed Meeting, # 35 Exhibit(s) 35 - Verified Complaint, # 36 Exhibit(s) 36 - Nov. 2019 Email from Pelletier Redacted, # 37 Exhibit(s) 37 - Nov. 2019 Email from Pelletier Redacted, # 38 Exhibit(s) 38 - Excerpts from Friedman Deposition, # 39 Exhibit(s) 39 - Excerpts from Yarosh Deposition, # 40 Exhibit(s) 40 - Raganella Declaration)(Hruska, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 328 | CERTIFICATE OF SERVICE by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation re 327 Affidavit in Opposition to Motion,,,,,,,,,, 326 Statement of Material Facts,, 321 Memorandum of Law, 323 Response in Opposition to Motion, 325 Response in Opposition to Motion, 322 Response in Opposition to Motion, 324 Response in Opposition to Motion, (Hruska, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 329 | MOTION for Non-Dispositive Motion Conference filed by Rein Bey, Binghamton University College Republicans, Jon Lizak, Young America's Foundation. Response to Motion due by 7/26/2024 Motions referred to Therese Wiley Dancks. (Hruska, Andrew) (Entered: 07/05/2024) |
| 07/09/2024 | 330 | TEXT ORDER: Court reviewed letter request for a conference (Dkt. No. 329 ) and hereby amends the time for defendants' response. The parties are directed to meet and confer in good faith regarding the plaintiffs' request to substitute the current president of the College Republicans, Shane Rossi, as plaintiff in his official capacity for the former president and current defendant, Rein Bey. After the good faith meet and confer, defendants shall respond to the request to make such substitution by filing a letter brief, no longer than 2pp, single spaced, 12pt. font, by 7/17/2024. Defendants' response shall set forth their position on the request with attendant reasons and identifying caselaw to support their position. Upon review of such response, the Court will schedule a |

| | | |
|---|---|---|
| | | conference as necessary. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 7/9/2024. (sg) (Entered: 07/09/2024) |
| 07/17/2024 | 331 | RESPONSE to Motion re 329 Motion for Miscellaneous/Other Relief, filed by John Pelletier. (Ryan, Molly) (Entered: 07/17/2024) |
| 07/19/2024 | 332 | STATEMENT OF MATERIAL FACTS re 311 First MOTION for Summary Judgment filed by Student Association of Binghamton University. Motion returnable before Judge Hon. Lawrence E. Kahn. *Response to Plaintiff's Counterstatement of Material Facts* filed by Harvey Stenger. (Fulvio, David) (Entered: 07/19/2024) |
| 07/19/2024 | 333 | RESPONSE in Support re 308 Motion for Summary Judgment,,,,, *Reply Memorandum of Law in Further Support of Summary Judgment Motion* filed by Harvey Stenger. (Fulvio, David) (Entered: 07/19/2024) |
| 07/19/2024 | 334 | MEMORANDUM OF LAW re 307 Motion for Summary Judgment,,,,,,,,,,,,,,,,, *Reply Memorandum of Law* filed by John Pelletier. (Ryan, Molly) (Entered: 07/19/2024) |
| 07/19/2024 | 335 | CERTIFICATE OF SERVICE by John Pelletier re 334 Memorandum of Law (Ryan, Molly) (Entered: 07/19/2024) |
| 07/19/2024 | 336 | STATEMENT OF MATERIAL FACTS re 311 First MOTION for Summary Judgment filed by Student Association of Binghamton University. Motion returnable before Judge Hon. Lawrence E. Kahn. *Response to Plaintiff's Statement of Material Facts* filed by Student Association of Binghamton University. (Attachments: # 1 Memorandum of Law SA Reply brief, # 2 Certificate of Service)(Saitta, Thomas) (Entered: 07/19/2024) |
| 07/19/2024 | 337 | STATEMENT OF MATERIAL FACTS re 313 MOTION for Summary Judgment filed by Brian Rose. Motion returnable before Judge Lawrence E. Kahn. *Response to Plaintiffs' Statement of Material Facts* filed by Brian Rose. (Campbell, Mallory) (Entered: 07/19/2024) |
| 07/19/2024 | 338 | REPLY to Response to Motion re 313 Motion for Summary Judgment,,,,,,,,, filed by Brian Rose. (Campbell, Mallory) (Entered: 07/19/2024) |
| 07/19/2024 | 339 | NOTICE by Brian Rose *Certificate of Service* (Campbell, Mallory) (Entered: 07/19/2024) |
| 07/25/2024 | 340 | CERTIFICATE OF SERVICE by Harvey Stenger re 332 Statement of Material Facts, 333 Response in Support of Motion (Fulvio, David) (Entered: 07/25/2024) |
| 08/01/2024 | | TEXT NOTICE of Telephone Conference: A Telephone Conference has been set for 8/8/2024 at 11:00 AM before Magistrate Judge Therese Wiley Dancks. Counsel are directed to call the following number for this conference: 315-691-0477, and enter ID code 849 875 264 to connect to the conference. (sg) (Entered: 08/01/2024) |
| 08/02/2024 | 341 | LETTER BRIEF *advising Court that David Fulvio, Esq. will attend the telephone conference on 8/8/24 in place of Matthew J. Larkin,Esq.* by Harvey Stenger. (Larkin, Matthew) (Entered: 08/02/2024) |
| 08/08/2024 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks: Telephone Conference to discuss Plaintiffs' request to file a motion to amend to substitute Plaintiff held on 8/8/2024. Appearances: Andrew Hruska, Esq., and Steve Miller, Esq. for Plaintiffs; David Fulvio, Esq., Louis DiLorenzo, Esq., Mallory Campbell, Esq., Molly Ryan, Esq., and Thomas Saitta, Esq. for Defendants. After hearing from counsel, Court grants permission to file the requested motion. A text order setting forth the Court's directive more fully will follow. (sg) (Entered: 08/08/2024) |
| 08/08/2024 | 342 | TEXT ORDER: Court reviewed plaintiff's request (Dkt. Nos. 329 ) to file a motion to amend to substitute Shane Rossi as plaintiff in his official capacity as the current |

| | | |
|---|---|---|
| | | president of plaintiff College Republicans for Rein Bey, the former president of that plaintiff. Court also reviewed the defendants' collective response (Dkt. No. 331 ) and held a telephone conference with all parties to discuss the request. Plaintiffs' request (Dkt. No. 329) to file a motion to amend is granted. The motion to amend must be filed by 8/23/2024 and must be filed to the attention of Senior District Judge Kahn. The response deadline for the motion will be set when the motion is filed. No reply is permitted unless prior permission is obtained from Judge Kahn. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 8/8/2024. (sg) (Entered: 08/08/2024) |
| 08/23/2024 | 343 | MOTION to Substitute Party filed by Rein Bey. Response to Motion due by 9/13/2024 (Attachments: # 1 Memorandum of Law, # 2 Declaration of Shane Rossi, # 3 Proposed Order/Judgment, # 4 Certificate of Service) Motions referred to Therese Wiley Dancks. (Hruska, Andrew) (Entered: 08/23/2024) |
| 09/13/2024 | 344 | RESPONSE in Opposition re 343 Motion to Substitute Party, filed by Brian Rose. (Campbell, Mallory) (Entered: 09/13/2024) |
| 09/13/2024 | 345 | CERTIFICATE OF SERVICE by Brian Rose re 344 Response in Opposition to Motion (Campbell, Mallory) (Entered: 09/13/2024) |
| 09/13/2024 | 346 | MEMORANDUM OF LAW re 343 Motion to Substitute Party, filed by Student Association of Binghamton University. (Attachments: # 1 Affidavit Certificate of service) (Saitta, Thomas) (Entered: 09/13/2024) |
| 09/13/2024 | 347 | MEMORANDUM OF LAW re 343 Motion to Substitute Party, filed by John Pelletier. (Ryan, Molly) (Entered: 09/13/2024) |
| 09/13/2024 | 348 | CERTIFICATE OF SERVICE by John Pelletier re 347 Memorandum of Law (Ryan, Molly) (Entered: 09/13/2024) |
| 09/13/2024 | 349 | RESPONSE in Opposition re 343 Motion to Substitute Party, filed by Harvey Stenger. (Attachments: # 1 Exhibit(s) Deposition testimony of Restuccia, # 2 Exhibit(s) Deposition testimony of Plaintiff Bey, # 3 Exhibit(s) Deposition testimony of Kannappan, # 4 Memorandum of Law In Opposition, # 5 Affidavit Certificate of Service)(Larkin, Matthew) (Entered: 09/13/2024) |
| 01/24/2025 | 350 | TEXT ORDER: The USB exhibits received from Defendant Pelletier by the Clerk's Office on June 3, 2024 is not in a format that is readable by the Court. Defendant Pelletier is directed to re-submit the digital exhibits in a format that is readable by the Court (e.g. MPEG, MP4, MOV, FLV) by January 31, 2025. Authorized by Senior Judge Lawrence E. Kahn on 1/24/2025. (jel, ) (Entered: 01/24/2025) |
| 01/28/2025 | 351 | Clerk's Office received 3 video files containing digital media via MFT on 1/28/2025 - Exhibits 51 and 52 of the Dkt. No. 307 Motion for Summary Judgment. Not available for public viewing. (hmr) (Entered: 01/29/2025) |
| 03/20/2025 | 352 | MEMORANDUM-DECISION AND ORDER: that the Motion to Substitute, Dkt. No. 343 , is Granted; that Plaintiff Rein Bey is Terminated as a party in this action; that the Clerk Add Shane Rossi, in his official capacity as President of the College Republicans of Binghamton University, as a party to this action; that the Pelletier Motion for summary judgment, Dkt. No. 307 is Granted in part and Denied in part; that the Stenger Motion for summary judgment, Dkt. No. 308 , is Granted; that the Student Association Motion for summary judgment, Dkt. No. 311 is Granted in part and Denied in part; that the Rose Motion for summary judgment, Dkt. No. 313 is Granted; that the following claims are Dismissed: all claims against Defendants Stenger, Rose, and Pelletier in their official capacities; all claims seeking declaratory and injunctive relief; the First Amendment speech suppression claim again Rose in his individual capacity; the First Amendment retaliation claim against Stenger and Rose in their individual capacities; and the |

| | | |
|---|---|---|
| | | Fourteenth Amendment equal protection claim against Stenger and Rose in their individual capacities; that Defendants Harvey Stenger and Brian Rose are Terminated from the docket and that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules. Signed by Senior Judge Lawrence E. Kahn on 03/20/2025. (hmr) (Entered: 03/20/2025) |
| 04/04/2025 | 353 | Letter Motion from Andrew Hruska for Binghamton University College Republicans, Shane Rossi, Young America's Foundation requesting Rule 16 Status Conference submitted to Judge Lawrence E. Kahn . (Hruska, Andrew) (Entered: 04/04/2025) |
| 04/04/2025 | 354 | TEXT ORDER: The Court has received Plaintiff's request for a conference. Dkt. No. 353 . A conference will be scheduled in due course. SO ORDERED by Senior Judge Lawrence E. Kahn on 4/4/2025. (dpk) (Entered: 04/04/2025) |
| 04/11/2025 | 355 | TEXT ORDER REASSIGNING CASE. Case reassigned to U.S. District Judge Elizabeth C. Coombe for all further proceedings. Senior Judge Lawrence E. Kahn no longer assigned to case. SO ORDERED by Chief Judge Brenda K. Sannes on 4/11/2025. (kmc) (Entered: 04/11/2025) |
| 04/14/2025 | | TEXT NOTICE of Hearing: A telephonic Status Conference is set for 4/16/2025 at 10:00 AM before U.S. District Judge Elizabeth C. Coombe. The parties are directed to dial 315-691-0477 and enter ID code 300 517 402# to connect to the conference. (kmc) (Entered: 04/14/2025) |
| 04/16/2025 | | TEXT Minute Entry for a telephonic Status Conference held on 4/16/2025 before U.S. District Judge Elizabeth C. Coombe: The Court has a brief discussion with counsel regarding the status of this case. The Court discusses the representative issue involving defendant Student Association of Binghamton University. Attorney James Haley advises that he will be retiring in June of 2025 and attorney Thomas Saitta has retired. Attorney Haley also advises that Hinman Howard & Kattell LLP may be taking the case over for defendant Student Association of Binghamton University and should know relatively soon if that will be happening. The Court addresses with Attorney Haley that a notice of appearance has not been filed on the docket and that he should comply with Local Rule 11.1 for the withdrawal of attorney Thomas Saitta. A Jury Trial is set for 9/2/2025 and is expected to last a week and half. A trial order will be issued. The parties have agreed for a settlement conference to be conducted. The Court refers this case to Magistrate Judge Therese Wiley Dancks for a settlement conference to be scheduled. Appearances: Hamilton Craig, Esq. Andrew Hruska, Esq., and Tyson Langhofer, Esq. for plaintiffs; Meghan Brown, Esq. for defendant Pelletier and James Haley, Esq. for defendant Student Association of Binghamton University. (Court Reporter: Eileen McDonough. Time: 10:04 AM - 10:14 AM.) (kmc) (Entered: 04/16/2025) |
| 04/16/2025 | 356 | TRIAL ORDER: Pretrial Submissions, including motions in limine, are due by 8/5/2025. Responses are due by 8/12/2025. A Final Pretrial Conference is set for 8/26/2025 at 10:00 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. A Jury Trial is set for 9/2/2025 at 9:30 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. Signed by U.S. District Judge Elizabeth C. Coombe on 4/16/2025. (kmc) (Entered: 04/16/2025) |
| 04/17/2025 | | TEXT NOTICE of Telephone Scheduling Conference: Telephone Conference set for 5/7/2025 at 10:30 AM before Magistrate Judge Therese Wiley Dancks for the purpose of scheduling a settlement conference date. In preparation for the telephone conference, the parties should know their clients' respective availability for an in-person settlement conference in June or early July 2025. A separate text notice will be issued with a call in phone number and security code. (lmw) (Entered: 04/17/2025) |
| 05/07/2025 | | TEXT Minute Entry for a Telephone Conference held on 5/7/2025 before Magistrate Judge Therese Wiley Dancks: The Court discusses the representative issue involving |

| | | |
|---|---|---|
| | | defendant Student Association of Binghamton University. Attorney James Haley advises that he will be retiring in June of 2025 and attorney Thomas Saitta has retired. Attorney Haley also advises that Hinman Howard & Kattell LLP may be taking the case over for defendant Student Association of Binghamton University. The Substitution of Attorney form is to be filed by 5/14/2025. The Court discusses with the parties possible dates for a settlement conference to be held. The primary date for the settlement conference to take place is on 6/18/2025 at 11:00 AM before Magistrate Judge Therese Wiley Dancks. The back-up dates are 6/30/2025, 7/1/2025, or 7/3/2025. Counsel is directed to file a status report by 5/9/2025, reporting on whether all parties and representatives are available on 6/18/2025. Plaintiffs are directed to provide their written demand to defense counsel by 5/12/2025. Appearances: Hamilton Craig, Esq. Andrew Hruska, Esq., and Tyson Langhofer, Esq. for plaintiffs; Meghan Brown, Esq. for defendant Pelletier and James Haley, Esq. for defendant Student Association of Binghamton University. Time: 10:34 AM - 10:58 AM. (kmc) (Entered: 05/07/2025) |
| 05/07/2025 | 357 | TEXT ORDER: Per the accompany TEXT Minute Entry, the Substitution of Attorney form involving defendant Student Association of Binghamton University is to be filed by 5/14/2025. Counsel is directed to file a status report by 5/9/2025, reporting on whether all parties and representatives are available on 6/18/2025. Plaintiffs are directed to provide their written demand to defense counsel by 5/12/2025. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 5/7/2025. (kmc) (Entered: 05/07/2025) |
| 05/09/2025 | 358 | NOTICE by John Pelletier *will be present at settlement conference* (Brown, Meghan) (Entered: 05/09/2025) |
| 05/09/2025 | 359 | NOTICE by Young America's Foundation re 357 Order, */Status report on Mr. Rossi's availability to be present for an in-person settlement conference* (Hruska, Andrew) (Entered: 05/09/2025) |
| 05/12/2025 | 360 | TEXT ORDER: Court reviewed letters, Dkt. Nos. 358 and 359 , regarding the parties' availability for a settlement conference. Since plaintiff Rossi is not available on 6/18/2025, the Court directs defendant Pelletier to file a further status report by 5/14/2025 as to his availability on 6/30/2025 and 7/1/2025 to attend a settlement conference. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 5/12/2025. (kmc) (Entered: 05/12/2025) |
| 05/15/2025 | 361 | NOTICE by John Pelletier *availability for Settlement Conference* (Brown, Meghan) (Entered: 05/15/2025) |
| 05/15/2025 | 362 | SUBSTITUTION OF ATTORNEY filed by Student Association of Binghamton University *Substitution of Attorney* (Gleason, James) Modified on 5/16/2025 to correct docket text (lmw). (Entered: 05/15/2025) |
| 05/15/2025 | 363 | SUBSTITUTION OF ATTORNEY filed by Student Association of Binghamton University *Substitution of Attorney* (Jaketic, Jeffrey) Modified on 5/16/2025 to correct docket text (lmw). (Entered: 05/15/2025) |
| 05/15/2025 | 364 | NOTICE OF APPEARANCE by James S. Gleason on behalf of Student Association of Binghamton University (Gleason, James) (Entered: 05/15/2025) |
| 05/15/2025 | 365 | NOTICE OF APPEARANCE by Jeffrey A. Jaketic on behalf of Student Association of Binghamton University (Jaketic, Jeffrey) (Entered: 05/15/2025) |
| 05/16/2025 | 366 | NOTICE by Student Association of Binghamton University *in-person settlement conference availability* (Gleason, James) (Entered: 05/16/2025) |
| 05/16/2025 | 367 | Text Notice to schedule an in-person settlement conference for 7/1/2025 starting at 11am. Parties Rossi and Pelletier must be present with counsel at the settlement conference. The |

| | | |
|---|---|---|
| | | adjuster for the Student Association must be available by telephone for the entire conference. Pre-settlement statements due by 6/24/2025 to be sent to the Court Ex Parte via MFT found on the Court's website at www.nynd.uscourts.gov. (A blank settlement statement is attached to this Text Order). The settlement statement MUST NOT be electronically filed on CM/ECF or exchanged among the parties. (pcj) (Entered: 05/16/2025) |
| 05/20/2025 | 368 | TEXT ORDER: Court reviewed two substitutions of attorney, Dkt. Nos. 362 and 363 , which appear to be duplicate filings. The substitution is approved. The Clerk is directed to terminate the Aswad & Ingraham counsel from the docket. Defendant Student Association of Binghamton University is now represented by Hinman, Howard & Kattell. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 5/20/25. (lmw) (Entered: 05/20/2025) |
| 06/02/2025 | 369 | MOTION for Reconsideration *of Judge Kahn's March 20, 2025 Memorandum-Decision and Order* filed by Student Association of Binghamton University. Motion returnable before Judge Elizabeth C. Coombes Response to Motion due by 6/23/2025 (Attachments: # 1 Declaration, # 2 Memorandum of Law) (Gleason, James) (Entered: 06/02/2025) |
| 06/03/2025 | 370 | CERTIFICATE OF SERVICE by Student Association of Binghamton University *re Document 369 (Notice of Motion, Declaration and Memorandum of Law)* (Gleason, James) (Entered: 06/03/2025) |
| 06/23/2025 | 371 | RESPONSE in Opposition re 369 Motion for Reconsideration, filed by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Hruska, Andrew) (Entered: 06/23/2025) |
| 06/23/2025 | 372 | CERTIFICATE OF SERVICE by Binghamton University College Republicans, Shane Rossi, Young America's Foundation re 371 Response in Opposition to Motion (Hruska, Andrew) (Entered: 06/23/2025) |
| 06/25/2025 | 373 | REPLY to Response to Motion re 369 Motion for Reconsideration, filed by Student Association of Binghamton University. (Gleason, James) (Entered: 06/25/2025) |
| 07/01/2025 | | Set Hearing: Settlement Conference is set for 7/1/2025 at 11:00 AM in Syracuse before Magistrate Judge Therese Wiley Dancks. (kmc) (Entered: 07/01/2025) |
| 07/01/2025 | | TEXT Minute Entry for an in-person Settlement Conference held on 7/1/2025 before U.S. Magistrate Judge Therese Wiley Dancks: Case did not settle. Appearances: Andrew Hruska, Esq., Hamilton Reid Craig, Esq., and Tyson Charles Langhofer, Esq., for Plaintiffs with Madison Hahn present for plaintiff Young Americas Foundation and Shane Rossi available by video for himself and the College Republicans; Meghan Brown, Esq. for Defendant Pelletier with John Pelletier and Jennifer Church, Esq., counsel for SUNY Binghamton; James S. Gleason, Esq. and Jeffrey A. Jaketic, Esq. for Defendant Student Association of Binghamton University. (Time 11:13 AM 1:11 PM). (kck) (Entered: 07/01/2025) |
| 07/01/2025 | 374 | TEXT ORDER: The parties should confer on proposed terms for settlement as discussed with the Court, and on the contents of the joint status report on any progress made which shall be filed by Attorney Brown by July 18, 2025. SO ORDERED by U.S. Magistrate Judge Therese Wiley Dancks on 7/1/2025. (kck) (Entered: 07/01/2025) |
| 07/18/2025 | 375 | STATUS REPORT *(Joint)* by John Pelletier. (Brown, Meghan) (Entered: 07/18/2025) |
| 07/21/2025 | 376 | TEXT ORDER: Court reviewed status report, Dkt. No. 375 , and appreciates the parties' further efforts to reach a resolution. However, since the parties have not reached any settlement, the case will proceed to trial. All trial deadlines remain as previously set per |

| | | |
|---|---|---|
| | | Dkt. No. 356 , and any other deadlines remain as set. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 7/21/2025. (pcj) (Entered: 07/21/2025) |
| 07/28/2025 | 377 | NOTICE OF APPEARANCE by John R. Leahey on behalf of Binghamton University College Republicans, Shane Rossi, Young America's Foundation (Leahey, John) (Entered: 07/28/2025) |
| 07/28/2025 | 378 | NOTICE OF APPEARANCE by Kyle P. Sheahen on behalf of Binghamton University College Republicans, Shane Rossi, Young America's Foundation (Sheahen, Kyle) (Entered: 07/28/2025) |
| 07/31/2025 | 379 | TEXT ORDER: The Jury Trial set for September 2, 2025 and all related pretrial submissions including the Final Pretrial Conference is ADJOURNED without date. The Motion for Reconsideration filed by Student Association of Binghamton University is fully briefed. Dkt. No. 369 . A decision will be issued in due course. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 7/31/2025. (kmc) (Entered: 07/31/2025) |
| 10/24/2025 | | TEXT NOTICE of Hearing: A Video Status Conference is set for 10/30/2025 at 10:00 AM before U.S. District Judge Elizabeth C. Coombe. The parties are directed to connect to conference using the link that has been provided to the parties by separate email. (kmc) (Entered: 10/24/2025) |
| 10/29/2025 | 380 | NOTICE OF APPEARANCE by James M. Specyal on behalf of John Pelletier (Specyal, James) (Entered: 10/29/2025) |
| 10/30/2025 | | TEXT Minute Entry for a Status Conference held on 10/30/2025 by video before U.S. District Judge Elizabeth C. Coombe: The Court has a brief discussion with counsel regarding the status of this case. The Court acknowledges that Defendant Student Association of Binghamton University 369 Motion for Reconsideration is pending and a decision will be issued in due course. A Jury Trial is set for 3/2/2026 and is expected to last 5 days. A trial order will be issued. Appearances: Andrew Hruska, Esq., Hamilton Craig, Esq. Tyson Langhofer, Esq., and Jack Leahey, Esq. for plaintiffs; Molly Ryan, Esq. for defendant Pelletier and James Gleason, Esq. and Jeffrey Jaketic, Esq. for defendant Student Association of Binghamton University. (Court Reporter: Eileen McDonough. Time: 10:05 AM - 10:13 AM.) (kmc) (Entered: 10/30/2025) |
| 10/30/2025 | 381 | TRIAL ORDER: Pretrial Submissions, including motions in limine, are due by 1/20/2026. Responses are due by 1/27/2026. A Final Pretrial Conference is set for 2/12/2026 at 10:00 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. A Jury Trial is set for 3/2/2026 at 9:30 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. Signed by U.S. District Judge Elizabeth C. Coombe on 10/30/2025. (kmc) (Entered: 10/30/2025) |
| 12/08/2025 | 382 | Letter Motion from Louis P. DiLorenzo for Brian Rose requesting conference re: anticipated Motion to Quash Subpoena submitted to Judge Therese Wiley Dancks . (Campbell, Mallory) (Entered: 12/08/2025) |
| 12/12/2025 | 383 | TEXT NOTICE of Hearing: A Video Conference is set for 12/19/2025 at 2:00 PM before U.S. District Judge Elizabeth C. Coombe. The parties are directed to connect to conference using the link that has been provided to the parties by separate email. (kmc) (Entered: 12/12/2025) |
| 12/12/2025 | 384 | Letter Motion from Matthew J. Larkin for Harvey Stenger requesting a conference to discuss a motion to quash the subpoena submitted to Judge Therese Wiley Dancks . (Larkin, Matthew) (Entered: 12/12/2025) |
| 12/12/2025 | 385 | TEXT ORDER: The Court has reviewed Defendant Stenger's letter requesting a conference to discuss a motion to quash the subpoena. Dkt. No. 384 . The Court has |

| | | |
|---|---|---|
| | | previously scheduled a Video Conference with the parties on 12/19/2025 at 2:00 PM. Counsel for Defendant Stenger is directed to attend the Video Conference. Judge Coombe's Courtroom Deputy will provide the link by separate email. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 12/12/2025. (kmc) Modified on 12/12/2025. (kmc) (Entered: 12/12/2025) |
| 12/12/2025 | 386 | Letter Motion from Kevin M. Hayden, Chief Campus Counsel for Binghamton University requesting to participate in the conference scheduled for Friday, December 19, 2025 at 2:00 PM before U.S. District Court Judge Elizabeth C. Coombe submitted to Judge Therese Wiley Dancks. [Filed via MFT on 12/12/2025.](hmr) (Entered: 12/12/2025) |
| 12/17/2025 | 387 | TEXT ORDER: Granting 386 Letter Request. Chief Campus Counsel for Binghamton University may participate in the conference that is scheduled for 12/19/2025. Chief Campus Counsel for Binghamton University should provide the contact information to Judge Coombe's Courtroom Deputy prior to the conference. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 12/17/2025. (kmc) (Entered: 12/17/2025) |
| 12/18/2025 | 388 | LETTER BRIEF *Trial Subpoenas* by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 12/18/2025) |
| 12/19/2025 | | TEXT Minute Entry for a Video Conference held on 12/19/2025 before U.S. District Judge Elizabeth C. Coombe: The Court briefly hears from the parties. Defendants Brian Rose, Harvey Stenger, and Binghamton University are seeking to file a motion to quash subpoenas. The Court grants Defendants request for leave for to file motions to quash subpoenas. Dkt. Nos. 382 , 384 . The parties are directed to refrain from filing the motion to quash subpoena until the 369 motion for reconsideration has been decided. A decision will be issued in due course. Appearances: Andrew Hruska, Esq., Jack Leahey, Esq. for plaintiffs; Molly Ryan, Esq. for defendant Pelletier; James Gleason, Esq. and Jeffrey Jaketic, Esq. for defendant Student Association of Binghamton University; Mallory Campbell, Esq. for defendant Rose; Matthew Larkin, Esq. for defendant Stenger; and Kevin Hayden, Esq. for Binghamton University Chief Campus Counsel. (Court Reporter: Jodi Hibbard. Time: 2:03 PM - 2:06 PM.) (kmc) (Entered: 12/19/2025) |
| 12/19/2025 | 389 | TEXT ORDER: Defendants Brian Rose, Harvey Stenger, and Binghamton University request for leave for to file motions to quash subpoenas is GRANTED. Dkt. Nos. 382 , 384 . The parties are directed to refrain from filing the motion to quash subpoena until the 369 motion for reconsideration has been decided. A decision will be issued in due course. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 12/19/2025. (kmc) (Entered: 12/19/2025) |
| 12/19/2025 | 390 | NOTICE OF CHANGE OF ADDRESS by Andrew Hruska Effective Date 10/1/2025 Old Address: 1185 Avenue of the Americas 34th Floor New York, NY 10036 New Address: 1290 Avenue of the Americas, 14th Fl New York, NY 10104 (Hruska, Andrew) (Entered: 12/19/2025) |
| 01/20/2026 | 391 | Proposed Voir Dire by John Pelletier. (Ryan, Molly) (Entered: 01/20/2026) |
| 01/20/2026 | 392 | PROPOSED VERDICT FORM by John Pelletier. (Ryan, Molly) (Entered: 01/20/2026) |
| 01/20/2026 | 393 | Proposed Jury Instructions by John Pelletier. (Ryan, Molly) (Entered: 01/20/2026) |
| 01/20/2026 | 394 | Exhibit List by John Pelletier. (Ryan, Molly) (Entered: 01/20/2026) |
| 01/20/2026 | 395 | TRIAL BRIEF by John Pelletier. (Attachments: # 1 Exhibit(s) Plaintiff's Initial Disclosures)(Ryan, Molly) (Entered: 01/20/2026) |
| 01/20/2026 | 396 | Witness List by John Pelletier. (Ryan, Molly) (Entered: 01/20/2026) |
| 01/20/2026 | 397 | Court Ordered Voir Dire by John Pelletier. (Ryan, Molly) (Entered: 01/20/2026) |

| | | |
|---|---|---|
| 01/20/2026 | 398 | MOTION in Limine filed by Student Association of Binghamton University. Motion returnable before Judge Elizabeth C. Coombe (Attachments: # 1 Declaration, # 2 Exhibit(s) A - Resp and Obj to Interrogatories, # 3 Memorandum of Law) (Jaketic, Jeffrey) (Entered: 01/20/2026) |
| 01/20/2026 | 399 | Court Ordered Voir Dire by Student Association of Binghamton University. (Jaketic, Jeffrey) (Entered: 01/20/2026) |
| 01/20/2026 | 400 | Proposed Voir Dire by Student Association of Binghamton University. (Jaketic, Jeffrey) (Entered: 01/20/2026) |
| 01/20/2026 | 401 | Witness List by Student Association of Binghamton University. (Jaketic, Jeffrey) (Entered: 01/20/2026) |
| 01/20/2026 | 402 | Exhibit List by Student Association of Binghamton University. (Jaketic, Jeffrey) (Entered: 01/20/2026) |
| 01/20/2026 | 403 | PROPOSED VERDICT FORM *and Requests to Charge* by Student Association of Binghamton University. (Attachments: # 1 Exhibit(s) A - Proposed Jury Instructions, # 2 Exhibit(s) B - Proposed Verdict Form)(Jaketic, Jeffrey) (Entered: 01/20/2026) |
| 01/20/2026 | 404 | MOTION in Limine filed by John Pelletier. (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Memorandum of Law) (Ryan, Molly) (Entered: 01/20/2026) |
| 01/20/2026 | 405 | TRIAL BRIEF by Student Association of Binghamton University. (Jaketic, Jeffrey) (Entered: 01/20/2026) |
| 01/20/2026 | 406 | TRIAL BRIEF by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Attachments: # 1 Exhibit(s) A)(Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 407 | Exhibit List by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 408 | Witness List by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 409 | Proposed Voir Dire by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 410 | Proposed Jury Instructions by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 411 | PROPOSED VERDICT FORM by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 412 | Court Ordered Voir Dire by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 413 | MOTION in Limine filed by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. Motion returnable before Judge Elizabeth C. Coombe (Attachments: # 1 Memorandum of Law in Support of Motion in Limine to affirmatively utilize the recording of a January 20, 2020 meeting between Tom Reed, Harvey Stenger, Brian Rose, and members of the Binghamton University College Republicans, # 2 Memorandum of Law in Support of Motion in Limine to Admit Statements from Parties Statements of Material Fact and to Permit References to Full Procedural Context, # 3 Memorandum of Law in Support of Motion in Limine to Include All Evidence of Dheivanai Moorthys Prior Arrests for Vandalism and Political Activity on Campus, # 4 Declaration of Andrew Hruska in Support of Request to Attach Defendant Pelletiers |

| | | |
|---|---|---|
| | | Response to Request for Production of Documents, # 5 Response to Request for production of Documents, # 6 Memorandum of Law in Support of Motion in Limine to Exclude All Evidence of and Reference to the Events of January 6, 2021 and the History or Activities of Turning Point U.S.A.) (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 414 | MEMORANDUM OF LAW re 413 Motion in Limine,,,, filed by Binghamton University College Republicans, Shane Rossi, Young America's Foundation. (Leahey, John) (Entered: 01/20/2026) |
| 01/20/2026 | 415 | PRETRIAL STIPULATION *Joint Pretrial Stipulation* by Binghamton University College Republicans. (Leahey, John) (Entered: 01/20/2026) |
| 01/21/2026 | 416 | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED that Defendant's Motion for Reconsideration, Dkt. No. 369 , is GRANTED; and it is further ORDERED that all claims against Defendant Student Association are DISMISSED; and it is further ORDERED that Defendant Student Association is TERMINATED from the docket; and it is further ORDERED that Defendant Student Association's motion in limine, Dkt. No. 398 , is TERMINATED as moot; and it is further ORDERED that the only remaining claims that will proceed to trial are the First Amendment speech suppression and Fourteenth Amendment equal protection claims against Defendant John Pelletier. Signed by U.S. District Judge Elizabeth C. Coombe on 1/12/2026. (kmc) (Entered: 01/21/2026) |
| 01/27/2026 | 417 | MEMORANDUM OF LAW *In Opposition to 413 Plaintiffs' Motions in Limine* filed by John Pelletier. (Brown, Meghan) Modified on 1/30/2026 (hmr). (Entered: 01/27/2026) |
| 01/27/2026 | 418 | MEMORANDUM OF LAW *in Opposition to 404 Defendant John Pelletier's Motion in Limine* filed by Binghamton University College Republicans. (Leahey, John) Modified on 1/30/2026 (hmr). (Entered: 01/27/2026) |
| 01/27/2026 | | Clerk's Office received courtesy copies of trial exhibits via MFT from Plaintiff's Counsel and Defendant's Counsel. Not available to public viewing. [Filed via MFT on 1/27/2026.] (hmr) (Entered: 01/28/2026) |
| 01/28/2026 | 419 | USB DRIVE: Syracuse Clerk's Office received a USB drive containing copies - Exhibits to the # 407 exhibit list. Not available for public viewing. (Attachments: # 1 Envelope) (mmg). (Entered: 01/28/2026) |
| 01/28/2026 | 420 | USB Drive: Syracuse Clerk's Office received copies of trial exhibits via USB drive from Defendant John Pelletier's counsel. Not available for public viewing. (Attachments: # 1 Envelope) (mmg). (Entered: 02/03/2026) |
| 01/30/2026 | | CLERK'S CORRECTION OF DOCKET ENTRY re 417 Memorandum of Law, 418 Memorandum of Law: Clerk added the docket number of the motion that the documents were in response to - for the 417 docket entry - 413 was added and for the 418 docket entry - 404 was added. (hmr) (Entered: 01/30/2026) |
| 02/06/2026 | 421 | Letter Motion from Andrew C. Hruska for Binghamton University College Republicans, Shane Rossi, Young America's Foundation requesting non-dispositive motion conference . (Leahey, John) (Entered: 02/06/2026) |
| 02/06/2026 | 422 | MOTION to Quash *Trial Subpoena of Ryan Yarosh* filed by Ryan Yarosh. Response to Motion due by 2/27/2026 (Attachments: # 1 Declaration of Kevin M. Hayden, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Memorandum of Law) Motions referred to Therese Wiley Dancks. (Hayden, Kevin) (Entered: 02/06/2026) |
| 02/06/2026 | 423 | CERTIFICATE OF SERVICE by Ryan Yarosh re 422 MOTION to Quash *Trial Subpoena of Ryan Yarosh* filed by Ryan Yarosh. (Hayden, Kevin) (Entered: 02/06/2026) |

| | | |
|---|---|---|
| 02/10/2026 | 424 | TEXT ORDER: Final Pretrial Conference set for 2/12/2026 at 10:00 AM is adjourned without date. The Court will notify the parties of the rescheduled conference date. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 2/10/2026. (kmc) (Entered: 02/10/2026) |
| 02/11/2026 | 425 | MOTION to Quash filed by Brian Rose. Response to Motion due by 3/4/2026 (Attachments: # 1 Memorandum of Law) Motions referred to Therese Wiley Dancks. (Campbell, Mallory) (Entered: 02/11/2026) |
| 02/11/2026 | 426 | MOTION to Quash filed by Harvey Stenger. Response to Motion due by 3/4/2026 (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Memorandum of Law) Motions referred to Therese Wiley Dancks. (Larkin, Matthew) (Entered: 02/11/2026) |
| 02/12/2026 | 427 | CERTIFICATE OF SERVICE by Harvey Stenger re 426 MOTION to Quash filed by Harvey Stenger. (Larkin, Matthew) (Entered: 02/12/2026) |
| 02/12/2026 | | TEXT NOTICE of Hearing: Status Conference is set for 2/13/2026 at 9:30 AM by video before U.S. District Judge Elizabeth C. Coombe. The parties are directed to connect to conference using the link that has been provided to the parties by separate email. (kmc) (Entered: 02/12/2026) |
| 02/13/2026 | | TEXT Minute Entry for a Status Conference held on 2/13/2026 by video before U.S. District Judge Elizabeth C. Coombe: The Court discusses setting a new trial date with the parties. The Jury Trial that is set for Monday, March 2, 2026 is RESCHEDULED to Monday, April 20, 2026 at 9:30 AM in Syracuse. The Final Pretrial Conference is set for March 24, 2026 at 10:00 AM in Syracuse. Appearances: Andrew Hruska, Esq., John Leahey, Esq., and Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. and Molly Ryan, Esq., for defendant. (Court Reporter: Jodi Hibbard. Time: 9:31 AM - 9:36 AM.) (kmc) (Entered: 02/13/2026) |
| 02/13/2026 | 428 | TEXT SCHEDULING ORDER: Jury Trial is set for 4/20/2026 at 9:30 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. Final Pretrial Conference set for 3/24/2026 at 10:00 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 2/13/2026. (kmc) (Entered: 02/13/2026) |
| 02/13/2026 | 429 | TEXT ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Carla B. Freedman for all further proceedings. Magistrate Judge Therese Wiley Dancks no longer assigned to case. SO ORDERED by Chief Judge Brenda K. Sannes on 2/13/2026. (pcj) (Entered: 02/13/2026) |
| 02/17/2026 | 430 | TEXT ORDER: The Court has reviewed Plaintiffs' Letter Motion for Permission to Substitute Mr. Victor Ostling for Plaintiff Shane Rossi in his official capacity as the President of the College Republicans, Dkt. No. 421 . The Motion, which is unopposed, is GRANTED because, as previously noted when Plaintiff Rossi was substituted for Plaintiff Bey under similar circumstances, such substitution "is purely formalistic, and it does not alter the factual allegations made in the Amended Complaint." Dkt. No. 352 at 17; see also Dkt. No. 261 at 15-18. As a result, Mr. Victor Ostling is substituted for Plaintiff Shane Rossi in his official capacity as the President of the College Republicans. It is hereby ORDERED that Plaintiff Shane Rossi is TERMINATED as a party; and it is further ORDERED that the Clerk ADD Victor Ostling, in his official capacity as President of the College Republicans of Binghamton University, as a party to this action. Plaintiffs' request for a non-dispositive motion conference with the Court is DENIED as moot. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 2/17/2026. (kmc) (Entered: 02/17/2026) |

| | | |
|---|---|---|
| 02/19/2026 | 431 | Letter Motion from John R. Leahey for Binghamton University College Republicans, Victor Ostling, Young America's Foundation requesting Trial Schedule . (Leahey, John) (Entered: 02/19/2026) |
| 02/24/2026 | 432 | RESPONSE in Opposition re 426 Motion to Quash, 425 Motion to Quash, 422 Motion to Quash, filed by Binghamton University College Republicans, Victor Ostling, Young America's Foundation. (Hruska, Andrew) (Entered: 02/24/2026) |
| 02/24/2026 | 433 | TEXT ORDER: The Court has reviewed Plaintiffs' Letter Motion requesting that the trial be rescheduled. Dkt. No. 431 . The request is denied with leave to renew with an explanation of which witnesses are not available on the scheduled trial date and why. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 2/24/2026. (kmc) (Entered: 02/24/2026) |
| 02/25/2026 | 434 | Letter Motion from Andrew C. Hruska regarding Witness Availability for Binghamton University College Republicans, Victor Ostling, Young America's Foundation . (Hruska, Andrew) (Entered: 02/25/2026) |
| 03/11/2026 | 435 | Letter Motion from Andrew H. Hruska regarding Trial Schedule for Binghamton University College Republicans, Victor Ostling, Young America's Foundation . (Hruska, Andrew) (Entered: 03/11/2026) |
| 03/11/2026 | | TEXT NOTICE of Hearing: Status Conference is set for 3/18/2026 at 10:00 AM by video before U.S. District Judge Elizabeth C. Coombe. The parties are directed to connect to conference using the link that has been provided to the parties by separate email. The parties are to come to the conference prepared to discuss selecting a new trial date where all clients/witnesses are available for both plaintiffs and defendant. (kmc) (Entered: 03/11/2026) |
| 03/18/2026 | | TEXT Minute Entry for a Status Conference held on 3/18/2026 by video before U.S. District Judge Elizabeth C. Coombe: The Court has a brief discussion with counsel to discuss setting a new trial date. Jury Trial is set for 7/13/2026. An amended trial order will not be issued. Pretrial submissions have already been filed. A text scheduling order will be issued. Appearances: Andrew Hruska, John Leahey Esq., Hamilton Craig, Esq., Tyson Langhofer, Esq., Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. for defendant. (Court Reporter: Jodi Hibbard. Time: 10:01 AM - 10:07 AM.) (kmc) (Entered: 03/18/2026) |
| 03/18/2026 | 436 | TEXT SCHEDULING ORDER: Final Pretrial Conference set for 6/22/2026 at 10:30 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. Jury Trial set for 7/13/2026 at 9:30 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 3/18/2026. (kmc) Modified on 3/18/2026 to correct the year of the FPTC. (kmc) (Entered: 03/18/2026) |
| 03/18/2026 | | Set/Reset Hearings: Final Pretrial Conference set for 6/22/2026 at 10:30 AM in Syracuse before U.S. District Judge Elizabeth C. Coombe. Clerk inadvertently had 2023 as the year in the #436 text scheduling order instead of 2026.(kmc) (Entered: 03/18/2026) |
| 04/28/2026 | 437 | Letter Motion from Andrew C. Hruska for Binghamton University College Republicans, Victor Ostling, Young America's Foundation requesting Steven Miller be removed from the docket as counsel for Plaintiffs . (Hruska, Andrew) (Entered: 04/28/2026) |
| 04/28/2026 | 438 | TEXT ORDER granting 437 Letter Request. Attorney Steven Miller is hereby terminated. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 4/28/2026. (kmc) (Entered: 04/28/2026) |
| 04/28/2026 | | CLERK'S CORRECTION OF DOCKET ENTRY: Clerk inadvertently filed a text order in case no. 3:20-cv-822. The text order was filed incorrectly and has been deleted from the |

| | | |
|---|---|---|
| | | docket. (kmc) (Entered: 04/28/2026) |
| 05/20/2026 | 439 | Letter Motion from Binghamton University College Republicans, Victor Ostling, Young America's Foundation regarding substitution of the current president of the College Republicans as plaintiff in his official capacity for the former president for Binghamton University College Republicans, Victor Ostling, Young America's Foundation . (Hruska, Andrew) (Entered: 05/20/2026) |
| 05/21/2026 | 440 | TEXT ORDER: The Court has reviewed Plaintiffs' Letter Motion for Permission to Substitute Mr. Nicholas Aparicio for Plaintiff Victor Ostling in his official capacity as the President of the College Republicans, Dkt. No. 439 . The Motion, which is unopposed, is GRANTED because, as previously noted when Plaintiff Ostling was substituted for Plaintiff Rossi under similar circumstances, such substitution "is purely formalistic, and it does not alter the factual allegations made in the Amended Complaint." Dkt. No. 352 at 17; see also Dkt. No. 261 at 15-18. As a result, Mr. Nicholas Aparicio is substituted for Plaintiff Victor Ostling in his official capacity as the President of the College Republicans. It is hereby ORDERED that Plaintiff Victor Ostling is TERMINATED as a party; and it is further ORDERED that the Clerk ADD Nicholas Aparicio, in his official capacity as President of the College Republicans of Binghamton University, as a party to this action. Plaintiffs' request for a non-dispositive motion conference with the Court is DENIED as moot. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 5/21/2026. (kmc) (Entered: 05/21/2026) |
| 05/26/2026 | 441 | TEXT ORDER: The Court has reviewed the parties' motions in limine and trial briefs. Plaintiffs are ordered to file a supplemental brief addressing (1) the associational standing of Plaintiff Binghamton University College Republicans and its president, Nicholas Aparicio, and (2) whether a cognizable § 1983 claim can be asserted by either College Republicans or Mr. Aparicio. The brief is due on or before Wednesday, June 3, 2026, and must not exceed ten (10) pages in length. The Court will be prepared to address the pending motions in limine, trial briefs, and motions to quash at the final pre-trial conference scheduled for June 22, 2026 at 10:30 am in Syracuse. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 5/26/2026. (kmc) (Entered: 05/26/2026) |
| 06/03/2026 | 442 | MEMORANDUM OF LAW *Plaintiffs' Supplemental Briefing Regarding Article III Standing of the Binghamton University College Republicans and Mr. Nicholas Aparicio and Cognizability of Their Claims Under 42 U.S.C. § 1983* filed by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 06/03/2026) |
| 06/08/2026 | | TEXT NOTICE of Hearing: Due to a conflict in the Court's calendar the Final Pretrial Conference set for 6/22/2026 at 10:30 AM is rescheduled in **TIME ONLY.** The Final Pretrial Conference is now scheduled for **2:30 PM on 6/22/2026** in Syracuse before U.S. District Judge Elizabeth C. Coombe. (kmc) (Entered: 06/08/2026) |
| 06/22/2026 | | TEXT Minute Entry for a Final Pretrial Conference held on 6/22/2026 before U.S. District Judge Elizabeth C. Coombe: The Court discusses trial procedures and expectations with the parties. The Court discusses the 404 and 413 motions in limine, which are both granted in part and denied in part, as stated on the record. The Court discusses the 422 , 425 , 426 motions to quash filed by non-parties Ryan Yarosh, Harvey Stenger, and Brian Rose. Judge Coombe allows the parties to briefly supplement their arguments. Prior to calling these witnesses to testify at trial, Plaintiffs counsel should be prepared to proffer what the non-parties testimony will be, how it is not cumulative, and how it is relevant to the remaining claims. The parties should rely on the transcript of this Final Pretrial Conference as documentation of the details of the Court's rulings and the supporting reasons. Witnesses and exhibit lists are briefly reviewed. After the parties meet and confer, the parties will provide to the Court amended witnesses lists and amended |

| | | |
|---|---|---|
| | | exhibit lists which notate which exhibits have been stipulated to. Defense counsel is file their jury instructions with citations. The parties are directed to appear at 8:45 AM on 7/13/2026 for trial. Appearances: Hamilton Craig, Esq. Jack Leahey, Esq., Andrew Hruska, Esq., Tyson Langhofer, Esq. and Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. for defendant; Kevin Hayden, Esq. for non-party Ryan Yarosh; Matthew Larkin, Esq. for non-party Harvey Stenger; Claire Bopp, Esq. for non-party Brian Rose. (Court Reporter: Jodi Hibbard. Time: 2:31 PM - 3:37 PM.)(kmc) (Entered: 06/23/2026) |
| 06/22/2026 | 443 | TEXT ORDER: The 404 and 413 Motions in Limine are granted in part and denied in part, as stated on the record during the 6/22/2026 Final Pretrial Conference. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 6/22/2026. (kmc) (Entered: 06/23/2026) |
| 06/23/2026 | 444 | TRANSCRIPT REQUEST by John Pelletier for proceedings held on June 22, 20026. (Brown, Meghan) (Entered: 06/23/2026) |
| 06/24/2026 | 445 | TRANSCRIPT REQUEST by Binghamton University College Republicans for proceedings held on June 22, 2026 before Judge Coombe.. (Leahey, John) (Entered: 06/24/2026) |
| 06/26/2026 | 446 | TRANSCRIPT of Proceedings: Final Pretrial Conference held on 6/22/2026 before Judge Elizabeth C. Coombe, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2026. Redacted Transcript Deadline set for 7/27/2026. Release of Transcript Restriction set for 9/24/2026. Notice of Intent to Redact due by 7/1/2026 (jlh, ) (Entered: 06/26/2026) |
| 07/02/2026 | 447 | Letter Motion from Louis P. DiLorenzo for Brian Rose requesting testimony be limited to July 13 and/or July 14, 2026 submitted to Judge Elizabeth C. Coombe . (Attachments: # 1 Exhibit(s) A-Subpoena, # 2 Exhibit(s) B - Email Correspondence)(DiLorenzo, Louis) (Entered: 07/02/2026) |
| 07/02/2026 | | TEXT NOTICE re 447 Letter Motion from Louis P. DiLorenzo for Brian Rose requesting testimony be limited to July 13 and/or July 14, 2026 submitted to Judge Elizabeth C. Coombe: **Plaintiff's Response to Motion due by 7/7/2026 by 5:00 PM.** (kmc) (Entered: 07/02/2026) |
| 07/06/2026 | 448 | Proposed Jury Instructions by John Pelletier. (Brown, Meghan) (Entered: 07/06/2026) |
| 07/07/2026 | | TEXT NOTICE of Hearing: Telephone Conference by video set for 7/7/2026 at 2:30 PM before U.S. District Judge Elizabeth C. Coombe. The parties are directed to connect to conference using the link that has been provided to the parties by separate email. If the parties are not able to join by video, dial 315-691-0477 and enter code 838 538 324# to connect to the conference. (kmc) (Entered: 07/07/2026) |

| | | |
|---|---|---|
| 07/07/2026 | 449 | RESPONSE in Opposition re 447 Letter Request/Motion, *Plaintiffs' Response in Opposition to Letter from Brian Rose requesting testimony be limited to July 13 and July 14, 2026* filed by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/07/2026) |
| 07/07/2026 | | TEXT Minute Entry for a Telephone Conference held on 7/7/2026 by video before U.S. District Judge Elizabeth C. Coombe: The Court has a brief discussion with the parties regarding issues that were raised during the Final Pretrial Conference. Plaintiffs are directed to file an amended proposed jury instruction which includes the revised second element by 5:00 PM on 7/8/2026. Counsel is directed to file amended witness lists and amended exhibit lists by 5:00 PM on 7/9/2026. Appearances: Hamilton Craig, Esq. Jack Leahey, Esq., Andrew Hruska, Esq., and Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. for defendant. (Court Reporter: Hannah Cavanaugh. Time: 2:33 PM - 2:48 PM.) (kmc) (Entered: 07/07/2026) |
| 07/07/2026 | 450 | PRETRIAL STIPULATION *Stipulated Facts* by John Pelletier. (Brown, Meghan) (Entered: 07/07/2026) |
| 07/08/2026 | 451 | MEMORANDUM OF LAW *Plaintiffs' Factual Proffer* filed by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/08/2026) |
| 07/08/2026 | 452 | Proposed Jury Instructions by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/08/2026) |
| 07/08/2026 | 453 | TEXT ORDER: Defendant references the theory of qualified immunity in his proposed jury instructions. See Dkt. No. 448 at 15. Defendant should submit a proposed jury instruction and special interrogatories relative to the qualified immunity defense by July 10 at 12:00 PM. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 7/8/2026. (kmc) (Entered: 07/08/2026) |
| 07/09/2026 | 454 | LETTER BRIEF */Joint Letter Regarding Jury Instructions* by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/09/2026) |
| 07/09/2026 | 455 | Witness List by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/09/2026) |
| 07/09/2026 | 456 | Exhibit List */Plaintiffs' Amended Exhibit List* by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/09/2026) |
| 07/10/2026 | 457 | Proposed Jury Instructions by John Pelletier. (Brown, Meghan) (Entered: 07/10/2026) |
| 07/10/2026 | 458 | PROPOSED VERDICT FORM *Defendant's Proposed Special Interrogatories on Qualified Immunity* by John Pelletier. (Brown, Meghan) (Entered: 07/10/2026) |
| 07/10/2026 | 459 | TEXT ORDER: On Monday morning, the parties should be prepared to provide legal authority on the question of whether and how "fail[ure] to take reasonable measures to prevent [a] disruption" prior to an event constitutes an actionable restriction resulting in a violation of free speech under the First Amendment, as represented in Plaintiffs' proposed jury instructions. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 7/10/2026. (kmc) (Entered: 07/10/2026) |
| 07/10/2026 | 460 | LETTER BRIEF *Plaintiffs' Proffer Regarding Exhibits* by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/10/2026) |

| | | |
|---|---|---|
| 07/13/2026 | 461 | TRANSCRIPT REQUEST *to Jodi Hibbard* by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation for proceedings held on 7/13/2026, 7/14/2026, 7/15/2026. (Hruska, Andrew) (Entered: 07/13/2026) |
| 07/13/2026 | | TEXT Minute Entry for Day 1 of Jury Trial held on 7/13/2026 before U.S. District Court Elizabeth C. Coombe: 8:52 AM - Court is in session with counsel to address preliminary and housekeeping matters. 9:25 AM - Court is in recess. 9:47 AM - Court resumes with jury panel. 9:54 AM - Jury panel sworn. 9:56 AM - Judge Coombe addresses excuses at sidebar with counsel and jurors. 10:28 AM - Jurors are seated. 10:36 AM - Judge Coombe conducts voir dire examination of prospective jurors. 11:33 AM - Jury is excused from the courtroom. 11:38 AM - Judge Coombe meets with the parties outside the presence of the jury panel. Parties exercise challenges for cause and peremptory challenges. 11:49 AM - Court resumes with jury panel. 11:53 AM - Jury is selected and sworn. 11:55 AM - Court is in recess. 12:59 PM - Court resumes with counsel outside the presence of the jury. 1:12 PM - Jury enters the courtroom. 1:13 PM - Judge Coombe addresses preliminary matters with the parties. 1:32 PM - Opening statement by Mr. Hruska. 1:56 PM - Opening statement by Ms. Brown. 2:12 PM - Judge Coombe reads stipulated facts into the record. 2:15 PM - Mr. Craig calls John Restuccia who is placed under oath and testifies. 2:27 PM - P7 is admitted. 2:26 PM - P9 is admitted. 2:35 PM- P4 is admitted. 2:37 PM - P3 is admitted. 2:48 PM - P10 is admitted. 2:55 PM - P142 is admitted. 3:01 PM - JP-7 is admitted. 3:02 PM - Court is in recess. 3:21 PM - Court resumes with jury. Testimony of Mr. Restuccia continues. 3:23 PM - Mr. Craig reads stipulated exhibits into the record. JP-1, JP-2, JP-3, JP-4, JP-5, JP-6, JP-7, JP-8, JP-10 part 1, JP-10 part 2, P51, P54, P56, P62, P63, P64, P65, P73, P134, P150 are admitted. 4:23 PM - Mr. Sheahen calls Raj Kannappan who is placed under oath and testifies. 4:59 PM - Jury is excused for the day. 5:01 PM - Court is in recess until 7/14/2026 at 9:00 AM. Appearances: Hamilton Craig, Esq. Jack Leahey, Esq., Andrew Hruska, Esq., Tyson Langhofer, Esq. and Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. for defendant; (Court Reporter: Jodi Hibbard.) (kmc) (Entered: 07/14/2026) |
| 07/14/2026 | | Clerk's Office received a courtesy copy of Trial Exhibit - P57 via MFT from Plaintiff's Counsel on 7/13/2026. Not available for public viewing. (hmr) (Entered: 07/14/2026) |
| 07/14/2026 | 462 | TRANSCRIPT REQUEST *to Jodi Hibbard for proceedings held on 7/13/2026, 7/14/2026, 7/15/2026* by John Pelletier. (Specyal, James) (Entered: 07/14/2026) |
| 07/14/2026 | 463 | MEMORANDUM OF LAW *in Support of Motion in Limine to Introduce P-114 and P-79* filed by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/14/2026) |
| 07/14/2026 | | TEXT Minute Entry for Day 2 of Jury Trial held on 7/14/2026 before U.S. District Court Elizabeth C. Coombe: 9:02 AM - Judge Coombe meets with the parties to address preliminary matters. 9:03 AM - Court is in recess. 9:20 AM - Court resumes with jury. Testimony of Mr. Kannappan continues. 9:54 AM - P153 is admitted. 9:56 AM - P154 is admitted. 9:58 AM - P152 is admitted. 9:59 AM - P155 is admitted. 10:15 AM - Mr. Sheahen calls Brian Rose who is placed under oath and testifies. 10:43 AM - Court is in recess. 10:55 AM - Court resumes with jury. Mr. Hruska calls Dr. Arthur Laffer who is placed under oath and testifies. 11:41 AM - Court is in recess. 11:46 AM - Court meets with the parties outside the presence of the jury. 11:51 AM - Court is in recess. 12:09 PM - Court resumes with jury. Mr. Hruska calls Harvey Stenger who is placed under oath and testifies. 12:31 PM - Mr. Leahey calls Ryan Yarosh who is placed under oath and testifies. 12:41 PM - Court is in recess. 1:51 PM - Court meets with the parties outside the presence of the jury. 1:55 PM - Court resumes with jury. Testimony of Mr. Yarosh continues. 2:06 PM - Mr. Craig calls Steven Faulkner who is placed under oath and testifies. 2:58 PM - P57 is admitted. 3:17 PM - Jury is excused from the courtroom. 3:19 PM - Court is in recess. 3:42 PM - Court resumes with jury. Mr. Leahey calls Joseph |

| | | |
|---|---|---|
| | | Gallagher who is placed under oath and testifies. 4:00 PM - P61 is admitted. 4:40 PM - Mr. Langhofer calls Anthony Raganella who is placed under oath and testifies. 5:00 PM - P149 is admitted. 5:01 PM - Jury is excused for the day. Judge Coombe addresses preliminary and evidentiary matters with the parties. 5:09 PM - Court is in recess until 7/15/2026 at 9:00 AM. Appearances: Hamilton Craig, Esq. Jack Leahey, Esq., Andrew Hruska, Esq., Tyson Langhofer, Esq. and Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (kmc) (Entered: 07/15/2026) |
| 07/15/2026 | | Clerk's Office received a courtesy copy of Trial Exhibit - P149 via MFT from Plaintiff's Counsel on 7/14/2026. Not available for public viewing. (hmr) (Entered: 07/15/2026) |
| 07/15/2026 | 464 | MEMORANDUM OF LAW *in Opposition to Plaintiffs' Motion In Limine to Admit Exhibits P-114 and P-79* filed by John Pelletier. (Specyal, James) (Entered: 07/15/2026) |
| 07/15/2026 | | TEXT Minute Entry for Day 3 of Jury Trial held on 7/15/2026 before U.S. District Court Elizabeth C. Coombe: 9:04 AM - Judge Coombe meets with the parties to address evidentiary matters. 9:24 AM - Jury enters the courtroom. Testimony of Mr. Raganella continues. 9:21 AM - Mr. Langhofer requests to have Mr. Raganella identified as an expert. 9:22 AM - Jury is excused from the courtroom. Ms. Brown conducts voir dire of Mr. Raganella outside the presence of the jury. Ms. Brown references Rule 704. 9:29 AM - Mr. Langhofer responds. 9:31 AM - Judge Coombe qualifies Mr. Raganella as an expert. 9:36 AM - Jury enters the courtroom. Testimony of Mr. Raganella continues. 10:46 AM - Court is in recess. 11:03 AM - Court resumes with jury. Testimony of Mr. Raganella continues. 11:36 AM - Jury is excused from the courtroom. Ms. Brown makes a Rule 50(a) motion and a motion to dismiss Binghamton University College Republicans. 11:39 AM - Mr. Craig responds in opposition. 11:42 AM - Judge Coombe reserves decision. 11:43 AM - Court resumes with jury. Plaintiffs' rest. 11:44 AM - Ms. Brown calls John Pelletier who is placed under oath and testifies. 12:31 PM - Court is in recess. 1:35 PM - Court resumes with the parties to address evidentiary issues. 1:39 PM - Jury enters the courtroom. Testimony of Mr. Pelletier continues. 1:43 PM - P77 is admitted. 1:55 PM - P79 is admitted. 1:56 PM - P114 is admitted. 2:29 PM - P74 is admitted. 3:07 PM - Defendant rests. 3:10 - Jury is excused for the day. 3:11 PM - Ms. Brown renews the Rule 50(a) motion and a motion to dismiss Binghamton University College Republicans. Mr. Craig responds. Judge Coombe reserves decision. 3:13 PM - Court is in recess until 7/16/2026 at 9:00 AM. Appearances: Hamilton Craig, Esq. Jack Leahey, Esq., Andrew Hruska, Esq., Tyson Langhofer, Esq. and Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (kmc) (Entered: 07/15/2026) |
| 07/15/2026 | 465 | Proposed Jury Instructions by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. (Hruska, Andrew) (Entered: 07/15/2026) |
| 07/16/2026 | | TEXT Minute Entry for Day 4 of Jury Trial held on 7/16/2026 before U.S. District Court Elizabeth C. Coombe: 9:08 AM - Judge Coombe conducts charge conference. 10:30 AM - Court resumes with jury. Judge Coombe charges the jury. 11:20 AM - Court is in recess. 11:31 AM - Court resumes with jury. 11:32 AM - Closing statement by Ms. Brown. 11:32 AM - Closing statement by Mr. Hruska. 12:40 PM - Courtroom Security Officers sworn. 12:41 PM - Jury retires for deliberations. Court is in recess. 1:59 PM - Court resumes with counsel. The Court has received a note from the jury. Jury note is marked as court exhibit #2. 2:03 PM - Jury returns to courtroom to address the jury note marked as court exhibit #2. 2:04 PM - Jury retires to continue deliberations. 2:05 PM - Court is in recess. 2:37 PM - Jury returns a verdict and finds in favor of the Defendant. 2:41 PM - Jury is discharged with thanks of the Court. 2:42 PM - Post-trial motion deadlines and appeal rights explained. Exhibits returned to counsel. Court is adjourned. Appearances: Hamilton Craig, Esq. Jack Leahey, Esq., Andrew Hruska, Esq., Tyson Langhofer, Esq. and Kyle Sheahen, Esq. for plaintiffs; Meghan Brown, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (kmc) (Entered: 07/16/2026) |

| | | |
|---|---|---|
| 07/16/2026 | 466 | Plaintiffs' Exhibit List completed at trial. (kmc) (Entered: 07/16/2026) |
| 07/16/2026 | 467 | Defendant's Exhibit List completed at trial.(kmc) (Entered: 07/16/2026) |
| 07/16/2026 | 468 | Jury Instructions - Court Exhibit #1. (kmc) (Entered: 07/16/2026) |
| 07/16/2026 | 469 | Jury Note - Court Exhibit #2. (kmc) (Entered: 07/16/2026) |
| 07/16/2026 | 470 | JURY VERDICT. (kmc) (Entered: 07/16/2026) |
| 07/16/2026 | 471 | TEXT ORDER: Any post-trial motions are due by 8/13/2026, any responses are due by 9/3/2026, and any replies are due by 9/10/2026. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 7/16/2026. (kmc) (Entered: 07/16/2026) |
| 07/16/2026 | 472 | JUDGMENT: In favor of John Pelletier against Young America's Foundation, Binghamton University College Republicans, Nicholas Aparicio. (kmc) (Entered: 07/16/2026) |
| 07/21/2026 | 473 | TRANSCRIPT of Proceedings: Jury Trial held on 7/13/2026 before Judge Elizabeth C. Coombe, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2026. Redacted Transcript Deadline set for 8/21/2026. Release of Transcript Restriction set for 10/19/2026. Notice of Intent to Redact due by 7/27/2026 (jlh, ) (Entered: 07/21/2026) |
| 07/21/2026 | 474 | TRANSCRIPT of Proceedings: Jury Trial held on 7/14/2026 before Judge Elizabeth C. Coombe, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2026. Redacted Transcript Deadline set for 8/21/2026. Release of Transcript Restriction set for 10/19/2026. Notice of Intent to Redact due by 7/27/2026 (jlh, ) (Entered: 07/21/2026) |
| 07/21/2026 | 475 | TRANSCRIPT of Proceedings: Jury Trial held on 7/15/2026 before Judge Elizabeth C. Coombe, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to |

| | | |
|---|---|---|
| | | Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2026. Redacted Transcript Deadline set for 8/21/2026. Release of Transcript Restriction set for 10/19/2026. Notice of Intent to Redact due by 7/27/2026 (jlh, ) (Entered: 07/21/2026) |
| 07/21/2026 | 476 | TRANSCRIPT of Proceedings: Jury Trial held on 7/16/2026 before Judge Elizabeth C. Coombe, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2026. Redacted Transcript Deadline set for 8/21/2026. Release of Transcript Restriction set for 10/19/2026. Notice of Intent to Redact due by 7/27/2026 (jlh, ) (Entered: 07/21/2026) |
| 08/13/2026 | 477 | NOTICE OF APPEAL as to 352 Order on Motion to Substitute Party,,,,,, Order on Motion for Summary Judgment,,,,,,,,,,,,,,,,,,,,,, 452 Proposed Jury Instructions and 468 Jury Instructions by Nicholas Aparicio, Binghamton University College Republicans, Young America's Foundation. Filing fee $ 605, receipt number ANYNDC-7721340. (Hruska, Andrew) Modified on 8/17/2026 (hmr). (Entered: 08/13/2026) |
| 08/17/2026 | | CLERK'S CORRECTION OF DOCKET ENTRY re 477 Notice of Appeal: Clerk added " 452 Proposed Jury Instructions and 468 Jury Instructions" to this docket entry since these two documents are also listed in the Dkt. No. 477 Notice of Appeal. (hmr) (Entered: 08/17/2026) |
| 08/17/2026 | 478 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 477 Notice of Appeal. (hmr) (Entered: 08/17/2026) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/27/2026 17:39:20 | | | |
| **PACER Login:** | ckjones21 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cv-00822-ECC-CBF |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

element, deprivation of constitutional right?

MR. LANGHOFER: No objections, your Honor.

MS. BROWN: I have no objection.

THE COURT: On page 22, any objections to First Amendment right to free speech?

MR. LANGHOFER: Yes, your Honor.

THE COURT: Okay.

MR. LANGHOFER: So we would ask --

THE COURT: Can we go --

MR. LANGHOFER: Apologize.

THE COURT: That's okay. It was your floor, but thank you. I'm taking it back. I think it would be better if we go, instead of you addressing several pages at one time, if we just go paragraph by paragraph.

MR. LANGHOFER: Sure, absolutely.

THE COURT: All right. So how about the first paragraph of the First Amendment right to free speech?

MR. LANGHOFER: Yes.

THE COURT: Okay.

MR. LANGHOFER: And so specifically the second aspect of the first paragraph, the failing to order his officers to stop the disruption immediately, we would ask that the court use the language proposed by us, the failure to take reasonable measures to prevent a disruption, and I'll explain why and I think it's appropriate in this case.

The -- in this case we had a situation where the defendant had knowledge of the disruption, he knew who the disruptors were, he actually intentionally participated in the change of the venue to have control of the venue, he had days to plan for the event, he had actually, his officers had interacted with the protesters themselves, knew who they were and what their actions were, and he knew what the event was. He had the ability to plan a lot and so this is very different than a -- some type of contemporaneous, or an event that just happens and is not planned.

In that case we think the case law does support a claim for failing to take reasonable measures to prevent a disruption and why it's important here, your Honor, is because, as the jury instructions note, the states have a compelling governmental interest always to provide safety. Crime prevention, there's always a compelling interest in stopping violence. If a duty is not imposed on a police officer to properly plan for an event, what they could do, which is what Chief Pelletier admitted here, is he didn't have sufficient officers so then he could not plan by not providing sufficient officers and then say, hey, there was nothing I could do, I couldn't shut it down because I didn't have sufficient officers. And that deprives my clients of a right just as much as failing to actually take -- you know, ordering his officers to stop the disruption.

And so this isn't -- this is a situation that's unique where you have police officers with knowledge of the events, time to plan, knowledge of the protesters, how they're going to act, and because of that, the First Amendment imposes a duty, including taking reasonable measures, and so we think that our charge there is -- captures his duty appropriately and it's supported by the case law that we discussed several days ago.

THE COURT: Ms. Brown?

MS. BROWN: I disagree, your Honor, because giving a charge on reasonable measures changes the burden of proof when this is an intentional or reckless standard, and now imposing reasonableness takes it down to a negligence standard which isn't applicable.

MR. LANGHOFER: Your Honor, the reasonable measures is actually discussed by the expert that we have that there are best practices, and everybody, you know, they're trained on these best practices. In fact you heard Chief Pelletier say he received the same training as other police officers, not just University Police and there are the same standards, and our expert testified that those best practices were to take certain actions beforehand to ensure that he could actually protect the speech. And there is a duty, Chief Pelletier acknowledged he had a duty to do that, state law acknowledges that, and because of that, he needed to take

reasonable measures beforehand when he knows about the event. By failing to do so, it is -- it does meet the reckless standard, we think there's sufficient evidence to show that and we would ask that our proposed instructions be substituted there, and then there's just one other page in the next paragraph -- or the next page, sorry.

THE COURT: Okay. Well, I did carefully consider this issue, and I did ask the parties about this one morning before trial began. I did look at the cases that the plaintiff cited, and I didn't think that any directly supported the -- this language that you're, you had requested, failing to take reasonable measures to prevent the protest from disrupting their lecture event. Those cases, there is a failure to protect, there is failure to protect language in cases and in some of the cases that you relied on, but none of those cases involve a similar kind of situation where a party was trying to hold someone liable merely for failing to prepare.

It seems to me after looking at the cases in considerable detail that those arguments really, failing to take reasonable measures, including failing to warn plaintiffs' opponents and failing to take reasonable precautions, those are all arguments that you can make about that there were less restrictive means, and that it comes in through strict scrutiny, I -- you have not provided me with

any legal authority that sufficiently establishes that a failure to prepare alone can be a sufficient basis for a First Amendment violation.

And so I'm not going to give that argument, but I want to be clear, that the way I have written it was to use language that you proposed. I used your other language about going to the airport to persuade Dr. Laffer not to speak, failing to order his officers to stop the disruption immediately once it started, and ordering Dr. Laffer to leave.

MR. LANGHOFER: Understand.

THE COURT: Thank you. Let's continue on. Regarding the next page, the first paragraph.

MR. LANGHOFER: Nothing, your Honor.

MS. BROWN: No objection.

THE COURT: Okay. And how about the second paragraph on page 23?

MR. LANGHOFER: No objection.

MS. BROWN: No objection.

THE COURT: How about the third paragraph on page 23?

MR. LANGHOFER: The third paragraph would be the same objection we just discussed, it has that failing -- I'm sorry.

THE COURT: Right, it doesn't.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

YOUNG AMERICA'S FOUNDATION;
BINGHAMTON UNIVERSITY
COLLEGE REPUBLICANS; and
NICHOLAS APARICIO, in his official capacity
as President of the College Republicans
of Binghamton University,

3:20-cv-822 (ECC/CBF)

Plaintiffs,

v.

JOHN PELLETIER, Chief of SUNY-
Binghamton UPD, in his
individual capacity,

Defendant.

---

**Hon. Elizabeth C. Coombe, United States District Judge:**

# JURY INSTRUCTIONS

COURT EXHIBIT #1

# Table of Contents


I. INTRODUCTION ........ 3

A. Role of the Court ........ 3
B. Role of the Jury ........ 4
C. Role of the Attorneys ........ 5

II. NATURE OF EVIDENCE ........ 6

A. Testimony and Exhibits ........ 6
B. Direct and Circumstantial Evidence ........ 7
C. Reasonable Inferences ........ 9

III. EVALUATION OF EVIDENCE ........ 9

A. Credibility of Witnesses ........ 9
B. Interested Witness ........ 11
C. Weighing the Testimony of an Expert Witness ........ 11
D. Discrepancies in Testimony ........ 13
E. Impeachment by Prior Inconsistent Statements ........ 14
F. Stipulations ........ 14
G. Depositions ........ 15
H. All Available Evidence Need Not Be Produced ........ 15
I. State Not a Defendant ........ 15
J. Multiple Plaintiffs ........ 16
K. Redactions ........ 16
L. Limiting Instruction As To Tabling Event ........ 16
M. Limiting Instruction As To Exhibit P74 ........ 16

IV. BURDEN OF PROOF ........ 17

A. Preponderance of Evidence ........ 17

V. SUBSTANTIVE LAW ........ 18

A. Introduction ........ 18
B. Section 1983 Cause of Action ........ 19

1. The Statute – 42 U.S.C. § 1983 ........ 19
2. Elements of a Section 1983 Cause of Action ........ 20

VI. DAMAGES ........ 26

A. Compensatory Damages ........ 27
B. Nominal Damages ........ 28
C. Punitive Damages ........ 28

VII. General Rules Governing Deliberations and Verdict ........ 30

# I. INTRODUCTION

Ladies and gentlemen, on behalf of the Court, the attorneys, and the parties, we all thank you for serving as jurors in this case.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.

I ask you to give me that same careful attention as I instruct you on the law. I will give you a copy of these instructions to use in the jury room. If you have a legal question about these instructions or about something the instructions do not address, you must ask me for a further explanation.

## A. Role of the Court

You have now heard all of the evidence in the case and you will soon hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated or states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**B. Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the parties have said in their opening statements, what they will say in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about facts evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings that I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

You are to perform the duty of finding the facts without bias or prejudice to any party.

**C. Role of the Attorneys**

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which that attorney believes is not properly admissible. Counsel have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are

the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## II. NATURE OF EVIDENCE

### A. Testimony and Exhibits

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

So, for example, if a witness was asked "When did you stop drinking coffee?" you would not be permitted to consider as true the assumed fact that the witness had drunk coffee, unless the witness indicated he or she had, or unless there was some other evidence in the record that the witness drank coffee.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. You may not consider any answer that I directed you to disregard or that I directed struck from the record.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their opening statements and what they will say in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**B. Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

### C. Reasonable Inferences

In their closing arguments, the attorneys may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs ask you to draw one set of inferences, while the Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

## III. EVALUATION OF EVIDENCE

### A. Credibility of Witnesses

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony. The testimony of a police officer should be considered using these same principles.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of the witness's memory, the witness's candor or

lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experiences.

**B. Interested Witness**

An interested witness is a person who has an interest in the outcome of the trial. Here, the Defendant is an interested witness. An interested witness is not necessarily less believable than a disinterested witness. The fact that he is interested in the outcome of the case does not mean that he has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether the testimony has been influenced, intentionally or unintentionally, by his interest. You are not required to reject the testimony of such a witness, and you may accept all or such part of his testimony as you find reliable and reject such part as you find unworthy of acceptance.

**C. Weighing the Testimony of an Expert Witness**

You heard the testimony of an expert witness. You should not assume, simply because I allowed an expert to give his opinion, that the opinion is correct or that I

believe the opinion is correct. When a case involving a matter requiring special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion for the information of the Court and jury.

The opinions stated by the expert who testified before you was based on particular facts as the expert observed them and testified to them before you, or as they were told by somebody else or as appeared from some paper or record. You may reject an expert's opinion if you find the underlying facts to be different from those that form the basis of their opinion. You may also reject the opinion if, after careful consideration of all the evidence in the case, including expert and other testimony, you disagree with that opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness, and it is allowed only to aid you in reaching a proper consideration.

The testimony of the expert who testified in this trial is entitled to such weight as you may find their qualifications in the field and the extent of their investigation and the validity of his assumptions warrant. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or

you feel it outweighed by other evidence, you may disregard the opinion of that expert witness entirely.

**D. Discrepancies in Testimony**

Counsel may argue that discrepancies in a witness's testimony or discrepancies between witnesses' testimony are a reason for you to reject a witness's testimony.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood is always a matter of importance and should be considered seriously. It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his testimony. You should, as always, use your common sense and your own good judgment.

## E. Impeachment by Prior Inconsistent Statements

If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## F. Stipulations

A stipulation is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. The parties have stipulated to a number of facts and this stipulation will be made available to you as an exhibit during deliberations.

### G. Depositions

The attorneys have referred to a deposition. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery process.

### H. All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

### I. State Not a Defendant

During your deliberations you must bear in mind that the State of New York and Binghamton University are not defendants in this case. You should not speculate as to why the State of New York and Binghamton University are not defendants in this case. This is a suit against an individual defendant. You are only to consider the potential liability of the Defendant solely on the basis of the evidence that has been presented in this case. The Defendant is not liable for his employer's conduct or the conduct of his colleagues.

### J. Multiple Plaintiffs

You must give separate consideration to each claim and each party in this case. Although there are three Plaintiffs—Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, in his official capacity as President of the College Republicans of Binghamton University—it does not follow that if one is successful, the others are too.

### K. Redactions

As you know, certain exhibits were admitted into evidence with some portions blacked out or redacted. You may not speculate as to what material was redacted or why, and you may not draw any inference, favorable or unfavorable against either party, from the fact that certain material has been redacted.

### L. Limiting Instruction As To Tabling Event

You heard testimony about the "Tabling Event." There are no claims against the Defendant arising from the Tabling Event. Testimony about the Tabling Event was admitted only to the extent that it may be relevant to anything the Defendant did with respect to planning for the "Laffer Event." It is admissible only for that limited purpose.

### M. Limiting Instruction As To Exhibit P74

Regarding Exhibit P74, the information from people other than the Defendant in that exhibit is not offered for the truth asserted, but you may only

consider it with respect to the Defendant's state of mind in preparation for the Laffer Event.

## IV. BURDEN OF PROOF

### A. Preponderance of Evidence

As the Plaintiffs in this action, Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, in his official capacity as President of the College Republicans of Binghamton University, must each establish by a preponderance of the credible evidence that their individual Section 1983 claims, and the elements that comprise those claims, are true. If you conclude that any of the Plaintiffs have failed to establish a claim by a preponderance of the evidence, you must decide against the Plaintiff on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by the preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally as probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence—it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

You have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case such as this and you should put it out of your mind.

## V. SUBSTANTIVE LAW

### A. Introduction

In this case, the Plaintiffs, Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, in his official capacity as President of the College Republicans of Binghamton University, claim that the Defendant violated their First Amendment right to free speech and their Fourteenth Amendment right to equal protection by failing to take reasonable measures to

prevent the disruption of the November 18, 2019 lecture by Dr. Arthur Laffer and ordering Dr. Laffer to leave after the disruption occurred. From these facts as alleged, the Plaintiffs bring two causes of action against the Defendant.

A cause of action is a legal theory by which a plaintiff asserts that, if the facts are as he claims them to be, a defendant is liable to him under the law.

**B. Section 1983 Cause of Action**

**1. The Statute – 42 U.S.C. § 1983**

The Plaintiffs bring their causes of action under federal civil rights law, Section 1983 of Title 42 of the United States Code, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983, as it applies to this case, states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

I will refer to this statute simply as "Section 1983."

## 2. Elements of a Section 1983 Cause of Action

I will now instruct you regarding the elements of a Section 1983 cause of action. Before we begin, however, bear in mind that I will be charging you on the legal elements of proving a Section 1983 cause of action, and on the legal elements of proving the underlying First Amendment free speech and Fourteenth Amendment Equal Protection Clause claims. As I just indicated, Section 1983 is a statute which allows a citizen to sue for an asserted deprivation of a federally protected right. Here, the Plaintiffs assert that their First Amendment constitutional right to free speech and Fourteenth Amendment Equal Protection Clause rights were violated. Thus, the Plaintiffs' claims are brought under Section 1983.

To establish a cause of action under Section 1983, each Plaintiff must establish, by a preponderance of the evidence, each of the following three (3) elements:

> First, that the conduct complained of was committed by the Defendant while acting under color of state law;
>
> Second, that the Defendant's conduct deprived that Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the Defendant's acts were the proximate cause of the injuries and consequent damages sustained by that Plaintiff.

The applicability of each claim to the corresponding Plaintiff will be separated for you on the verdict sheet. Each Plaintiff must establish their claim by a preponderance of the evidence.

I will now examine each of these three elements in greater detail. As I said earlier, I will explain the three elements of the Section 1983 cause of action, and then I will explain the second element in more detail.

**a. First Element: Acting Under Color of State Law**

In this case, there is no dispute that the Defendant was acting under color of state law. Thus, the first element of each of the Plaintiffs' Section 1983 causes of action has been satisfied, and you need not be concerned with it.

**b. Second Element: Deprivation of Constitutional Right**

The second element of each of the Plaintiffs' claims is that the Defendant deprived that Plaintiff of a constitutional right. For each Plaintiff to establish this second element, that Plaintiff must show that those acts that you have found that the Defendant took under color of state law caused the Plaintiff to suffer the loss of a constitutional right. That Plaintiff must also show that that the Defendant performed those acts intentionally or recklessly, rather than accidentally. An act is intentional if it is done voluntarily and deliberately and not because of a mistake,

accident, negligence, or other innocent reason. Intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence. An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if he nevertheless purposely disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then the second essential element would be satisfied.

In order to determine whether the second element of a Section 1983 cause of action has been fulfilled, you must decide whether a constitutional right has in fact been deprived. In order for you to make this determination, I must instruct you as to the elements of Plaintiffs' First Amendment free speech and Fourteenth Amendment Equal Protection Clause claims.

**i. First Amendment – Right to Free Speech**

Each Plaintiff alleges that the Defendant violated their First Amendment right to free speech on November 18, 2019 by going to the airport to persuade Dr. Laffer not to speak, failing to order his officers to stop the disruption immediately, and ordering Dr. Laffer to leave after the disruption began.

The First Amendment provides that Congress shall make no law abridging free speech.

To establish their claim, each Plaintiff must prove each of the following elements by a preponderance of the evidence: (1) that the Plaintiff engaged in or attempted to engage in speech protected by the First Amendment and (2) that the Defendant unlawfully restricted the Plaintiff's speech. If you find that a specific Plaintiff has proven by a preponderance of the evidence that the Defendant restricted the Plaintiff's speech, then the burden shifts to the Defendant to prove by a preponderance of the evidence that the restriction was narrowly tailored to further a compelling government interest.

In this case, the parties have stipulated that the Laffer Event was speech protected by the First Amendment. Therefore, you do not need to consider this element; it has been met.

The second element of each of Plaintiff's claims is that the Defendant restricted the Plaintiff's speech. You must determine whether the Defendant restricted each Plaintiff's speech. The public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers. As I mentioned previously, the Plaintiffs allege that the Defendant restricted their protected speech by going to the airport to persuade Dr. Laffer not to speak, failing to order his officers to stop the disruption immediately, and ordering Dr. Laffer to leave after the disruption began. The Defendant denies these allegations and asserts that he implemented plans for the lecture to go forward successfully and

safely, he did not direct Dr. Laffer to leave, and that Dr. Laffer and Plaintiffs decided to leave on their own.

If you find that the Defendant did not restrict the Plaintiff's protected speech, then you must decide in favor of the Defendant. If, however, you find that the Defendant restricted the protected speech by preventing the Laffer Event from occurring, then this element is satisfied, and you will consider the final element.

For the final element, the burden shifts to the Defendant to prove that that the restriction was lawful. I instruct you as a matter of law that under the circumstances of this case, where the Laffer Event occurred at a Binghamton University lecture hall opened for the event, to prove that the restriction was lawful, the Defendant must prove that the restriction was narrowly tailored to further a compelling government interest. To prove that the restriction was lawful, the Defendant must prove that the restriction was narrowly tailored to further a compelling government interest. States have compelling governmental interests in public safety and crime prevention, and there is always a compelling public interest in stopping violence and lawless destruction of property.

Narrow tailoring requires the Defendant to demonstrate that the restriction of speech was the least restrictive means of achieving the compelling government interest. This requires a showing that there are no less restrictive alternatives that would be at least as effective in achieving the compelling government interest.

If you find that the Defendant demonstrated by a preponderance of the evidence that the restriction was the least restrictive means of achieving the compelling government interest, then you must find in favor of the Defendant on this claim. If, however, you find that the Defendant did not demonstrate by a preponderance of the evidence that the restriction was the least restrictive means of achieving the compelling government interest, then you must find in favor of the Plaintiff on this claim.

**ii. Fourteenth Amendment – Equal Protection**

Each Plaintiff also claims that the Defendant violated their rights to equal protection under the Fourteenth Amendment. The Equal Protection Clause requires that the government treat all similarly situated people and groups of people alike. If you find that the Defendant violated a Plaintiff's First Amendment rights, then you must also find that the Defendant violated that Plaintiff's Fourteenth Amendment rights. If you find, however, that the Defendant did not violate a Plaintiff's First Amendment rights, then you must find that the Defendant did not violate that Plaintiff's Fourteenth Amendment rights.

**c. Third Element: Proximate Cause**

The third element which each Plaintiff must prove to establish each of their Section 1983 causes of action is that the Defendant's actions were a proximate cause of injuries sustained by that Plaintiff. An action is a proximate cause of an

injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the Defendant's actions.

### d. Personal Involvement

The Defendant may only be held liable for a constitutional violation under Section 1983 if he is personally involved. It is the Plaintiffs' burden to establish the Defendant's personal involvement in the alleged constitutional deprivation. To establish personal involvement, the Plaintiff must prove that the Defendant violated the Constitution through his own actions and did so with the requisite state of mind. The mere fact that a defendant holds a position in a hierarchical chain of command, without more, does not establish his personal involvement. The Plaintiffs must prove a tangible connection between the acts of the Defendant and the injuries they claim they have suffered.

## VI. DAMAGES

I will now instruct you on the law of damages. I caution you, however, that my doing so does not mean that I have any opinion on whether or not the Plaintiffs have satisfied their burden of proof and that the Defendant is liable. Only if you find that a Plaintiff proved at least one of their claims against the Defendant should you consider damages. You should only consider the actions of the named Defendant in this case.

Broadly speaking, there are three kinds of damages you may consider: compensatory damages, nominal damages, and punitive damages.

**A. Compensatory Damages**

If Plaintiff Young America's Foundation has proven any of their claims, then you must award Plaintiff Young America's Foundation a sum of money that you believe will fairly and justly compensate them for any injury you believe they actually sustained as a proximate result of the Defendant's actions.

You shall award damages only for those injuries that you find that they have proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by Plaintiff Young America's Foundation—you must award damages only for those injuries that are a proximate result of conduct by the Defendant that violated federal law. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

In addition, you must not award compensatory damages more than once for the same injury. For example, if Plaintiff Young America's Foundation were to prevail on both claims and establish a one dollar injury, you could not award them one dollar in compensatory damages on each claim—they are only entitled to be made whole again, not to recover more than they lost. Of course, if different

injuries are attributed to the separate claims, then you must compensate them fully for all of the injuries.

**B. Nominal Damages**

If you return a verdict for Plaintiff Young America's Foundation, but find that they have failed to prove by a preponderance of the evidence that they suffered any actual damages, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved. In addition, if you return a verdict for Plaintiffs Binghamton University College Republicans and Nicholas Aparacio in his official capacity as President of the College Republicans of Binghamton University, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved.

**C. Punitive Damages**

Whether or not you award a Plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others in similar circumstances from committing such conduct in the future.

You may award a Plaintiff punitive damages if you find that the acts or omissions of the Defendant were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite toward the injured person. An

act is wanton if done with a reckless or callous disregard for the rights of the injured person. Each Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant acted maliciously or wantonly with regard to that Plaintiff's rights.

If you find by a preponderance of the evidence that the Defendant acted with malicious intent to violate a Plaintiff's federal rights or unlawfully injure them, or if you find that the Defendant acted with a callous or reckless disregard of a Plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter them and others in similar circumstances from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the Defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent the Defendant from similar wrongful conduct

in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendant may have committed. If you find that punitive damages should be awarded against the Defendant, there will be a separate hearing to consider punitive damages.

## VII. General Rules Governing Deliberations and Verdict

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. Following summations, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a Foreperson. Keep in mind, however, that the Foreperson's vote is entitled to no more weight than any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence.

Your verdict must represent the considered judgment of each juror. Each of you must decide the case for yourself, but it is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violating your individual judgment and conscience.

There is nothing peculiarly different in the way a jury should consider the evidence in a civil case from that in which all reasonable persons treat any question that depends on evaluation of evidence presented to them. You are expected to use

your good sense, to consider the evidence in the case only for the purposes for which it has been admitted, and to give this evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purposes of returning a verdict. Remember you are not partisans. Your duty is to seek the truth from the evidence presented to you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read back to you or my instructions further explained. I caution you, however, that the read-back of testimony may take some time and effort. You should, therefore, make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Remember also that juror notes are to be used only by the juror who took them, and the fact that a juror elected to do so entitles his or her vote to no greater weight.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The Foreperson should sign the note and pass it to the Court Security Officer who will bring it to my attention. I will then respond either in writing or orally by having you returned to the courtroom. In any communications with the Court, you must never state your numerical division over an issue, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device, such as a cell phone, smart phone, or tablet, or any website such as Google, Facebook, Instagram, YouTube, Twitter, X, TikTok, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Verdict forms have been prepared for you. After you select a Foreperson, you should review them. Once you have reached a unanimous verdict, your Foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer that a verdict has been reached.

**END OF CHARGE**

UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

YOUNG AMERICA'S FOUNDATION, *et al*.,

Plaintiffs,

-against- 3:20-CV-822 (LEK/TWD)

HARVEY STENGER, *et al.*,

Defendants.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

In recent years, the university has been at the center of the conversation around protest and free speech. As the Court noted previously, "[t]he tension between student activism and freedom of speech on college campuses is not a new phenomenon." Dkt. No. 70 ("August 2021 Order") at 24 (citing *Healy v. James*, 408 U.S. 169, 187 (1972)). This case tests the limits of a university's ability to regulate speech in an increasingly partisan world.

On July 22, 2020, Plaintiffs Young America's Foundation, Binghamton University College Republicans, and Jon Lizak commenced this action by filing a complaint against Defendants Harvey Stenger, Brian Rose, John Pelletier, College Progressives, Progressive Leaders of Tomorrow ("PLOT"), and the Student Association of Binghamton University, Inc. ("Student Association" or "SA"). Dkt. No. 1. The complaint centers around two related incidents on the campus of the State University of New York at Binghamton ("University") in relation to a planned guest lecture by economist Dr. Arthur Laffer. *See generally id.*

Following a motion to dismiss, the Court dismissed Defendants College Progressives and PLOT. Dkt. No. 223 ("March 2023 Order"); Dkt. No. 238 ("May 2023 Order"). Jon Lizak, the

former President of the College Republicans, was also dismissed as a plaintiff, and the Court joined the then-current President, Rein Bey, as a plaintiff in this action. March 2023 Ord.; Dkt. No. 261 ("November 2023 Order").

Plaintiffs then filed an amended complaint alleging a First Amendment suppression of speech claim, First Amendment retaliation claim, and a Fourteenth Amendment equal protection claim. Dkt. No. 262 ("Amended Complaint"). Now before the Court is Plaintiffs' motion to substitute a party, Dkt. No. 343 ("Motion to Substitute"), and the four remaining Defendants' motions for summary judgment, Dkt. No. 307 ("Pelletier Motion"), Dkt. No. 308 ("Stenger Motion"), Dkt. No. 311 ("SA Motion"), Dkt. No. 313 ("Rose Motion"). Plaintiffs filed a joint memorandum of law in response to the motions for summary judgment, Dkt. No. 321 ("Response"), and each Defendant replied, Dkt. Nos. 333, 334, 336-1, 338.

For the reasons that follow, the Motion to Substitute is granted; the Pelletier Motion is granted in part and denied in part; the Stenger Motion is granted in part and denied in part; the Student Association Motion is granted in part and denied in part; and the Rose Motion is granted.

## II. BACKGROUND

With their motions for summary judgment, Defendants have provided statements of material facts. Dkt. No. 307-3 ("Pelletier SMF"); Dkt. No. 308-1 ("Stenger SMF"); Dkt. No. 311-30 ("SA SMF"); Dkt. No. 313-47 ("Rose SMF"). Plaintiffs filed a response to each statement of material facts. Dkt. No. 324 ("Response to Pelletier SMF"); Dkt. No. 322 ("Response to Stenger SMF"); Dkt. No. 325 ("Response to SA SMF"); Dkt. No. 323 ("Response to Rose SMF"). Plaintiffs also filed a statement of additional facts, Dkt. No. 326 ("Plaintiffs' Statement of Additional Facts" or "PSAF"), and the Student Association, Stenger, and Rose filed

responses to Plaintiffs' Statement of Additional Facts, Dkt. No. 336 ("SA Response to PSAF"), Dkt. Nos. 332, 337.

For purposes of summary judgment, the factual summary of this action is taken from the parties' various statements of material facts, the responses to the statements, and the exhibits included by parties. Disputes of material fact in the record are noted.

**A. The Parties**

*1. Plaintiffs*

Plaintiff Binghamton University College Republicans ("College Republicans") are a registered student organization at the University. Stenger SMF ¶ 2. One of the College Republicans' stated purposes is to "make known and promote the principles of the Republican Party among members of the SUNY-Binghamton campus and community." *Id.* To that end, College Republicans advertise and host events on campus, which sometimes include inviting guest speakers. *See* Rose SMF ¶¶ 41, 45, 199–200. In September 2019, prior to the events relating to this action, the College Republicans hosted an event on campus called, "The Case Against Socialism," which proceeded without any major disruption. *Id.* ¶¶ 41, 44.

Plaintiff Young America's Foundation ("YAF") is a nonprofit organization that partners with student organizations on university campuses, including the College Republicans, to co-host speakers. Stenger SMF ¶ 1.

Plaintiff Rein Bey was the Vice President of the College Republicans during the Fall 2019 semester. Stenger SMF ¶ 3. Bey was President of the College Republicans during the Spring 2023 semester. *Id.* Bey is no longer a student at the University nor a member of the College Republicans. *Id.*

*2. Defendants*

Defendant Harvey Stenger is and was the President of the University during all relevant events. Stenger SMF ¶ 4.

Defendant Brian Rose is and was the Vice President for Student Affairs at the University during all relevant events. *Id.* ¶ 5.

Defendant Student Association is an incorporated entity which oversees and charters subsidiary student organizations pursuant to the Student Association's criteria and rules. *Id.* ¶ 7. It also provides resources to those organizations. *Id.*; PSAF ¶ 10. The Student Association can discipline, sanction, suspend, or revoke the charters of University student organizations, Stenger SMF ¶ 21, although Plaintiffs assert that Stenger and Rose also maintained the power to discipline student organizations, Resp. to Stenger SMF ¶ 21; PSAF ¶ 7.

The parties dispute the nature of the Student Association's status in relation to the University. According to Defendants, the Student Association is separate and distinct from the University. Stenger SMF ¶ 7. Defendants state that the University does not exercise any control over the Student Association; it does not report to anyone at the University and the University cannot direct the Student Association to take any action. *Id.* ¶¶ 15, 17–18. According to Plaintiffs, the Student Association is an incorporated entity that derives its funding from the state of New York, but it depends on the University to collect all fees that provide its operating funds. Resp. to Stenger SMF ¶ 7; PSAF ¶ 10. Plaintiffs assert that Stenger and Rose maintain control of its finances and exercise control over key decisions by the Student Association. Resp. to Stenger SMF ¶ 7.

Defendant John Pelletier was the Chief of the University's Police Department ("UPD") during all relevant events. Stenger SMF ¶ 6. UPD was and is the primary law enforcement

agency on the University's campus. *Id.* ¶ 23. UPD was and is authorized to make arrests and charge individuals with New York State crimes. *Id.* ¶ 26. The parties dispute whether Stenger and Rose have the authority to direct UPD to arrest—or not arrest—University students. *Id.* ¶ 27; Resp. to Stenger SMF ¶ 27.

*3. Previously Dismissed Parties*

The College Progressives are a student group at the University. Stenger SMF ¶ 10.

PLOT is a community group that exists outside the University, *Id.* ¶ 8, although Plaintiffs assert that PLOT also exists within the University, since students and faculty have been members of PLOT, and the College Progressives operate in coordination with PLOT. Resp. to Stenger SMF ¶ 8.

**B. The Tabling Event**

*1. The Spine*

On the University's campus, there is an open-air, high-traffic walkway between the dining hall and lecture halls called the "Spine." Stenger SMF ¶ 28; Pelletier SMF ¶ 31. Student groups often set up tables on the Spine to promote events happening on campus, what is referred to as "tabling." Stenger SMF ¶¶ 29–30. The Spine is in high demand for tabling events due to its heavy pedestrian traffic. *Id.* ¶ 29; *but see* Resp. to Stenger SMF ¶ 29 (disputing).

There is a reservation requirement for tabling on certain sections of the Spine. Stenger SMF ¶ 31; Resp. to Stenger SMF ¶ 31; SA Resp. to PSAF ¶ 19. Reservations, both for tabling on the Spine and for events in classrooms or auditoriums, are made exclusively through the online platform "B-There." SA SMF ¶ 5.

Defendants assert that the reservation requirement comes from the University, Stenger SMF ¶ 31, while Plaintiffs state that it comes from the Student Association, Resp. to Stenger

SMF ¶ 31. Plaintiffs also assert that the Spine is a "large area, for much of which the Student Association does not purport to require reservations." *Id.* ¶ 29. According to Plaintiffs, "there is sufficient room for multiple groups to table simultaneously without mutual interference." *Id.*

*2. The November 14, 2019 Tabling Event*

On November 14, 2019, the College Republicans, along with another group not recognized by the Student Association called "Turning Point, USA," tabled on the Spine. ("Tabling Event"). Stenger SMF ¶ 33. They did not have a prior reservation. *Id.* The group tabled primarily to advertise an upcoming event on November 18, 2019 with guest speaker Dr. Arthur Laffer, co-hosted by YAF and the College Republicans ("Laffer Event"). PSAF ¶¶ 18, 19. There were approximately four or five people running the table, including College Republicans member Lacey Kestecher. Pelletier SMF ¶¶ 46, 39; Rose SMF ¶ 32. Among other things, the people tabling displayed flyers for the Laffer Event and a poster stating "I'M PRO CHOICE. PICK YOUR GUN" with pictures of three guns and their descriptions. Pelletier SMF ¶ 41. There had been a high school shooting that morning in California. Pelletier SMF ¶ 47.

After several hours of tabling without incident, passersby began to protest. Pelletier SMF ¶ 42. The protestors collapsed the College Republicans' table. Dkt. No. 307-54 ("Tabling Video") at 0:50[1]; Rose SMF ¶ 97. Approximately four to eight UPD officers—every UPD officer on duty at the time—came to the Spine in response to calls that there was a disturbance between two groups of people. Pelletier SMF ¶¶ 43–44; Rose SMF ¶ 90. Pelletier was not on the Spine during the Tabling Event. Pelletier SMF ¶ 63. The UPD officers got between the College Republicans and the protestors to create distance between them. Tabling Vid. at 0:53; Pelletier SMF ¶ 56. The crowd of protestors grew from approximately thirty people to over a hundred,

---

[1] Citations to video exhibits are referenced as "hour : minute."

surrounding the College Republicans. Rose SMF ¶¶ 93–94. The protestors were agitated, ripping up the posters and aggressively yelling in the faces of the College Republicans. Pelletier SMF ¶¶ 47–48. At some point, a protestor ripped Kestecher's red "Trump 2020" hat off her head and threw it into the crowd. *Id.* ¶ 48. The College Republicans felt that they were in danger. Pelletier SMF ¶ 49; Resp. to Pelletier SMF ¶ 49. According to Pelletier, UPD officers determined that they could not safely arrest protestors at the scene because it seemed likely that an arrest would further escalate the protestors' conduct. Pelletier SMF ¶ 55.

At some point during the protest, the College Republicans were asked to relocate their tabling because they did not have a reservation, but the College Republicans did not immediately relocate. Pelletier SMF ¶ 52. Defendants differ with respect to whether University staff, Student Association personnel, or UPD officers asked the College Republicans to relocate. *See* Rose SMF ¶ 83; Stenger SMF ¶ 43; SA SMF ¶ 8; Pelletier SMF ¶ 51. According to Plaintiffs, UPD officers instructed the College Republicans to leave the Spine. Resp. to Stenger SMF ¶ 43. Thirty minutes after the UPD officers arrived, they eventually "convinced" the College Republicans to leave for their safety. Dkt. No. 327-11 at 3; Pelletier SMF ¶ 60; *see* Tabling Vid. at 1:23–1:25.

Another student organization, Hillel Jewish Student Union ("Hillel"), had made a table reservation on the Spine for the same day as the Tabling Event. Stenger SMF ¶ 34; Pelletier SMF ¶ 37. Defendants state that Hillel was unable to table on the Spine because the College Republicans were tabling without a reservation. Stenger SMF ¶ 34; Pelletier SMF ¶ 37. Conversely, Plaintiffs state that their lack of reservation posed no such barrier, as the Spine is a "large throughway," and the College Republicans only occupied a "miniscule portion" of it. Resp. to Pelletier SMF ¶ 37. Plaintiffs maintain that groups are able to table in parts of the Spine without prior reservations. *Id.*

Rose was in his office when he was notified of the Tabling Event. Rose SMF ¶ 107. Rose then walked over to an area about fifty yards away and observed the last ten or twelve minutes of the incident, most of which was after the College Republicans had already left. *Id.* ¶¶ 108–09. Rose states that he was not aware of who was tabling, and did not know who left with UPD officers at the time. Dkt. No. 313-16 ("Rose Deposition") at 16:3–15.

3. *Events after the Tabling Event*

After the Tabling Event, the Student Association suspended the College Republicans' access to their B-There account until the Fall 2020 semester for tabling without a reservation. SA SMF ¶ 10; Pelletier SMF ¶ 66.

On November 15, 2019, Stenger released a statement regarding the Tabling Event. Rose SMF ¶ 111. Stenger noted that UPD's response was "appropriate." Dkt. No. 313-31 at 1. Stenger asked the students to remember the "damaging impact words and images can have—even if they are protected as free speech under the First Amendment." *Id.*

On the same day, Rose met with UPD supervisors, where they discussed whether to pursue student conduct charges against individuals. Rose SMF ¶¶ 112, 114. Rose made the decision not to pursue student conduct charges. *Id.* ¶ 115. Rose claims his decision was based on the fact that the student conduct process takes months, which would likely not separate anybody from the University prior to the Laffer Event, nor would it deescalate the current tensions. *Id.* ¶ 116; *see* Rose Dep. at 29:5–13, 30:5–8.

Rose then released a statement regarding the tabling incident. Dkt. No. 313-32 ("Rose Statement") at 2–3. Rose wrote that the "tension between the groups tabling and protesters became volatile and University Police intervened to remove the tabling groups in the interest of the safety of all involved." *Id.* at 2. Rose also noted, "[s]elf-evidently from the nature of [the

College Republicans'] display and their refusal to comply with procedures for reserving the space in question, the group[] intended to be provocative." *Id.* As Rose describes, "[c]ounter-protesters began pulling down the tables and sweeping [away] the political literature . . . into boxes in an attempt to close down the tabling activity," but "[e]ventually the police directed the tabling group[] to abandon the area and escorted them away." *Id.* Rose then wrote:

> Had the group followed procedures, the University would have had the opportunity to plan for what was self-evidently a provocative presentation in a manner that may have facilitated expressive activity by both the tabling group[] and those who wish to demonstrate against them. Any future action taken against the College Republicans will pertain to their violation of University and [Student Association] policies and procedures and not to the content of their message.
>
> . . . .
>
> There were also protesters who acted in a manner that may have violated University rules. In the context of the incident and in keeping with the principles and values noted above, the University did not seek to identify or charge any protesters. To do so would have escalated an already volatile situation and run counter to the primary interest in safely de-escalating the situation. In other circumstances, the University has taken action against individuals infringing upon expressive activity without regard to viewpoint. Our response has and will continue to take into account the full context in each instance.

*Id.* at 3.

### C. The Laffer Event

#### *1. Preparation*

On November 15, 2019, UPD saw social media postings indicating that the College Progressives might protest the Laffer Event on November 18, 2019. Pelletier SMF ¶ 70. On November 17, 2019, YAF forwarded an email to UPD about PLOT posting messages on Facebook calling on people to be violent at the Laffer Event. *Id.* ¶ 74.

Following the notice of planned protests, the University and UPD took several steps to prepare for the Laffer Event. Rose SMF ¶ 124. First, the event was moved to a larger lecture hall. *Id.* The original room only had one door in and out of the room and was in the basement, far from the fire exits. *Id.* ¶ 125. According to Defendants, the move was made because the original space would be more difficult to manage and protect the speaker. Pelletier SMF ¶ 81; Rose SMF ¶ 125; *but see* Resp. to Rose SMF ¶ 125 (disputing). The new lecture hall had multiple doors in case the police needed to arrest someone and take them out. Pelletier SMF ¶¶ 81; *but see* Resp. to Pelletier SMF ¶ 81 (disputing). It also allowed the UPD to escort Dr. Laffer in and out safely. Pelletier SMF ¶ 82.

Second, per Rose's suggestion, the University reserved an adjacent lecture hall to provide a space for demonstrators. Rose SMF ¶ 128. Defendants state that it is standard practice to give protestors their own designated space. *Id.*; *but see* Resp. to Rose SMF ¶ 128 (disputing). Third, UPD planned to deploy a large number of officers—almost every UPD officer available—to maintain order at the event. Rose SMF ¶¶ 124, 130. Fourth, the University instructed the College Republicans to make a statement at the lecture to inform attendees to reserve their questions until the end of the lecture. *Id.* ¶¶ 124, 133. Plaintiffs state that the College Republicans requested that a University administrator give the statement, but this request was refused. Resp. to Rose SMF ¶ 124.

Additionally, UPD installed cameras into the lecture hall to have a record of the event. Rose SMF ¶ 135. YAF also hired two private security guards to protect Dr. Laffer. Pelletier SMF ¶ 71.

*2. The November 18, 2019 Laffer Event*

On the morning of the Laffer Event, the University's Senior Director of Media and Public Relations forwarded to UPD, Rose, and other members of the University an email from the College Progressives and an online post ostensibly written on behalf of the College Progressives, PLOT, and other groups, saying that they "will be taking away . . . the College Republicans' space by disrupting their event." Dkt. No. 307-28 ("Protest Letter") at 4; Pelletier SMF ¶ 76. On the afternoon of the Laffer Event, UPD saw a social media post by PLOT promoting the disruption of the Laffer Event. Pelletier SMF ¶ 91.

Pelletier decided to personally meet Dr. Laffer at the airport when he arrived on November 18, 2019, to inform him that his lecture may be protested. *Id.* ¶ 93. In his deposition for this action, Dr. Laffer stated that Pelletier told him the University "did not want [him] to come," asked him to cancel the event, and "intimated" that he should return to his plane. Dkt. No. 327-25 ("Laffer Deposition") at 44:11–13, 45:13–15, 45:4–7.

At the Laffer Event that evening, there were about nine UPD officers, including Pelletier, inside the lecture hall and fourteen officers in the surrounding hallways. Pelletier SMF ¶ 98. YAF and the College Republicans chose for the Laffer Event to be open to the public and not ticketed because they wanted to attract as many people as possible. Rose SMF ¶ 146. A large crowd entered the lecture hall. *Id.* ¶ 147. Dr. Laffer entered through a private entrance with his security team and UPD Investigator Joseph Gallagher. Pelletier SMF ¶ 109. College Republicans president John Restuccia introduced Dr. Laffer and told the audience that if they had any disagreements, they should reserve their questions to the end of the lecture. Rose SMF ¶ 149.

Seconds after Dr. Laffer began his lecture, a man in the audience stood up and started reading a speech off his phone about economics, racial oppression, President Trump, and the

justice system. Pelletier SMF ¶ 111; Dkt. No. 307-55 ("Laffer Video") at 0:27. Someone from the audience gave the disrupter a megaphone. Laffer Vid. at 0:27; Pelletier SMF ¶ 113. During the disruption, College Republicans walked in front of Dr. Laffer's podium and held up "free speech" signs. Laffer Vid. at 0:27–0:28; Pelletier SMF ¶ 120.

Over a minute into the disruption, UPD officers began to slowly approach the disrupter. Laffer Vid. at 0:28; Pelletier SMF ¶ 115. As they were approaching, approximately ten to fifteen audience members surrounded the disrupter, forming a human barrier to prevent the officers from reaching him. Laffer Vid. at 0:28; Pelletier SMF ¶¶ 115–16. Gallagher asked Dr. Laffer how he was doing, to which Dr. Laffer replied something to the effect of, "Let's give it ten minutes." Pelletier SMF ¶ 119. While UPD officers were pushing toward the crowd, Pelletier walked over to Gallagher and exchanged some words. Laffer Vid. at 0:29. UPD officers removed one protester from the lecture hall. *Id.* As the disrupter with the megaphone was being removed, Gallagher touched Dr. Laffer's back, said something to him, and then said something to Restuccia. *Id.* Restuccia nodded, made a hand-waving motion, and then Dr. Laffer, Gallagher, and members of the College Republicans left the lecture hall. *Id.*

According to Plaintiffs, UPD officers directed Dr. Laffer to leave. Resp. to Pelletier SMF ¶ 125. According to Defendants, Restuccia suggested that they leave, but Dr. Laffer was free to remain at the event. Rose SMF ¶¶ 162–63; *see also* Pelletier SMF ¶ 125.

Dr. Laffer left approximately two and a half minutes after the disruption began. Pelletier SMF ¶¶ 125–26. For the next several minutes, protesters took turns standing up and reading off their phone, passing around the megaphone, while UPD officers stood at the outskirts of the room and watched. Laffer Vid. at 0:29–0:36.

UPD officers arrested the man who originally disrupted the event and the man who handed him a megaphone, charging them with disorderly conduct. Pelletier SMF ¶¶ 117–18.

Rose was not present at the Laffer Event, but he watched from a UPD headquarters conference room. Rose SMF ¶¶ 166–67. Rose did not have audio of the lecture and was not directly communicating with anyone in the lecture hall. *Id.* ¶¶ 168–69.

*3. Events after the Laffer Event*

After the Laffer Event, Pelletier had a meeting with Stenger, Rose, and other university administrators. Pelletier SMF ¶ 129. Pelletier presented a list of the suspects that UPD was planning to arrest. Pelletier SMF ¶ 130. At first, Rose was in favor of arresting the suspects. Rose SMF ¶ 176. Then, Stenger's Chief of Staff communicated Stenger's desire to avoid further arrests. Stenger SMF ¶ 96; *but see* Resp. to Stenger SMF ¶ 96 (stating Stenger and Rose *directed* UPD not to make any additional arrests). Rose initially pushed back on Stenger's view not to arrest further individuals, but eventually supported the decision. Rose SMF ¶¶ 178–79. UPD did not make any further arrests. Pelletier SMF ¶ 132.

On November 22, 2019, a meeting was held between the University's administration and the Student Association. Rose SMF ¶ 188; SA SMF ¶ 17. In the meeting, Rose asked the Student Association if it was going to take action against the College Progressives, and the Student Association said that it would not. Rose SMF ¶ 189. The Student Association said it had no evidence of any organizational activity. *Id.* Rose then sent the Student Association a copy of the Protest Letter in which the College Progressives indicated their intent to disrupt the Laffer Event. Dkt. No. 313-38. The Student Association doubted that the Protest Letter was authentic, because it was unable to prove that the College Progressives authored it. Dkt. No. 313-25 at 101:13–22; Rose SMF ¶ 193. The SA also noted that the letter was not signed by any officer or member of

the College Progressives, although the signature block stated "BU Progressives." SA SMF ¶ 20; *see* Protest Letter at 4. Rose met with the Student Association multiple times afterwards to urge them to sanction the College Progressives, but the Student Association refused. Rose SMF ¶¶ 191, 194–95.

Since the Laffer Event, the College Republicans have invited other guest speakers to come to campus. Rose SMF ¶ 199. For example, the College Republicans tabled for and hosted Congressman Tom Reed on campus in January 2020. *Id.* ¶ 200.

In Spring 2020, College Republicans missed their annual re-registration period, despite several extensions and reminders. *Id.* ¶ 201. The Student Association subsequently froze the College Republicans privileges, including access to its budget. *Id.* ¶ 203; SA SMF ¶ 14. The SA notified the College Republicans of this temporary freeze, and then worked with the College Republicans to meet their re-registration requirements, and their charter was not revoked. SA SMF ¶¶ 15–16.

In the fall of 2019, an application was submitted to the Student Association to have YAF chartered as a student organization. *Id.* ¶ 22. After initial concerns about a provision in YAF's proposed constitution discussing the threat of communism, the Student Association approved YAF's constitution. *Id.* ¶ 23; Resp. to SA SMF ¶ 23. However, the Student Association's insurance carrier informed them that they could only include YAF under their policy if YAF arranged to have a faculty advisor or security at their speaking events. SA SMF ¶ 24. YAF has not agreed to this condition, and its charter application is still pending. *Id.* ¶ 25.

**D. The Amended Complaint**

In the Amended Complaint, Plaintiffs assert three causes of action: 1) First Amendment speech suppression claim against Stenger, Pelletier and Rose in their official capacities and

against Pelletier and Rose in their individual capacities; 2) First Amendment retaliation claim against Stenger and Rose in their official and individual capacities and against the Student Association; and 3) Fourteenth Amendment equal protection claim against Stenger, Pelletier and Rose in their official capacities and against Pelletier and Rose in their individual capacities. Am. Compl. ¶¶ 156–169, 188–194.

## III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, summary judgment cannot be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Taggart v. Time, Inc.*, 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for its motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

Case: 26-2294, 08/27/2026, DktEntry: 21.1 (136 of 165)

(1986). The nonmoving party may not rely on "mere conclusory allegations, speculation, or conjecture," *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020), and must present more than a mere "scintilla of evidence" to support its claims, *Anderson*, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S 133, 150 (2000). The Court "may not make any credibility determinations or weigh the evidence." *Id.* Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV. DISCUSSION

### A. Motion to Substitute

Plaintiffs move to substitute Shane Rossi in his official capacity as the current President of the College Republicans for Rein Bey, the former President of the College Republicans. Defendants oppose this request. Dkt. Nos. 344, 346, 347, 349-4. Previously, Plaintiffs moved to add Bey in her official capacity in place of formerly-dismissed Plaintiff Lizak, which the Court granted. *See* Dkt. No. 245-1 ("Motion to Amend Complaint") at 18–20; Nov. 2023 Ord. at 16–18.

Under Rule 17, "substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). In the November 2023 Order, the Court found that the substitution of Lizak for Bey was "merely formal, [] as the substitution simply acts as a means to cure a potential pleading gap in the case caption . . . [and] in no way alters the original complaint's factual allegations as to the

Case: 26-2294, 08/27/2026, DktEntry: 21.1, Page 137 of 165

events or the participants." Nov. 2023 Ord. at 18 (internal quotations omitted). Here, the instant Motion to Substitute involves substituting the former President of the College Republicans for the current President in their *official* capacities; it is purely formalistic, and it does not alter the factual allegations made in the Amended Complaint. Thus, for the same reasons as those explained in the November 2023 Order, the Motion to Substitute is granted.

*1. College Republicans' Standing*

Despite being a mere formality, Defendants argue that by substituting Rein Bey for Shane Rossi in their official capacities, the College Republicans lose their standing to sue. However, Defendants are muddling two separate and distinct issues. Whether the College Republicans have associational standing is irrelevant to whether Rossi may be substituted for Bey.

As the Court has previously explained in its May 2023 Order, the College Republicans have associational standing because it met the requirements laid out in *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977), and its progeny: (1) "the College Republicans identified in the Complaint at least one member who otherwise would have Article III standing to sue in his own right," May 2023 Ord. at 44–45, and (2) "the College Republicans, in bringing this suit on behalf of its members, seek to protect interests that are not only germane, but vitally central to its purpose of promoting the discussion of political ideas," *id.* at 46 (internal quotations omitted).[2]

Defendants argue that substituting Rossi for Bey would nullify the College Republicans' Article III standing because the first *Hunt* prong is no longer satisfied. Dkt. No. 349-4 at 7. Since

---

[2] The Court relies on its previous finding that the third prong in *Hunt*, which covers whether the member should be party to the suit, is a prudential concern and "need not be met to satisfy Article III's case-or-controversy requirement." May 2023 Ord. at 44 (citing *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 552 (1996)).

Rossi was not involved in the events of this action and therefore would not have any individual injury of his own, Defendants contend that the College Republicans do not have a "member who otherwise would have Article III standing to sue in his own right." *See* Dkt. No. 347 at 2–3. However, this argument confuses the formal substitution of parties in their *official* capacity with a determination that an association's member has standing.

As the Court previously explained, Jon Lizak had standing in his own right when Plaintiffs first filed this suit. May 2023 Ord. at 44–45. Lizak then moved to dismiss his *individual* claims. *See* Dkt. No. 208-1 at 1 ("Lizak . . . now moves in his individual capacity for dismissal of his personal claims without prejudice."). At that point, the Court required Plaintiffs to show cause that there was some other member of the College Republicans who still had standing to sue in their own right. March 2023 Ord. at 22–24; *see Do No Harm v. Pfizer, Inc.*, 96 F.4th 106, 118 (2d Cir. 2024) ("[A]n association must identify by name at least one injured member for purposes of establishing Article III standing."). Plaintiffs then submitted evidence that Bey suffered an alleged injury, leading the Court to find that the College Republicans retained associational standing. May 2023 Ord. at 49. This occurred before Bey became a party to the action.

The fact that Bey became President of the College Republicans is irrelevant to the Court's finding that she suffered an alleged injury. Indeed, it could have been any other member that demonstrated standing. *See Warth v. Seldin*, 422 U.S. 490, 511 (1975) ("The association must allege that its members, or *any one of them*, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit.") (emphasis added). That Bey later joined this lawsuit in her *official* capacity as President is also irrelevant to whether a College Republicans' member had an

*individual* injury. The Motion to Substitute only involves substituting the former President for the current President in their *official* capacities. The previous motion to substitute Bey for Lizak involved the same formal substitution. Bey was not joined as a party asserting claims in her individual capacity, nor does Rossi seek to allege any claims in his individual capacity. *See* Mot. to Substitute at 3 ("As with Ms. Bey, Mr. Rossi is not asserting any claims in his individual capacity."). Thus, the formal substitution of Rossi for Bey does not change whether Bey had an individual injury—it does not affect the College Republicans' standing.[3]

Accordingly, because the Court already ruled that the College Republicans have associational standing based on the injury to Bey, and substituting Bey in her official capacity does not affect this ruling, the College Republicans' standing remains.[4]

---

[3] Insofar as Defendants suggest that the College Republicans lose their standing to sue because "Bey has graduated and is no longer a member of [the College Republicans]," Dkt. No. 349-4 at 8, this argument must fail. If the Court were to accept Defendants' argument, a necessary consequence is that a student organization which maintains its standing via members that were previously injured will always lose standing as soon as those members graduate. This cannot be the rule. As Plaintiffs note, "any university could mire a case in delay and run out the clock for students to graduate after the expected four years, eliminating any judicial review." Mot. to Sub. at 1. A person's status as a university student, and thereby as a member of a student association, is transient by its nature. To assert a rule establishing that a student group cannot have associational standing unless a *current* member also had individual injury dating back to the injury *before* the lawsuit began would essentially eliminate associational standing for all university student groups. As this action has aptly shown, litigation will generally outstretch the length of an individual's membership in a university student group. The cases Defendants cite do not address university student groups nor discuss whether a member's graduation from an association negates the association's injury. Therefore, at least in this case involving a university student group, the Court cannot declare that the group's standing disappears simply because the litigation has dragged out for five years and Bey has graduated.

[4] In their opposition to Plaintiff's motion to substitute, Defendants raised the argument that associations lack standing to bring Section 1983 claims on behalf of its members. As the Court noted in its May 2023 Order: "It remains possible that *Aguayo* and its progeny may preclude the College Republicans from recovering under Section 1983 on behalf of its members, but that would be because of a failure to state cognizable claims under Section 1983, not because the Court lacks subject matter jurisdiction over the claims." May 2023 Ord. at 48; *see also New York v. Scalia*, 464 F. Supp. 3d 528, 548 n.13 (S.D.N.Y. 2020) ("[P]rudential standing doctrine does not implicate the Court's subject-matter jurisdiction but whether the plaintiff has a valid cause of

**B. Motions for Summary Judgment**

Defendants move the Court for summary judgment on multiple grounds. First, Defendants Stenger, Rose, and Pelletier ("State Defendants") argue the claims against them in their official capacities are barred by sovereign immunity. Next, Defendants contend that Plaintiffs have failed to create a dispute of material fact on all three claims. Lastly, Defendants contend that Plaintiffs are not entitled to punitive damages.

*1. Claims Against State Defendants in Their Official Capacity*

Plaintiffs sue State Defendants in their official capacities on all three remaining claims. State Defendants argue that any claims seeking declaratory and injunctive relief against them in their official capacities are barred by the Eleventh Amendment.[5] Stenger Mot. at 4.

It is well-settled that Congress did not abrogate states' sovereign immunity through Section 1983. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that [a Section 1983] suit against the State . . . is barred by the Eleventh Amendment."). However, "sovereign immunity [does] not bar actions seeking only prospective injunctive relief against state officials to prevent a continuing violation of federal law." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005) (quoting *Ex parte Young*, 209 U.S. 123, 160 (1908)). "A plaintiff who merely asserts he has suffered 'discrete acts of past discrimination and retaliation by [a] defendant' has not demonstrated an ongoing constitutional

---

action."). Accordingly, the Court will not consider whether an association lacks standing to bring a Section 1983 claim. Moreover, because Defendants did not raise this argument in their motions for summary judgment, the Court declines to entertain this defense when it considers whether the College Republicans failed to state a cognizable claim under Section 1983.

[5] Defendants also argue that official capacity claims seeking damages are barred by the Eleventh Amendment. Stenger Mot. at 4. However, Plaintiffs are not pursuing damages against State Defendants in their *official* capacities. *See* Resp. at 35 n.10; Am. Compl. ¶ 3 (seeking "a judgment awarding nominal, compensatory, and punitive damages against Defendants Stenger, Rose, and Pelletier *in their individual capacities only*") (emphasis added).

violation." *Kelsey v. Kessel*, No. 22-CV-3774, 2024 WL 1020522, at *4 (S.D.N.Y. Mar. 8, 2024) (quoting *Pierre v. New York State Dep't of Corr. Servs.*, No. 05-CV-275, 2009 WL 1583475, at *18 (S.D.N.Y. June 1, 2009)).

a. Claims for Injunctive Relief

Plaintiffs seek to enjoin Defendants from "disrupting and silencing Plaintiffs' speech," "enforcing the Speech Suppression Policy" and "retaliating against Plaintiffs' expressed views." Am. Compl. at 41. Plaintiffs additionally seek an order that Defendants "reinstate College Republicans as a registered student organization" and "recognize the [YAF] chapter as a registered student organization." *Id.*

Here, Plaintiffs' claims seeking injunctive relief fail because there is no ongoing violation of Plaintiffs' First Amendment rights. The material facts portray two related incidents, days apart from each other, in which the alleged violations occurred. Such isolated incidents are insufficient to establish an ongoing violation. *See Kelsey*, 2024 WL 1020522, at *4 (finding the Eleventh Amendment bars prospective relief against state officials for claims that concern "isolated incidents that occurred in the past").

Plaintiffs nevertheless contend that Defendants maintain and enforce an "unwritten and disguised" policy in which they suppress conservative speech—the so-called "Speech Suppression Policy." Resp. to Rose SMF ¶ 207. Plaintiffs claim that this policy operated in five steps. *Id.* First, Defendants "[e]nable leftist disrupters . . . to attack Plaintiffs' free speech through violence and threat of violence." *Id.* Second, Defendants "[u]se the threat of violence that they themselves enabled as a pretext to suppress Plaintiffs' speech citing 'safety' concerns." *Id.* Third and Fourth, Defendants "vilify Plaintiffs for daring to attempt to exercise their right to free

speech," followed by "reward[ing] the disrupters with virtual impunity." *Id.* Lastly, Defendants "congratulat[e] themselves for successfully suppressing Plaintiffs' speech." *Id.*

Plaintiffs seem to misunderstand the nature of a "policy." "[A] handful of isolated incidents [are] insufficient to create a material fact in dispute about the existence of any [] policy." *Escobar v. City of New York*, 766 F. Supp. 2d 415, 421 (E.D.N.Y. 2011). Plaintiffs' only "evidence" of this policy comes from the alleged incidents themselves. *See* Resp. at 1–2 (describing the Speech Suppression Policy with examples relating only to the Tabling Event and Laffer Event); *see also* Resp. to Rose SMF ¶¶ 207 ("[I]ts effects are plain to see in [] Defendants' encouragement and protection of the disruptions that curtailed Plaintiff's tabling efforts and prevented the Dr. Laffer Event."). Plaintiffs present no evidence that this purported "policy" existed or was enforced before or after these isolated incidents. Although Plaintiffs claim the Speech Suppression Policy "remains in effect," Resp. at 40, the uncontroverted evidence shows that Plaintiffs hosted events on campus without incident both before and after the Laffer Event. For example, approximately a month before the Tabling Event, the College Republicans hosted "The Case Against Socialism" without any major disruption. *See* Rose SMF ¶¶ 41, 44. After the Laffer Event, the College Republicans tabled for and hosted Congressman Tom Reed on campus. *See id.* ¶¶ 199–200. As such, the Court cannot find that the purported Speech Suppression Policy exists or that Defendants are continuously disrupting and silencing Plaintiffs' speech.

None of the other purported adverse actions undertaken by Defendants support a finding of ongoing speech suppression or retaliation. The suspension of the College Republicans' B-There account only lasted one year, and Plaintiffs present no evidence that the suspension was extended or is ongoing. *See* SA SMF ¶ 10. The Student Association's freeze of the College

Republicans' budget was an administrative discipline for their failure to timely register. *See id.* ¶ 14; Rose SMF ¶ 203. Regardless, the College Republicans were able to re-register shortly thereafter, so there is no ongoing violation. *See* SA SMF ¶ 16. Further, Defendants' decision not to recognize YAF as a student organization is due to their lack of willingness to accept the insurance policy of the Student Association's liability carrier. *Id.* ¶¶ 24–25. Plaintiffs argue that the condition set by the insurance carrier was arbitrary, but even assuming this is true, actions of the insurance carrier of the Student Association is far removed from any ongoing violation by the State Defendants.

Accordingly, Plaintiffs' claims seeking injunctive relief against the State Defendants in their official capacities are barred by the Eleventh Amendment.[6]

b. Claims for Declaratory Relief

Plaintiffs seek a declaration that Defendants "violated Plaintiffs' clearly established and fundamental constitutional rights." Am. Compl. at 41. Defendants argue that Plaintiffs' official capacity claims seeking declaratory relief are barred by the Eleventh Amendment because the Court cannot issue declaratory relief for past actions. Stenger Mot. at 5.

The Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). For the reasons stated above, the alleged violations are not

[6] Additionally, insofar as Plaintiffs' requested injunctive relief seeks the Student Association to recognize YAF, this must also be denied. The only remaining claim against the Student Association is the retaliation claim. *See* Am. Compl. ¶¶ 165–69. YAF, the only Plaintiff that would have standing to assert a claim seeking to be recognized as a registered student organization, does not assert a retaliation claim against the Student Association. *See* Resp. at 22 n.6. Thus, any injunctive relief against SA would be improper. Accordingly, all claims seeking injunctive relief are dismissed.

ongoing; they are based on past incidents. *See supra* Part IV.B.1.a. Such retrospective declaratory relief against state officials is barred.

Accordingly, State Defendants are entitled to summary judgment with respect to all claims against them in their official capacity. The remaining claims are a First Amendment speech suppression claim against Pelletier and Rose in their individual capacities; a First Amendment retaliation claim against Stenger and Rose in their individual capacities and the Student Association; and a Fourteenth Amendment equal protection claim against Pelletier and Rose in their individual capacities.

### 2. *First Amendment Suppression of Speech Claims*

Rose and Pelletier argue they are entitled to summary judgment on the speech suppression claims in their individual capacities because Plaintiffs have failed to demonstrate a genuine dispute of material fact. A plaintiff asserting a First Amendment claim under Section 1983 "must demonstrate that his conduct is deserving of First Amendment protection and that the defendants' conduct . . . was motivated by or substantially caused by his exercise of free speech." *Rattner v. Netburn*, 930 F.2d 204, 208 (2d Cir. 1991) (cleaned up). "Governmental interference with such speech gives rise to a viable claim for violation of First Amendment rights." *Id.* As explained in the August 2021 Order, whether the First Amendment protects particular speech often depends on the type of forum in which the speaker's speech is restricted. *See* Aug. 2021 Ord. at 21 (citing *Huminski v. Corsones*, 396 F.3d 53, 89 (2d Cir. 2004)).

Case: 26-2294, 08/27/2026, DktEntry: 21.1 (145 of 165)

a. Pelletier

Plaintiffs assert a speech suppression claim against Pelletier in regard to his actions at the Laffer Event. Am. Compl. ¶¶ 156–164.[7] Pelletier argues he is entitled to summary judgment on the speech suppression claim because he did not violate Plaintiffs' First Amendment rights and is otherwise entitled to qualified immunity. Pelletier Mot. at 8–21.

The Court previously determined that the lecture hall is a limited public forum, and nothing in the parties' filings changes that determination. *See* Aug. 2021 Ord. at 23. "A limited public forum is created only where the government 'makes its property generally available to a certain class of speakers.'" *Hotel Emps. & Rest. Union, Loc. 100 of New York & Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 545 (2d Cir. 2002) (quoting *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 679 (1998)). "In limited public fora, strict scrutiny is accorded only to restrictions on speech that fall[] *within the designated category for which the forum has been opened*." *Id.* at 546 (emphasis added). "Such restrictions must serve a compelling government interest and be narrowly tailored to achieve that interest." *Id.* at 545. "As to expressive uses *not* falling within the limited category for which the forum has been opened, restrictions need only be viewpoint neutral and reasonable." *Id.* at 546 (emphasis added). Here, Plaintiffs argue the "restriction" of speech was removing Dr. Laffer from the lecture hall. Since Dr. Laffer's lecture was indeed the designated category for which the forum had been opened, any restriction of the lecture is accorded strict scrutiny. As explained below, the restriction of speech did not serve a compelling government interest and thus cannot survive strict scrutiny.

[7] In the August 2021 Order, the Court dismissed the claims against Pelletier in his individual capacities related to the Tabling Event. Aug. 2021 Ord. at 32.

There is a genuine dispute of fact as to whether this was a Government-induced "restriction"—whether Pelletier "ordered" Dr. Laffer to leave, or whether Dr. Laffer left on his own accord. Multiple witnesses, including Dr. Laffer, affirm a Government-induced restriction, and the Laffer Video does not contradict this characterization. Laffer Dep. at 68:4–10; Dkt. No. 327-27 at 298:14–18; Dkt. No. 327-28 at 212:24–213:3; Laffer Vid. at 0:29. Indeed, if a jury credits the witnesses' testimony, the Laffer Video could confirm the story that Pelletier told Gallagher to escort Dr. Laffer out, followed by Gallagher ordering Dr. Laffer and the College Republicans to leave. Construed as such, Pelletier's action effectively amounted to a cancellation of the Laffer Event. In light of this evidence, Plaintiffs have met their burden of presenting a genuine dispute of fact that Pelletier and UPD ordered Dr. Laffer to leave.

Given the restriction of speech, Defendants cannot establish that this restriction served a compelling government interest; thus, this restriction cannot survive strict scrutiny. *See Bible Believers v. Wayne Cnty., Mich.*, 805 F.3d 228, 248 (6th Cir. 2015) ("[R]emoving[] or by other means silencing a speaker due to crowd hostility will seldom, if ever, constitute the least restrictive means available to serve a legitimate government purpose.") (collecting Supreme Court cases). Pelletier argues "[h]is actions and those of his officers were for the safety of everyone at the Laffer Event." Pelletier Mot. at 20. But the record does not establish any imminent danger or immediate threat to public safety. The protesters, while loud and disruptive, were not approaching Dr. Laffer or the College Republicans, but instead formed a wall in front of the disrupter. Dr. Laffer remained at the podium next to his security officer away from the protesters. The protesters were physical with UPD officers, but only to the extent of protecting the disrupter with the megaphone. The fact that Dr. Laffer said, "Let's give it ten minutes" further supports the fact that there was no immediate threat to their safety. *See* Pelletier SMF ¶

119. As such, it can hardly be said that there was any sort of danger or other immediate threat to public safety that could present a compelling government interest in canceling the lecture. *See Deferio v. City of Syracuse*, 306 F. Supp. 3d 492, 512 (N.D.N.Y. 2018), *aff'd*, 770 F. App'x 587 (2d Cir. 2019) ("[P]olice officers may not—as a first reaction in the name of safety—punish a person's protected speech in the face of limited hostilities."). Since the restriction did not serve a compelling government interest, it does not survive strict scrutiny. Accordingly, there is a genuine dispute of material fact as to whether Pelletier suppressed Plaintiffs' speech.

Nevertheless, Pelletier argues that he is entitled to summary judgment because the restriction of speech was reasonable and viewpoint-neutral. Pelletier Mot. at 20. As noted above, the restriction of speech falls within the designated category for which the forum has been opened, and thus strict scrutiny (and not the lower standard) applies. Nevertheless, the Court finds that even under the lower standard, Plaintiffs have presented a genuine dispute of fact that this cancellation was not "reasonable or viewpoint-neutral." *Johnson v. Perry*, 859 F.3d 156, 172 (2d Cir. 2017). Under this standard, "government officials may stop or disperse public demonstrations or protests where clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears." *Id.* at 171 (quoting *Papineau v. Parmley*, 465 F.3d 46, 56-57 (2d Cir. 2006)). Yet even under this standard, this restriction would not survive.

As explained above, there was no clear and present danger of riot or an immediate threat to public safety, so the harsh action of cancelling the lecture—if credited—was far from reasonable. Nor was this cancellation viewpoint-neutral. The protestor was allowed to disrupt the lecture for a minute before anyone attempted to intervene. Then, once Dr. Laffer and the College Republicans left the lecture hall, UPD officers abandoned all attempts to control the other

disrupters. The disrupters continued to exercise their opposing viewpoint for almost eight minutes, while Pelletier and UPD officers stood on the outskirts of the room and watched. *See Ctr. for Bio-Ethical Reform, Inc. v. Black*, 234 F. Supp. 3d 423, 430, 435 (W.D.N.Y. 2017) (finding Plaintiffs stated a First Amendment claim when a university did nothing to stop a "counter-demonstrators' disruption" from burdening students' exercise of protected speech). Crediting Plaintiffs' evidence, Pelletier excluded the College Republicans' speech but allowed the College Progressives' speech to remain. As such, the restriction was not reasonable or viewpoint-neutral.

Pelletier argues that even if his actions amount to a constitutional violation, he is entitled to qualified immunity. Pelletier Mot. at 8–11. Qualified immunity protects officials from damages liability if their "conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing' is unlawful." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Defendants bear the burden of demonstrating that the challenged conduct was objectively reasonable in light of the law existing at the time. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (citing *Tellier v. Fields*, 280 F.3d 69, 84 (2d Cir. 2000)). "The objective reasonableness test is met if officers of reasonable competence could disagree on the legality of the defendants' actions." *Green v. Montgomery*, 219 F.3d 52, 59 (2d Cir. 2000) (cleaned up).

Pelletier is not entitled to qualified immunity. It is clearly established that cancelling or excluding speech "will seldom, if ever, constitute the least restrictive means available to serve a

legitimate government purpose." *Bible Believers,* 805 F.3d at 248; *see Gregory v. City of Chicago*, 394 U.S. 111 (1969); *Cox v. Louisiana*, 379 U.S. 536 (1965); *Edwards v. South Carolina*, 372 U.S. 229 (1963); *Terminiello v. City of Chicago*, 337 U.S. 1 (1949); *Cantwell v. Connecticut*, 310 U.S. 296 (1940). Moreover, the Second Circuit has clearly established that restrictions of speech falling within the designated category for which the limited public forum was opened is subject to strict scrutiny. *Hotel Emps.*, 311 F.3d at 545 (citing *Travis v. Owego–Apalachin Sch. Dist.*, 927 F.2d 688, 692 (2d Cir.1991) and *Fighting Finest, Inc. v. Bratton*, 95 F.3d 224, 229 (2d Cir.1996)).

There is no question that Dr. Laffer's lecture fell into the limited purpose category for which the forum was opened—it was the very reason the forum was opened. As such, it was not objectively reasonable to obstruct the very speech for which the forum was opened. *See Travis*, 927 F.2d at 693 ("[B]eing within the category for which use had been permitted, [the plaintiff] could not be denied access absent a sufficient constitutional justification."). Pelletier argues that "[i]t would have been objectively reasonable for Pelletier to believe that [Dr.] Laffer could be escorted away for everyone's safety." Pelletier Mot. at 11. But as explained above, there was no threat to public safety, so Pelletier's actions were not objectively reasonable. *See Johnson*, 859 F.3d at 176 (holding exclusion of speech based on viewpoint differences from a limited public forum where there was no clear and present danger or immediate threat to public safety was not reasonable).

Indeed, the jury must decide whether to credit any of Plaintiffs' evidence, but the Court finds there to be a genuine dispute of material fact as to whether Pelletier suppressed Plaintiffs' First Amendment rights by effectively cancelling the Laffer Event. Summary judgment against Pelletier in his individual capacity is denied.

b. Rose

Plaintiffs assert a speech suppression claim against Rose for his actions in regard to both the Tabling Event and the Laffer Event. Rose retorts that he was not personally involved, and that the actions taken do not amount to a viable speech suppression claim. The Court concludes that Rose is entitled to summary judgment on both claims.

*i. Tabling Event*

Rose argues that the claim against him with regards to the Tabling Event should be dismissed because he did not participate in the alleged speech suppression. Rose Mot. at 7–9. Previously, the Court dismissed claims against Rose for lack of personal involvement in the Tabling Event. Aug. 2021 Ord. at 18–19. Plaintiffs then filed the Motion to Amend Complaint, stating that they acquired evidence that "Rose traveled to the Tabling Event, observed the College Progressive mob, and intentionally chose not to intervene when . . . UPD removed [the] College Republicans but left the disrupters alone." Mot. to Am. Compl. at 14.

However, the evidence Plaintiffs present at summary judgment is insufficient to prove that Rose was personally involved in suppressing Plaintiffs' speech. As explained in the August 2021 Order, Plaintiffs must prove that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Aug. 2021 Ord. at 17 (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)). Rose's testimony indicates that he went to the Tabling Event, but Rose did not make it to the scene until UPD officers were already overwhelmed and the College Republicans were surrounded by agitated protesters. Rose had no way of knowing the College Republicans would be tabling, especially given that they did not register their table. Moreover, the College Republicans and UPD officers were already leaving as Rose arrived. Rose did not even know it was the College Republicans that were leaving. Given

that every UPD officer on duty was already overwhelmed, it is not clear what Plaintiffs expect Rose to have done at this point to "intervene." Indeed, Plaintiffs present no suggestion. *See* Resp. at 17.

Moreover, if the alleged speech suppression occurred when UPD officers "allowed the unruly mob of progressive students to destroy property, assault Plaintiffs, and grow to unmanageable proportions" such that UPD officers "abandoned initial attempts to protect College Republicans[] and instead ordered them to leave," Resp. to Pelletier SMF ¶ 56, PSAF ¶ 21, Rose was not sufficiently involved. Rose did not arrive until these alleged actions occurred. Thus, on the record before the Court, Plaintiffs have failed to establish Rose was personally involved. Rose is entitled to summary judgment with regard to the Tabling Event.

*ii. Laffer Event*

The Court also grants Rose summary judgment on the speech suppression claim in relation to the Laffer Event. As outlined below, Plaintiffs point to numerous statements of material fact that allegedly create a genuine dispute about Rose's actions, but none of these statements are supported by the record.

Plaintiffs argue that Rose's preparation for the Laffer Event was designed to "enforce their speech suppression policy and . . . use student safety as a pretext to ensure that the anticipated disruption would cancel the Laffer Event." Resp. to Rose SMF ¶ 123. Although theoretically possible, Plaintiffs citation for this statement does not support it, *see* Rose Dep. at 44:10–12, Laffer Dep. at 44:8–18, and there is no evidence in the record indicating that Rose was personally planning to cancel the event. Unlike Pelletier, Rose neither told Dr. Laffer at the airport to get back on the plane nor ordered UPD to take Dr. Laffer out of the lecture hall. Plaintiffs argue that Rose "encouraged" Pelletier to dissuade Dr. Laffer from coming, but this too

is unsupported by the record. *See* Rose Dep. at 44:13–15 ("Q: Do you know if Chief Pelletier encouraged Dr. Laffer to not move forward with the speech? A: I do not.").

Although Plaintiffs stated that Rose "effectively supervise[d] UPD for the purpose of these events," the support for this proposition relates only to the decision not to arrest individuals after the event. Resp. to Rose SMF ¶ 132. Moreover, supervisory liability is insufficient to state a claim against a state official in their individual capacity. *Tangreti*, 983 F.3d at 618. During the Laffer Event, Rose was watching via live stream from a remote location—a stream which was not designed to direct UPD officers. *See* Rose SMF ¶ 135 (undisputed). It is also undisputed that prior to the Laffer Event, Rose was not privy to UPD's plan to manage the event. *See id.* ¶ 131 (undisputed).

Lastly, Plaintiffs' point to the Rose Statement, which was issued after the Tabling Event, where Rose described the College Republicans as "provocative" and the College Progressives as "[c]ounter-protesters." Rose Statement at 2. Plaintiffs contend that the Rose Statement implied that "if College Republicans speak, then the government will shut them down to avoid the political consequences of facing the very same angry mob whom Defendants' own actions encouraged." Resp. at 18. Regardless of whether that implication is correct, the Rose Statement does not demonstrate Rose's involvement in the speech suppression claim, as nothing in it establishes that Rose was personally directing UPD or was planning to cancel the Laffer Event. *See* Rose Statement at 2–3. Indeed, Rose does not even mention the Laffer Event. *See id.*

As the evidence before the Court does not establish a genuine dispute of material fact, Rose is entitled to summary judgment on the speech suppression claim.

*3. First Amendment Retaliation Claims*

Plaintiffs allege that "Stenger, Rose, and [the] Student Association unconstitutionally retaliated against College Republicans by (i) depriving College Republicans of the ability to receive university funding and reserve rooms to host expressive events, and (ii) suspending College Republicans while failing to hold PLOT and College Progressives accountable for disrupting the Tabling and Laffer Events." Resp. at 21; *see* Am. Compl. ¶¶ 165–69. Defendants argue they are entitled to summary judgment.

"A plaintiff asserting a First Amendment retaliation claim must establish that: '(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech.'" *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (quoting *Cox v. Warwick Valley Cent. School Dist.*, 654 F.3d 267, 272 (2d Cir.2011)). The Court addresses each element in turn.

a. Protected Speech

"Generally, speech on any matter of political, social, or other concern to the community is protected by the First Amendment." *Tolbert v. Rochester City Sch. Dist.*, No. 19-CV-6433, 2020 WL 1467280, at *6 (W.D.N.Y. Mar. 26, 2020) (quoting *Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 252 (2d Cir. 2006)). Here, there is no real debate that both Dr. Laffer's lecture and the College Republicans' promotion of it during the Tabling Event (as well as their promotion of gun rights) was protected speech. *See Ctr. for Bio-Ethical Reform*, 234 F. Supp. 3d at 428, 435 (finding "photo-murals with large, horrific images [] compar[ing] abortion to historically-recognized genocides" on a university campus was protected speech).

Accordingly, the College Republicans' speech during the Laffer Event and Tabling Event was protected speech.

b. Adverse Action

Defendants argue that Plaintiffs did not suffer any adverse action because the suspension of College Republicans' B-There account did not chill their speech and the failure to hold the protesters accountable does not amount to an adverse action. *See* Rose Mot. at 15–17; Stenger Mot. at 15–17.

"[A]n adverse action in a First Amendment retaliation case is 'conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.'" *Cox*, 654 F.3d at 273 (quoting *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006). The standard is "objective." *Id.*

Defendants present uncontroverted evidence that the College Republicans conducted tabling and other events just months after the suspension of their B-There account. *See* Rose SMF ¶ 199–200. Although this is indicative of whether the College Republicans were *subjectively* chilled, this is less relevant to whether the action would *objectively* chill "a similarly situated individual of ordinary firmness." *Cox*, 654 F.3d at 273; *see Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) ("[O]ur Circuit has permitted retaliation claims to proceed when a reasonable [person] would be deterred, even though the particular plaintiff continued to [exercise speech]").

Objectively, a student organization's suspension from booking tabling spots and rooms for events would prevent the student organization from exercising protected speech in those manners. Even if the suspension was practically unenforced, a reasonable student organization faced with such a suspension would likely be chilled at the face of such a sanction. Accordingly,

the Court finds that the suspension of the College Republicans' B-There account for one academic year is an adverse action.

Insofar as Plaintiffs allege that Defendants' failure to prosecute the College Progressives constitutes an adverse action, this claim fails. There is no evidence of the Speech Suppression Policy, and the alleged failure to investigate or prosecute in this one instance is insufficient to state a claim. *See Toran v. County of Nassau*, No. 21-CV-5159, 2024 WL 1158982, at *7 (E.D.N.Y. Mar. 18, 2024) (finding no adverse action when "defendants failed to investigate and prosecute criminal complaints").[8]

c. Causal Connection

Finally, Plaintiff must establish that "there was a causal connection between this adverse action and the protected speech." *Cox*, 654 F.3d at 272. This requires a plaintiff to show "some evidence of retaliatory intent to cause the adverse effect." *Brandon*, 938 F.3d at 40. A causal connection for retaliation claims can be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence . . . ; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)).

*i. The Student Association*

The Student Association argues that there is no causal connection between the B-There sanction and the protected speech because it acted consistently with its policies regarding the

---

[8] Plaintiffs also seem to suggest that they suffered an adverse action when Defendants restricted their funds after they failed to re-register their organization. Since the Court finds that there is no causal connection to the restriction of the College Republicans' funds after their failure to register, *see infra* Part IV.B.3.c.i., the Court need not determine whether the restriction of funds constitutes an adverse action.

tabling requirements. SA Mot. at 8. Conversely, Plaintiffs argue that there is sufficient evidence to conclude that the Student Association sanctioned the College Republicans because of their viewpoints. Resp. at 26–28. The Court finds there is a genuine dispute of material fact as to whether the B-There sanction imposed by the Student Association was a result of retaliation for Plaintiffs' exercise of protected speech.

For one, there is evidence that the reservation requirement was unclear and not straightforward to apply. *See* Rose Dep. 157:16–17 ("I didn't believe the existing language was as clear as it could be."). Further, Plaintiffs have shown that the Spine is a large area with plenty of space to table, and groups are able to table in some parts of the Spine without a prior reservation. PSAF ¶ 19. Indeed, the record is far from clear as to which parts of the Spine require reservation and which parts do not. Defendants contend that the College Republicans' table was a clear violation because it prevented Hillel, another student group, from tabling on the Spine. But given the vast amount of space on the Spine, as well as the difficulty of knowing how and where the reservation requirement applied, Defendants' contention is dubious. Moreover, Defendants acknowledge that the College Republicans would have been allowed to exercise their speech without a reservation if "they did not have a table." Rose SMF ¶ 70.

Further, Plaintiffs have presented evidence that shows inconsistent enforcement of their policies, suggesting that the Student Association used the reservation policy as a pretext to discipline the College Republicans based on animus toward their viewpoint. The primary support comes from the fact that the Student Association refused to sanction the College Progressives. The facts show that the Student Association had possession of the Protest Letter, showing their participation in the protest. Rose SMF ¶ 189; Dkt. No. 313-38. While the Student Association disputed the authenticity of the letter, SA SMF ¶ 19; Resp. to SA SMF ¶ 19, they did not conduct

Case: 26-2294, 08/27/2026, DktEntry: 21.1, Page 157 of 165

any investigation into the College Progressives' actions. Resp. to SA SMF 10. According to Rose's testimony, the Student Association was "afraid to take action against the [College] Progressive[s] because they were white and they were afraid of being painted as racist." Rose Dep. at 128:22–24. There is also evidence that one of the Student Association staff members was loosely involved with the College Progressives' plans to disrupt, and that the Student Association tried to cancel the Laffer Event by imposing the B-There sanction. *See* Resp. to SA SMF ¶ 10; PSAF ¶ 30; Dkt. No. 327-20 at 2–3. Accordingly, Plaintiffs' evidence creates a genuine dispute of material fact as to whether the Student Association retaliated against the College Republicans because they exercised protected speech. Summary judgment on the retaliation claim against the Student Association with regard to the suspension of their B-There account is denied.

However, insofar as the College Republicans' claim extends to the freezing of their funding, the Court finds no causal connection exists. The suspension of their B-There account did not affect their funding. SA SMF ¶ 11. The uncontroverted facts show that the College Republicans failed to re-register, leading to the administrative sanction of freezing their account. Rose SMF ¶ 203; SA SMF ¶ 14. In any event, the College Republicans were able to submit late registration and regain access to their account shortly thereafter. SA SMF ¶¶ 15–16. Therefore, summary judgment is granted on the retaliation claim insofar as it relates to the freezing of College Republicans' funding.

*ii. Stenger*

With respect to the First Amendment retaliation claim against Stenger, he argues there is no causation because he did not issue the B-There sanction and did not have the authority to lift the sanction or discipline the protesters. Stenger Mot. at 15–16. Stenger also contends that even if he had the authority, he was not personally involved as a supervisor. *Id.* at 20–22. Conversely,

Plaintiffs argue that Stenger not only had the authority to lift the sanction but also used that authority by directing that there be no discipline towards the College Progressives. Resp. at 22–26. The Court finds that Stenger was not personally involved in the B-There sanction; thus, Plaintiffs have not presented a genuine dispute of material fact as to whether Stenger retaliated against the College Republicans based on their protected speech.

Initially, Plaintiffs contend that Stenger had the authority under New York law to lift the sanction and discipline the individual protesters. First, Plaintiffs point to New York law, which declares that the "chief administrative officer at each State-operated institution shall be responsible for the enforcement" of anyone who "deliberately interfere[s] with the freedom of any person to express his views, including invited speakers." N.Y. Comp. Codes R. & Regs. ("N.Y.C.C.R.R.") tit. 8, § 535.10, 535.3(i); *see* Resp. at 22. This can include imposing "disciplinary action" to any disrupter. 8 N.Y.C.C.R.R. § 535.5(c). Plaintiffs also state that Stenger and the University's administration had control over the Student Association because they had the power to limit its finances and thereby influence its decisions. *See* Resp. to Stenger SMF ¶ 51.

However, the Court need not determine whether Stenger had the authority to override the Student Association's disciplinary decisions. Even if the disciplining of student organizations fell within Stenger's authority, this alone does not demonstrate that he was personally involved in the Student Association's decision to sanction the College Republicans. To find Stenger liable, a violation must be based on his "own individual actions," not his supervisory authority. *Tangreti*, 983 F.3d at 618. The mere power to exercise control over the Student Association is not sufficient.

Plaintiffs contend that Stenger is liable for his individual actions because he ordered Pelletier and Rose not to take disciplinary action on any of the individual students. Although Stenger asserts that he only made his "personal desire" known, Stenger SMF ¶ 96, Pelletier and Rose nonetheless followed his directions as if it was a command from a superior. *See* Rose SMF ¶¶ 178–79; Pelletier SMF ¶¶ 129–32; Dkt. No. 327-7 ("Pelletier Deposition") at 255:11–13 ("I'm management confidential, work at the pleasure of the president."); Rose Dep. at 86:20–22 ("[O]nce my boss tells me that's not the way I prefer to go, I'm typically going to try to support that position."). As Pelletier testified, once Stenger made his preference known, UPD did not follow through on charges for any of the proposed individuals, nor did Rose take disciplinary action against any of the students. Pelletier Dep. at 240:1–8; Dkt. No. 327-12 ("Gallagher Deposition") at 113:16–24 ("We were instructed that we weren't going to be filing charges with any subjects because [Pelletier] told the investigators that arrests weren't going to happen. . . . President Stenger did not want them arrested."); Rose SMF ¶ 179–82.[9]

However, although Stenger's directions to Pelletier and Rose demonstrate his personal involvement in the decision not to discipline individual students, it is not sufficient to show Stenger's personal involvement in the disciplining of the College Republicans. There is no evidence in the record that Stenger exerted any influence over the Student Association. Indeed, there is no link between Stenger's individual actions and the Student Association's decision to sanction the College Republicans. Summary judgment on the retaliation claim against Stenger in his individual capacity is granted.

[9] As noted previously, the alleged failure to investigate or prosecute one instance is insufficient to state a claim. *See Toran*, 2024 WL 1158982, at *7 ("Courts have found similar allegations that defendants failed to investigate and prosecute criminal complaints were insufficient to plausibly allege a First Amendment retaliation claim.").

Case: 26-2294, 08/27/2026, DktEntry: 21.1 (160 of 165)

*iii. Rose*

Rose likewise argues he is entitled to summary judgment on the retaliation claim. Rose Mot. at 15–17. Plaintiffs argue that, like Stenger, Rose also had the authority to lift the B-There sanction and discipline College Progressives but did not, which indicates that the sanction was applied to retaliate against Plaintiffs' speech. The Court disagrees, and grants Rose summary judgment on the retaliation claim.

Plaintiffs argue that Rose's decision not to pursue individual student charges against College Progressives members after the Tabling Event was an example of the Speech Suppression Policy. Resp. to Rose SMF ¶ 115. Yet, as noted above, Plaintiffs have not satisfied their evidentiary burden of proving this unwritten policy exists. *See supra* Part IV.B.1.a.

Plaintiffs also contend that Rose was afraid that "the College Progressives and their allies would attack him if he were to enforce College Republicans free speech rights." Resp. to Rose SMF ¶ 116. However, this is not supported by the evidence. Plaintiffs' support for this proposition is only the Rose Deposition, where Rose instead states his concern was that it would take months before a hearing would occur and it would not de-escalate the current tensions. *See* Rose Dep. at 28:20–29:13; Rose SMF ¶ 116.

Plaintiffs argue that the Rose Statement after the Tabling Event provides support for the inference that the B-There sanction was applied (and not withdrawn) in retaliation for the College Republicans' protected speech. Resp. to Rose SMF ¶ 117. Plaintiffs contend that this is evidence that Rose disagreed with their speech, as Rose called the College Republicans' peaceful promotion of Second Amendment rights "provocative" and described the College Progressives as "[c]ounter-protesters." Rose Statement at 2. Plaintiffs argue that Rose acknowledged

disciplining protesters on other occasions, but that he would not discipline the College Progressives because Defendants disagreed with their viewpoint. Resp. to Rose SMF ¶ 117.

The Rose Statement alone does not create a dispute of material fact that Rose failed to override the Student Association's imposed sanction because of the College Republicans' speech. For one, Rose was neither involved nor consulted about the decision to revoke the College Republicans' B-There account. Rose SMF ¶ 187 (undisputed). Additionally, Rose's description of the College Republicans' poster as "provocative" does not automatically amount to viewpoint discrimination. Indeed, Rose states that had the University been given advanced notice, it would have had the opportunity to plan "in a manner that may have facilitated expressive activity" of their "provocative presentation." Rose Statement at 3. The reference to the "provocative" display was not to retaliate against their viewpoint; it was reminding the College Republicans they need to register their table in advance so that the University can be better prepared to protect their speech if it is likely to be protested. Consequently, Plaintiffs' interpretation of the Rose Statement as retaliating against the College Republicans for being "provocative" is distorted.

Furthermore, Rose's actions after the Laffer Event dispel any notion that he explicitly allowed the sanction to remain due to the College Republicans' viewpoint. In fact, Rose was initially in favor of pressing charges against the protesters. Even assuming Rose has the same authority as Stenger, Rose's individual involvement consisted almost exclusively of his attempt to convince the Student Association to lift the sanctions on the College Republicans and to sanction College Progressives. Rose SMF ¶¶ 191, 194.

Plaintiffs nevertheless argue that Rose's failure to override Stenger and the Student Association's decision amounted to a constitutional violation. *See* Resp. at 23–26. But Plaintiffs

provide no support for the assertion that a University Vice President's failure to override the President's decision amounts to a constitutional violation. Indeed, the Court finds that Rose's efforts (albeit ultimately unsuccessful) to convince the Student Association of sanctioning College Progressives—which are undisputed by Plaintiffs—lean against finding a constitutional violation. Since the Court finds that there is no constitutional violation, it needed not address Rose's qualified immunity argument.

Accordingly, Rose is entitled to summary judgment on the retaliation claim.

*4. Fourteenth Amendment Equal Protection Claims*

As noted in the August 2021 Order, "When a plaintiff's equal protection claims are based on alleged First Amendment violations, the former coalesce with the latter." Aug. 2021 Ord. at 30 (quoting *Gentile v. Nulty*, 769 F. Supp. 2d 573, 582–83 (S.D.N.Y. 2011)) (cleaned up).

Because the Court granted Stenger and Rose summary judgment on the First Amendment claims, it must similarly grant summary judgment with respect to the Equal Protection claim. The Court denied summary judgment on the respective First Amendment claims against Pelletier and the Student Association, so the Court denies summary judgment with respect to the Equal Protection claims against them.

*5. Damages*

Rose and Pelletier argue that Plaintiffs are not entitled to certain damages. Rose Mot. at 23; Pelletier Mot. at 22–23. As the Court has already granted Rose summary judgment on the claims against him, the Court need not address his argument.

Pelletier argues the claim against him does not support an award of punitive damages. Pelletier Mot. at 22–23. "Punitive damages are meant to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Milfort v. Prevete*, 3 F. Supp. 3d

Case: 26-2294, 08/27/2026, DktEntry: 21.1 (163 of 165)

14, 23 (E.D.N.Y. 2014) (internal quotations omitted). "To be entitled to an award of punitive damages, a claimant must show a 'positive element of conscious wrongdoing.'" *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 121 (2d Cir. 2006) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 538 (1999)).

Pelletier contends that an "evil motive or callous indifference" cannot be inferred from his conduct. Pelletier Mot. at 23. With reference to the above discussion, the Court finds there to be sufficient evidence for a jury to infer an element of conscious wrongdoing. Indeed, drawing all inferences in favor of Plaintiffs, Pelletier's preparation for the Laffer Event was designed to cancel Dr. Laffer's speech, which implies conscious wrongdoing or at least indifference. *See supra* Part IV.B.2.a; *see also* Dkt. No. 327-19 at 14 ("UPD seemed indifferent to the planning of this event"). Pelletier's mental state is further supported by Pelletier "quite forceful[ly]" telling Dr. Laffer "to return to [his] plane." Laffer Dep. at 45:19, 45:4–7; *cf. Kenney v. Clay*, 172 F. Supp. 3d 628, 642 (N.D.N.Y. 2016) (finding the plaintiff's claim for punitive damages survives for trial when the defendants action involved "substantial coercion").

Pelletier also contends that there is no deterrence effect since he has already retired from UPD. This argument is misplaced. The deterrence effect behind punitive damages is not designed just to deter him personally, but also to "deter *others* from similar behavior." *Milfort*, 3 F. Supp. 3d at 23 (emphasis added) (quoting *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 309 (S.D.N.Y. 2001); *see Smith v. Wade*, 461 U.S. 30, 54, (1983) ("Punitive damages are awarded in the jury's discretion to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future.") (cleaned up). Accordingly, the Court declines to grant summary judgment on the issue of punitive damages.

Case: 26-2294, 08/27/2026, DktEntry: 21.1 (164 of 165)

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Motion to Substitute, Dkt. No. 343, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff Rein Bey is **TERMINATED** as a party in this action; and it is further

**ORDERED**, that the Clerk **ADD** Shane Rossi, in his official capacity as President of the College Republicans of Binghamton University, as a party to this action; and it is further

**ORDERED**, that the Pelletier Motion for summary judgment, Dkt. No. 307, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that the Stenger Motion for summary judgment, Dkt. No. 308, is **GRANTED**; and it is further

**ORDERED**, that the Student Association Motion for summary judgment, Dkt. No. 311, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that the Rose Motion for summary judgment, Dkt. No. 313, is **GRANTED**; and it is further

**ORDERED**, that the following claims are **DISMISSED**: all claims against Defendants Stenger, Rose, and Pelletier in their official capacities; all claims seeking declaratory and injunctive relief; the First Amendment speech suppression claim against Rose in his individual capacity; the First Amendment retaliation claim against Stenger and Rose in their individual capacities; and the Fourteenth Amendment equal protection claim against Stenger and Rose in their individual capacities; and it is further

**ORDERED**, that Defendants Harvey Stenger and Brian Rose are **TERMINATED** from the docket; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 20, 2025
Albany, New York

LAWRENCE E. KAHN
United States District Judge